Rick L. McKnight (State Bar No. 55183)
fmcknight@jonesday.com
Charlotte S. Wasserstein (State Bar No. 279442)
cswasserstein@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  +1.213.489.3939
Facsimile:   +1.213.243.2539

Theodore M. Grossman (*pro hac vice forthcoming*)
tgrossman@JonesDay.com
Sharyl A. Reisman (*pro hac vice forthcoming*)
sareisman@jonesday.com
JONES DAY
222 East 41st Street
New York, NY  10017.6702
Telephone:  +1.212.326.3939
Facsimile:   +1.212.755.7306

*Attorneys for Defendants*
 [Additional Counsel Listed on Next Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNA PARK-KIM, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DAIKIN INDUSTRIES, LTD., DAIKIN APPLIED AMERICAS INC., F/K/A MCQUAY INTERNATIONAL, DAIKIN NORTH AMERICA LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 15-CV-9523<br><br>**NOTICE OF REMOVAL** |

Richard J. Bedell (*pro hac vice forthcoming*)
rjbedell@jonesday.com
Louis A. Chaiten (*pro hac vice forthcoming*)
lachaiten@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:   216.586.3939
Facsimile:   216.579.0212

## NOTICE OF REMOVAL

Please take notice that Defendants Daikin Industries, Ltd., Daikin Applied Americas Inc., and Daikin North America, LLC (collectively, "Daikin" or "Defendants," but referred to separately wherever appropriate) hereby remove the above-captioned action (the "Action") to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, this Action is removed properly to this Court because Daikin has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), the codification of the Class Action Fairness Act. This Court, pursuant to 28 U.S.C. § 1332(a), also has "traditional" diversity jurisdiction over the Action.

## BACKGROUND

1. On or about November 6, 2015, Plaintiff Joanna Park-Kim commenced this action by filing a Class Action Complaint ("Complaint") against Daikin in the Superior Court of the State of California, County of Los Angeles. Based on alleged defects in Daikin-brand air conditioning units, Plaintiff seeks recovery for: (1) strict liability: failure to warn; (2) strict liability: manufacturing defect; (3) strict liability: design defect; (4) negligence; (5) breach of express warranty; (6) breach of implied warranty of fitness; (7) breach of implied warranty of merchantability; (8) violations of California Business & Professions Code § 17200, *et seq.*; and (9) violations of California Civil Code § 896(g)(5). Among other relief, Plaintiff seeks general and special damages, restitution, injunctive relief, punitive damages, and costs and expenses, including attorneys' fees. (*See* attached as Exhibit A, the Class Action Complaint ("Compl.") and accompanying documents.)

2. For each of her claims, Plaintiff seeks certification of a class defined as "[a]ll individual, entity and associations of owners in the State of California who

own HVAC units with Daikin Coils installed in them." (Compl. ¶ 14.) In addition, Plaintiff seeks certification of the following "subclass": "[a]ll individual, entity and associations of owners of originally constructed individual dwelling units, other than condominium conversions, in the State of California in which purchase agreements for the individual dwelling units were signed by the original seller on or after November 6, 2005 and in which the residential units had installed as part of the original construction HVAC units with Daikin Coils installed in them." (*Id.* ¶ 15.)

3.  Purported service of the complaint occurred on November 9, 2015 for Daikin Applied Americas Inc. and on November 10, 2015 for Daikin North America LLC. Defendant Daikin Industries, Ltd. has not been served.[1] Consequently, this removal petition is timely filed. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of service).

4.  Removal to the Central District of California is proper because this District includes Los Angeles County, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that the Central District of California, Western Division includes Los Angeles County).

5.  Defendants will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Los Angeles, and will serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT**

6.  This Court has original jurisdiction over Plaintiff's action pursuant to the Class Action Fairness Act ("CAFA"). Under CAFA, federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28

---

[1] Daikin files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court, including, without limitation, challenges to service and personal jurisdiction.

U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more, *id*. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," *id*. §§ 1332(d)(2) & 1332(d)(6). Each of these requirements is satisfied here.

7.   As a threshold matter, the Action is a proposed "class action" as defined by CAFA, *i.e.*, a case brought by a representative of a putative class and filed in state court pursuant to a statute or rule authorizing such a class. 28 U.S.C. § 1332(d)(1)(B); *see also College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 39-40 (1st Cir. 2009) (holding that CAFA class actions "need only be 'filed under' *either* Federal Rule of Civil Procedure 23 or some state-law analogue of that rule"). Plaintiff's Action falls within CAFA's parameters. (Compl. ¶¶ 14-15.) She characterizes this suit as a "class action" in which she seeks to represent a class of supposedly similarly situated people on a statewide basis. (*Id*. ¶¶ 1, 14-15.)

8.   Plaintiff's Action also meets CAFA's diversity requirement. Plaintiff is a putative class representative and class member who is a citizen of a state different from any one Defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, whose home is in Los Angeles County, is a citizen of California. (*See* Compl. ¶¶ 1, 28, 33.) Daikin Industries, Ltd. is a Japanese company headquartered in Osaka, Japan.[2] 28 U.S.C. § 1332(c)(1). Its Japanese citizenship clearly diverges from Plaintiff's California citizenship.[3]

---

[2] Defendants have not burdened the Court with unnecessary evidentiary submissions in support of the factual assertions in its Notice of Removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (for removal purposes, "[a] statement 'short and plain' need not contain evidentiary submissions"). Defendants will make such submissions at the Court's request, or if Plaintiff moves to remand the case to state court.

[3] Likewise, as explained in paragraphs 22-23, *infra*, neither Daikin Applied Americas Inc. nor Daikin North America, LLC is a citizen of California.

9. The requirement that the number of class plaintiffs exceed 100, *see* 28 U.S.C. § 1332(d)(5)(B), is met by Plaintiff's assertion of her class action on a statewide basis (Compl. ¶¶ 14-15), and Daikin's records indicating that the number of putative class members exceeds 100. (*See* paragraph 12, *infra*.)

10. Finally, although Daikin concedes no liability for Plaintiff's claims, does not concede the propriety or breadth of the class as alleged by Plaintiff, and does not concede that any of Plaintiff's claims has merit, as set out below, the allegations in the Complaint demonstrate that the aggregated value of the "claims of the individual class members . . . exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2). Thus, the amount-in-controversy requirement under CAFA is also satisfied.

11. Plaintiff seeks to represent individuals in California who own Daikin residential heating, ventilation, and air conditioning units—which she claims are defective. (Compl. ¶¶ 5-6, 14-15, 30.) More specifically, Plaintiff pleads that the evaporator coils in Daikin residential heating, ventilation, and air conditioning units ("Daikin Coils") are defective. (*Id.*[4]) Although Daikin disputes the validity of any of Plaintiff's claims, following CAFA's aggregation directive, it is clear that the value of the product defect claims alleged by Plaintiff (*i.e.*, the amount in controversy) could surpass $5,000,000.

12. Daikin manufactures, among other products, certain air conditioning systems and components suitable for residential use. Among other types of residential systems, Daikin manufactures a ductless split-system, where the outdoor unit is a condenser and the corresponding indoor unit contains an evaporator coil. Between 2010 and 2015, over 22,000 Daikin ductless split system units were

---

[4] Paragraph 15 of the Complaint, for example, defines Plaintiff's subclass as including "[a]ll individual[s] . . . in the State of California in which purchase agreements for the individual dwelling units were signed by the original seller on or after November 6, 2005" with "Daikin Coils installed in them." Paragraphs 5 and 6, respectively, allege that "Daikin coils fail to properly operate under normal conditions" due to "an unavoidable consequence of their design."

shipped to California; additional units were shipped to California between 2006-2010.[5] Plaintiff pleads that she and the purported class members each individually incurred damages in the form of "injury and/or substantial property damage due to the defective Daikin Coils," "diminished . . . value" of their homes, "and the repairs for the damages caused by Daikin Coils," which Plaintiff alleges are "significant." (Compl. ¶¶ 32-33.) Based solely on Plaintiff's pleading, she is claiming damages for each of the thousands of putative class members, whose claims are purportedly "typical" of her own. (*Id.* ¶¶ 21, 32-33.)

13. Plaintiff does not quantify any of these alleged damages, but alleges that the Daikin Coils are "defective" in that they allegedly "leak ever-increasing amounts of refrigerant . . . leading to costly repairs, and eventually, the total failure of the Daikin Coils." (Compl. ¶¶ 5-6.) She alleges that "repairs for the damages caused by Daikin Coils are significant." (*Id.* ¶ 33.)

14. Daikin manufactures components of air-conditioning systems; an independent contractor installs or repairs air conditioning systems in residences. According to certain third-party websites, replacing an evaporator coil can cost between $650 and $1200 per unit. *See, e.g.*, Central Air Conditioner Prices, http://www.centralairconditionerprice.com/#repair (last visited December 1, 2015) (listing the labor cost to install a replacement evaporator coil at between $650 and $1200).[6] Thus, multiplication of $650 (the lowest range of this estimate) by 22,000 potential class members (an underestimation of the potential class members in the

---

[5] The Daikin website includes a listing of other residential products sold, some of which were sold in California during some or all of the period between 2006-2015. http://daikincomfort.com/residential.

[6] At the time of purchase, consumers have the option of purchasing an extended service agreement that covers labor costs in the event the unit requires repairs. When the evaporator coil replacement is covered under a Daikin-authorized extended service agreement, Daikin pays the authorized contractor approximately $360 for performing an evaporator coil replacement. The service rate that Daikin pays to the contractor under the extended service program is less than a homeowner (without extended service agreement coverage) would have to pay the contractor. Even using this figure, which would understate the amount in controversy, the compensatory damages total would approach $8 million.

class as defined by Plaintiff) yields a compensatory damages total of over $14 million.[7] Damages of only $228 per potential class member (using these "low-end" numbers) could yield an aggregate compensatory damages in excess of $5,000,000.[8] This figure also does not take into account that Plaintiff seeks damages for diminution in home value on behalf of herself and the putative classes (Compl. ¶ 33), which will also count towards the amount in controversy.

15. Moreover, Plaintiff seeks attorneys' fees, which must be considered as part of the removal analysis and would further increase the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (holding that attorneys' fees must be considered in determining jurisdictional threshold under CAFA); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees are considered in calculating the amount in controversy for purposes of CAFA jurisdiction when they are made specifically available by statute. *Galt G/S*, 142 F.3d at 1156. This requirement is met here. Plaintiff has explicitly requested an award of "attorneys' fees" (Compl. Prayer for Relief ¶ 8), although the basis for demanding attorneys' fees is not clear from the Complaint (and is disputed by Defendants). Attorneys' fees equal to 25% or more of the total damages are frequently deemed reasonable for purposes of calculating the amount in controversy under CAFA. *E.g.*, *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL

---

[7] When determining the amount in controversy for purposes of CAFA jurisdiction, the question is not whether the damages *are* greater than the requisite amount, but whether they "*could* exceed $5 million." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (emphasis added); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.") (internal quotation marks omitted). Here the question is not whether the class *does* consist of 22,000 members, but rather whether, under Plaintiff's proffered class definition, it *legally might*.

[8] It is proper to use this figure to aggregate the damages allegedly suffered by each putative class member to determine the amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

4931756, at *7 (N.D. Cal. Aug. 18, 2015). Factoring in an award of attorneys' fees equivalent to 25% of a compensatory damages award drops the damages-per-prospective-class-member needed to satisfy the $5,000,000 jurisdictional minimum to $182.[9]

16.    Potential punitive damages must also be factored in when determining the amount in controversy. *Anderson v. Seaworld Parks & Entm't, Inc.*, --F.3d--, 2015 WL 5612499, at *2 (N.D. Cal. Sept. 24, 2015). While Defendants dispute Plaintiff's entitlement to any damages, let alone punitive damages, here, Plaintiff alleges that Daikin acted "intentionally, maliciously and oppressively" and with "conscious disregard of the rights of" Plaintiff and the putative classes "so as to constitute oppression, fraud or malice." (*See* Compl. ¶ 45.) She thus seeks an award of "punitive damages." (*Id.* Prayer for Relief ¶ 9); *see also* Cal. Civ. Code § 3294 ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."). Thus, because Plaintiff seeks punitive damages, the potential compensatory damages at issue need only be a fraction—even as little as one-ninth or less—of $5,000,000 in order for the CAFA amount-in-controversy to be met. This means that actual potential damages here need only total $20 (or less) per potential class member in order for the amount-in-controversy requirement to be met.[10]

---

[9] One-hundred and eighty-two dollars multiplied by 22,000 potential class members is $4,004,000. Tacking on attorneys' fees of 25% yields a total award of $5,005,000.

[10] Twenty dollars multiplied by 22,000 potential class members is $440,000 in actual damages. Punitive damages equal to nine times actual damages would totally $3,960,000, for a combined damages award of $4,400,000. Adding a 25% award for attorneys' fees yields an amount in controversy of $5,500,000.

17. Because CAFA provides this Court with original jurisdiction over this matter, this case is appropriately removed to federal court.

**REMOVAL BASED ON TRADITIONAL DIVERSITY JURISDICTION**

18. Defendants also have a basis for removal independent of CAFA. This Court has original jurisdiction because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

19. For purposes of a § 1332 analysis, Plaintiff, whose home is in Los Angeles County, is a citizen of California. (*See* Compl. ¶¶ 1, 28, 33.)

20. Defendants, collectively, are citizens of Japan, Minnesota, Delaware, and Texas.

21. Defendant Daikin Industries, Ltd. is a Japanese corporation with its principal place of business in Osaka, Japan. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

22. Defendant Daikin Applied Americas, Inc. is a Delaware corporation with its principal place of business in Minnesota. (*See* Compl. ¶ 2.)

23. Defendant Daikin North America, LLC, is a Delaware limited liability company with its principal place of business in Texas, and therefore a citizen of both Delaware and Texas. (*See* Compl. ¶ 2.) Daikin North America, LLC's single member, Goodman Global Holdings, Inc., is a Delaware corporation with its principal place of business in Texas, and therefore a citizen of both Delaware and Texas.

24. Thus, diversity of citizenship exists between these Japan, Texas, Minnesota, and Delaware Defendants and the California Plaintiff.

25. The $75,000 amount-in-controversy requirement under § 1332(a) is also met here. Plaintiff seeks relief including general, special, and punitive

damages, along with "any other available penalties" (Compl. Prayer for Relief ¶¶ 2, 3, 6, 9); restitution; and attorneys' fees and costs (*id.* Prayer for Relief ¶¶ 4, 7, 8). Plaintiff's non-exclusive list of alleged actual damages includes diminution in home value and "significant" damage due to allegedly failed Daikin evaporator coils. (*Id.* ¶¶ 32-33.) Although Plaintiff does not quantify each, or any, of these, a mere subset could represent thousands of dollars.[11] Assuming, as above, an award of punitive damages and attorneys' fees at the rate of 25%, the $75,000 amount-in-controversy requirement would be met even if Plaintiff's claims for actual damages were limited to $6000. In light of the foregoing, the monetary claims at issue exceed the amount-in-controversy threshold.

## RESERVATION OF RIGHTS

26. Daikin denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

27. Further, in making the allegations in this Notice of Removal, Daikin does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Nor does Daikin concede that Plaintiff's class is defined properly or that class certification is appropriate, and Daikin explicitly reserves the right to challenge the putative class at the appropriate time.

28. Daikin also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of this Action, Daikin expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this Action is removable.

---

[11] Plaintiff's Complaint is short on any plaintiff-specific facts and financial specifics, and Plaintiff fails to quantify the value of any of her claims.

29.   For the reasons stated above, Defendants remove this Action, Civil Case No. BC600497, currently pending in the Superior Court of the State of California, County of Los Angeles, to this Court.  Daikin respectfully requests that this Court assume jurisdiction over this matter and grant Daikin such other and further relief as this Court deems just and proper.

Dated:   December 9, 2015          JONES DAY

By: */s/ Rick L. McKnight*
      Rick L. McKnight

*Attorneys for Defendants*

NOTICE OF REMOVAL