1  Rick L. McKnight (State Bar No. 55183)
   fmcknight@jonesday.com
2  Charlotte S. Wasserstein (State Bar No. 279442)
   cswasserstein@jonesday.com
3  JONES DAY
   555 South Flower Street
4  Fiftieth Floor
   Los Angeles, CA  90071.2300
5  Telephone:  +1.213.489.3939
   Facsimile:   +1.213.243.2539
6
   Theodore M. Grossman (*pro hac vice*
7  *forthcoming*)
   tgrossman@jonesday.com
8  Sharyl A. Reisman (*pro hac vice forthcoming*)
   sareisman@jonesday.com
9  JONES DAY
   222 East 41st Street
10 New York, NY 10117
   Telephone:  (212) 326-3939
11
   *Attorneys for Defendants Daikin Applied Americas*
12 *Inc. and Daikin North America, LLC*
   [Additional Counsel Listed on Next Page]
13

14           **IN THE UNITED STATES DISTRICT COURT**

15        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16

17 | JOANNA PARK-KIM, individually | Case No. 2:15-cv-09523-CAS-KK
   | and on behalf of all others similarly |
18 | situated |
   | | Assigned to Hon. Christina A. Snyder
19 |         Plaintiff, |
   | | **MEMORANDUM OF POINTS AND**
20 |     v. | **AUTHORITIES IN SUPPORT OF**
   | | **MOTION TO DISMISS**
21 | DAIKIN INDUSTRIES, LTD., |
   | DAIKIN APPLIED AMERICAS | **Hearing Date: February 22, 2016**
22 | INC., F/K/A MCQUAY | **Hearing Time:  10:00 a.m.**
   | INTERNATIONAL, DAIKIN | **Location:  Courtroom No. 5**
23 | NORTH AMERICA LLC, and DOES | **Judge:  Hon. Christina Snyder**
   | 1 through 50, inclusive |
24 |         Defendants. |

25

26

27

28
                                              MEMO. IN SUPPORT OF MOTION TO DISMISS
                                                                           COMPLAINT

Richard J. Bedell (*pro hac vice forthcoming*)
rjbedell@jonesday.com
Louis A. Chaiten (*pro hac vice forthcoming*)
lachaiten@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:  216.586.3939
Facsimile:   216.579.0212

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... iii

INTRODUCTION .................................................................................. 1

SUMMARY OF THE ALLEGATIONS ................................................ 3

LEGAL STANDARD FOR DISMISSAL ............................................. 4

LEGAL ARGUMENT ........................................................................... 5

I.      PLAINTIFF'S ALLEGATIONS DO NOT SATISFY
        *TWOMBLY/IQBAL* ..................................................................... 5

II.     THE STRICT LIABILITY AND NEGLIGENCE CLAIMS ARE
        DEFICIENT AND MUST BE DISMISSED .................................. 6

        A.      The Economic Loss Doctrine Bars Plaintiff's Strict Liability and
                Negligence Claims ............................................................. 6

        B.      The Strict Liability-Failure to Warn Claim Is Defective ..... 7

        C.      The Strict Liability-Manufacturing Defect Claim Is Defective ... 8

        D.      The Strict Liability-Design Defect Claim Is Defective ....... 9

        E.      The Negligence Claim Is Defective .................................... 10

III.    THE BREACH OF EXPRESS WARRANTY CLAIM IS
        DEFECTIVE ................................................................................ 11

IV.     THE IMPLIED WARRANTY OF FITNESS CLAIM IS DEFECTIVE ..... 12

V.      THE IMPLIED WARRANTY OF MERCHANTABILITY CLAIM IS
        DEFECTIVE ................................................................................ 13

VI.     THE UCL CLAIM IS DEFECTIVE ............................................ 14

        A.      Plaintiff Lacks Standing to Assert a UCL Claim .............. 14

        B.      The Fraud Prong Claim Should Be Dismissed .................. 16

        C.      The Unfair Prong Claim Should Be Dismissed .................. 18

        D.      The Unlawful Prong Claim Should Be Dismissed ............. 19

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

VII.   THE SECTION 896 CLAIM IS DEFECTIVE ............................................. 20

CONCLUSION ...................................................................................................... 22

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

5
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................ 1, 4, 5, 6

6

7
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................ 4, 5, 15, 20

8

9
*Brown v. Carrington Mortgage Servs., LLC,*
    No. CV 12-6974 PA MRWx, 2013 WL 1196868 (C.D. Cal. Mar.

10
    25, 2013) ............................................................................................ 17

11

12
*Carrau v. Marvin Lumber & Cedar Co.*,
    93 Cal. App. 4th 281, 112 Cal. Rptr. 2d 869 (2001) ........................... 7

13

14
*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (1999) .................................. 14

15

16
*Cipollone v. Liggett Grp., Inc.*,
    505 U.S. 504 (1992) .......................................................................... 11

17

18
*Clark v. Countrywide Home Loans, Inc*.,
    732 F. Supp. 2d 1038 (E.D. Cal. 2010) .................................. 16, 19, 20

19

20
*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .................................................... 13, 14

21

22
*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (2006) ......................... 19

23

24
*Delodder v. Aerotek, Inc*.,
    No. CV 08-6044 CAS AGR, 2009 WL 3770670 (C.D. Cal. Nov. 9,

25
    2009) ................................................................................................. 16

26

27
*Dilley v. C.R. Bard, Inc.*,
    No. 14-cv-01795, 2014 WL 1338877 (C.D. Cal. Apr. 3, 2014) ........... 9

28

1

2

### TABLE OF AUTHORITIES
### (continued)

**Page**

3

4

5

*Griffith v. Bank of Am., N.A.,*
No. CV 11-5867 PA FFMx, 2011 WL 6849048 (C.D. Cal. Dec. 13,
2011) ........................................................................................................ 10

6

7

*In re Coordinated Latex Glove Litig.,*
99 Cal. App. 4th 594, 121 Cal. Rptr. 2d 301 (2002) ............................... 8

8

9

10

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*
*HDTV Television Litig.,*
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................ 13, 14, 18, 19

11

12

13

*James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.,*
No. SACV 11-1390-DOC, 2013 WL 655314 (C.D. Cal. Feb. 21,
2013) .................................................................................................. 14, 19

14

15

*Johns v. Bayer Corp.,*
No. 09CV1935, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ................. 15

16

17

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ............................................................... 16

18

19

20

*Kingsbury v. U.S. Greenfiber, LLC,*
No. 08-cv-00151, 2009 WL 2997389
(C.D. Cal. Sept. 14, 2009) .............................................. 7, 20, 21, 22

21

22

23

*Knoppel v. St. Jude Med. Inc.,*
No. SACV 13-383 JVS ANX, 2013 WL 3803612 (C.D. Cal. May
7, 2013) .................................................................................................. 11

24

25

*Lee v. Toyota Motor Sales, U.S.A., Inc.,*
992 F. Supp. 2d 962 (C.D. Cal. 2014) .............................................. 12, 17

26

27

28

*Mountain Club Owner's Ass'n v. Graybar Elec. Co.,*
No. Civ. 2:13-1835 WBS K, 2014 WL 130767 (E.D. Cal. Jan. 14,
2014) .................................................................................................... 9, 10

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

1
2

**TABLE OF AUTHORITIES**
**(continued)**

3

Page

4

*NuCal Foods, Inc. v. Quality Egg LLC*,
    918 F. Supp. 2d 1037 (E.D. Cal. 2013) ............................................... 13

5
6

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ................................................. 18

7
8
9

*Rios v. Bank of Am.*,
    No. 2:12-CV-02439-KJM-AC, 2013 WL 6199145 (E.D. Cal. Nov.
    27, 2013) .............................................................................................. 15

10
11
12

*Rogers v. Organon USA, Inc.*,
    No. 2:14-CV-1133 MCE DAD, 2014 WL 3853451 (E.D. Cal. Aug.
    5, 2014) ................................................................................................ 11

13
14

*Rosa v. City of Seaside*,
    675 F. Supp. 2d 1006 (2009) ............................................................ 7, 8

15
16

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ......................................................... 16, 17

17
18
19

*Tomek v. Apple, Inc.*,
    No. 2:11-CV-02700-MCE, 2012 WL 2857035 (E.D. Cal. July 11,
    2012) ............................................................................................... 11, 12

20
21
22

*Trabakoolas v. Watts Water Techs., Inc.*,
    No. 12-CV-01172-YGR, 2012 WL 2792441 (N.D. Cal. July 9,
    2012) ...................................................................................................... 8

23
24

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
    --F. Supp. 3d--, 2015 WL 4606077 (C.D. Cal. June 22, 2015) ............. 7

25
26

*Vaccarino v. Midland Nat'l Life Ins., Co.*,
    No. CV 11-05858 CAS MANx, 2011 WL 5593883 (C.D. Cal. Nov.
    14, 2011) .............................................................................................. 19

27
28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Vavak v. Abbott Labs., Inc.*,
    No. SACV 10-1995 JVS RZx, 2011 WL 10550065 (C.D. Cal. June
    17, 2011) ................................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................... 5, 16

*Warner v. Tinder Inc.*,
    --F. Supp. 3d--, 2015 WL 6777875 (C.D. Cal. July 31, 2015) .............. 14, 15, 16

*Wendell v. Johnson & Johnson*,
    No. C 09-04129, 2010 WL 271423 (N.D. Cal. Jan. 20, 2010) ........................ 10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ................................................. 16, 18, 19

*Woods v. Google, Inc.*,
    889 F. Supp. 2d 1182 (N.D. Cal. 2012) ........................................... 19

**STATUTES & RULES**

Cal. Civ. Bus. & Prof. Code § 17200 ........................................... *passim*

Cal. Civ. Code § 896 ........................................................ 20, 21, 22

Cal. Civ. Code § 910 ........................................................... 21

Cal. Civ. Code § 915 ........................................................... 22

Cal. Civ. Code § 916 ........................................................... 21

Cal. Civ. Code § 917 ........................................................... 21

Cal. Civ. Code § 918 ........................................................... 21

Cal. Civ. Code § 920 ........................................................... 22

Cal. Civ. Code § 921 ........................................................... 21

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

# TABLE OF AUTHORITIES
## (continued)

**Page**

Cal. Civ. Code § 927 ............................................................................22

Cal. Civ. Code § 931 ............................................................................22

Cal. Com. Code § 2315 .........................................................................13

Right to Repair Act, Cal. Civ. Code § 896 *et seq.* ..............................*passim*

Song-Beverly Act, Cal. Civ. Code § 1792, *et seq.* ...............................13

Fed. R. Civ. P. 9(b) ...............................................................1, 3, 4, 16, 17

Fed. R. Civ. P. 12(b)(6) ................................................................3, 4, 5

## OTHER AUTHORITIES

Cal. Com. Code § 2315 cmt. 2 ..............................................................13

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

This is a putative class action brought by Plaintiff Joanna Park-Kim alleging that evaporator coils ("Daikin Coils") in Daikin-brand heating, ventilation, and air conditioning units ("HVAC units") are defective because they are susceptible to leaks due to a specific form of corrosion known as formicary corrosion. Based on that allegation, she asserts nine claims and demands for, among other things, compensatory and punitive damages.

The complaint, however, suffers from a critical flaw which compels complete dismissal. The complaint lacks the factual allegations to establish—or even allow assessment of—her claim that Daikin Coils are defective, or that she experienced, let alone was harmed by, that defect. Among other things, she does not allege what type of HVAC unit she has or who manufactured it. Nor does she allege that her Daikin Coil leaked; that her Daikin Coil required repairs; that her HVAC unit and/or her Daikin Coil were covered by an express warranty and that any such warranty was breached; or that she suffered any injury, damages, or loss due to an evaporator coil leak, let alone a leak due to the alleged defect. And to the extent she alleges a violation of the fraud prong of California's Unfair Competition Law ("UCL"), Plaintiff's allegations do not satisfy the heightened pleading requirements of Rule 9(b).

Without such allegations, Defendants cannot begin to meaningfully investigate and respond to Plaintiff's complaint. Nor can Defendants evaluate the potential defenses it has to Plaintiff's complaint, including, among others, defenses premised on the statute of limitations or contractual defenses it may have. And Defendants cannot be asked to fill in the considerable gaps in Plaintiff's allegations by assuming basic facts that Plaintiff is in the best position to know and allege. Because Plaintiff's complaint comes "armed with nothing more than conclusions," and entirely lacks any well-pleaded facts, it must be dismissed in its entirety. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Moreover, each of Plaintiff's claims fails for additional, independent reasons.

*First*, Plaintiff's strict liability and negligence claims are barred by the economic loss doctrine, which precludes recovery in tort for purely economic losses, which, to the extent Plaintiff's allegations can be discerned, is all Plaintiff alleges here. These claims are deficient for other reasons as well. Count I (strict liability: failure to warn) fails because Plaintiff has not alleged a danger that Defendants failed to warn her about. Count II (strict liability: manufacturing defect) is deficient because Plaintiff does not allege facts showing that Daikin Coils are defective due to a flaw in a manufacturing processes. Count III (strict liability: design defect) fails because Plaintiff does not plausibly allege any danger posed by the product or any harm caused by the alleged defect. And Count IV (negligence) must be dismissed because Plaintiff does not allege that Defendants owed her a duty, or that she was harmed by any negligent act.

*Second*, Count V (breach of express warranty) is deficient for two reasons: (1) she does not allege the existence and coverage of her unit by any express warranty; and (2) she does not plausibly allege that Defendants breached an express warranty. Either deficiency requires dismissal.

*Third*, Plaintiff's breach of implied warranty claims (Counts VI and VII) likewise are deficient. Plaintiff fails to allege (1) privity between her and Defendants; or (2) an in-state and at-retail purchase. Plaintiff's implied warranty of fitness for a particular purpose claim fails for the additional reason that she does not allege that she purchased the Daikin air-conditioning product for a particular purpose.

*Fourth*, Plaintiff's claim under the UCL (Count VIII) is barred due to lack of standing. Further, Plaintiff has not stated a claim under any of the three prongs of the UCL: fraud, unfairness, or unlawfulness.

*Fifth and finally*, Plaintiff's claim under the Right to Repair Act, Cal. Civ. Code § 896 *et seq*. (the "Act") fails for several reasons. The Act does not apply to

claims of defects in products, like the one alleged here, unless that alleged defect is tied to a specific building standard.  Although Plaintiff attempts to allege a violation of such a standard, the standard Plaintiff identifies applies to builders and contractors who size and install air conditioners, not component-part manufacturers like Defendants.  Plaintiff's claim also should be dismissed because she did not comply with the pre-litigation requirements in the Act and because she does not allege that her home was built after 2003, a requirement of the Act.

In sum, defendants Daikin Applied Americas Inc. and Daikin North America, LLC (collectively, "Defendants")[1] respectfully request that the Court dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

## SUMMARY OF THE ALLEGATIONS

Plaintiff owns a residential condominium home in Los Angeles, California and owns a Daikin HVAC unit that contains a Daikin Coil.  (Compl. ¶¶ 1, 29.)  Beyond that allegation, Plaintiff provides no facts about her experiences with her HVAC unit or its evaporator coil.  As for her injury and damages, she summarily claims that she and putative class members "have suffered and/or are in danger of suffering substantial property damage," as well as "diminished" home value due to an alleged "defect[]" in Daikin-brand evaporator coils.  (*Id.* ¶¶ 32-33.)

Plaintiff claims that Daikin's evaporator coils are "defective" because they are "made of copper tubing, which is susceptible to a process called 'formicary corrosion.'"  (*Id.* ¶ 6.)  This corrosion, which she claims is caused by "organic compounds commonly found within the air of the home," allegedly causes the evaporator coils to leak refrigerant and ultimately fail.  (*Id.*)  Plaintiff does not allege whether her evaporator coil developed formicary corrosion, whether it leaked, or whether it failed, or whether she has incurred any out of pocket costs, injury or

---

[1] Defendants reserve the right to challenge whether Plaintiff has named the proper entities in this litigation.

damages of any sort.

Plaintiff also does not allege which of the named defendants—Daikin Industries Ltd., Daikin Applied Americas Inc., or Daikin North America LLC— designed, manufactured, marketed, sold, distributed, or warranted the Daikin Coils. Nor does she allege that she had any contact with any of the named defendants, or saw, much less relied upon, any representation from any named defendant.

Plaintiff purports to represent a putative class consisting of "[a]ll individual, entity or associations of owners in the State of California who own HVAC units with Daikin Coils installed in them." (*Id.* ¶ 14.) Plaintiff also purports to represent a subclass defined as follows:

> All individual, entity and associations of owners of originally constructed individual dwelling units, other than condominium conversions, in the State of California in which purchase agreements for the individual dwelling units were signed by the original seller on or after November 6, 2005 and in which the residential units had installed as part of the original construction HVAC units with Daikin Coils installed in them.

(*Id.* ¶ 15.)

## LEGAL STANDARD FOR DISMISSAL

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Iqbal*, 556 U.S. at 679 (holding that a claim must be facially plausible in order to survive a motion to dismiss); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

To satisfy the heightened pleading requirements of Federal Rule of Civil

Procedure Rule 9(b), which applies to Plaintiff's UCL-fraud claim, Plaintiff must allege "*more* than the neutral facts necessary to identify the transaction," including the who, what, when, where, and how of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

## LEGAL ARGUMENT

Plaintiff attempt**s** to plead nine claims against Daikin.  None of the claims can survive dismissal under Rule 12(b)(6).

## I. PLAINTIFF'S ALLEGATIONS DO NOT SATISFY *TWOMBLY/IQBAL*.

Plaintiff's entire complaint should be dismissed for its lack of "plausible," "*factual*" allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56 (emphasis added); *see also Iqbal*, 556 U.S. at 678, 681 ("'[N]aked assertion[s]' devoid of 'further factual enhancement' . . . disentitles them to the presumption of truth" (quoting *Twombly*, 550 U.S. at 557)).

Plaintiff alleges that Daikin Coils are "defective" in that they are susceptible to formicary corrosion which causes the coils to leak and ultimately fail.  (Compl. ¶ 6.)  And she claims that she "ha[s] suffered and/or [is] in danger of suffering injury" due to the alleged defect.  (*Id.* ¶ 32.)

These allegations, however, are just naked assertions of legal conclusions; her complaint is entirely devoid of well-pleaded *facts* that state plausible claims for relief.  While she claims to own a "residential condominium home" in Los Angeles and HVAC units with Daikin Coils (*id.* ¶¶ 1, 29), she does not allege that the Daikin Coil in her HVAC unit leaked, failed, was replaced, or otherwise exhibited the alleged defect.  She does not claim to have incurred any costs due to the alleged defect, nor does she claim any other injury beyond the entirely conclusory claim that her home has "diminished" in value.  (*Id.* ¶ 33.)  In other words, Plaintiff does not allege that the product she owned failed and was actually defective, or that she suffered any harm as a result.

Absent any such factual allegations, Defendants cannot even begin to

evaluate the substance of her claims, let alone meaningfully answer them.  For example, because Plaintiff does not allege when she purchased her condominium, if and when she purchased her Daikin Coil, when her Daikin Coil was installed, or when she experienced any alleged issue with her Daikin Coil (or what she experienced), Daikin cannot assess whether her claims are barred by the statute of limitations, or otherwise precluded.  Because Plaintiff does not allege whether, when, and how she acquired her Daikin product, what HVAC unit she owns, or who manufactured, designed, sold and/or warranted the unit, Daikin cannot evaluate, among other things, what unit is at issue, whether her evaporator coil was copper (as opposed to aluminum, which she does not claim is defective), whether it was covered by a warranty, what the terms of that warranty are, or whether the warranty coverage applies to her.  Likewise, because Plaintiff pleads absolutely no facts about any alleged failure, Daikin cannot determine, among other things, when any (or what type of) failure occurred, whether she made a warranty claim, whether she requested and received a replacement evaporator coil, and whether she paid anything out of pocket due to any alleged failure.

In sum, Plaintiff does not allege even the most basic facts underlying her claims, and thus her complaint should be dismissed in its entirety.  *Iqbal*, 556 U.S. at 681 ("[T]he conclusory nature of [Plaintiff's] allegations . . . disentitles them to the presumption of truth" and requires dismissal).

## II.   THE STRICT LIABILITY AND NEGLIGENCE CLAIMS ARE DEFICIENT AND MUST BE DISMISSED.

Plaintiff's strict liability and negligence claims are barred by the economic loss doctrine and should be dismissed.  They are deficient for other, independent reasons as well.

### A.   The Economic Loss Doctrine Bars Plaintiff's Strict Liability and Negligence Claims.

Plaintiff's strict liability claims (Counts I-III) and her negligence claim

(Count IV) are barred by the economic loss doctrine.[2]  The economic loss doctrine

precludes recovery for purely economic losses to the allegedly defective property,

"as opposed to damages involving physical harm to person or property."  *UMG*

*Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, --F. Supp. 3d--, 2015 WL 4606077, at

*4 (C.D. Cal. June 22, 2015) (internal quotation marks omitted).  Here, to the extent

Plaintiff's alleged damages can be discerned from the bare and conclusory

allegations, she is seeking only economic damages related to the alleged defect and

not recovery for other personal injury or property damage.  (Compl. ¶¶ 32-33.)

Such damages are barred by the economic loss doctrine.  The same is true of

Plaintiff's vague allegation of diminished value to her home (*id.* ¶ 33).  *Carrau v.*

*Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 294-95, 112 Cal. Rptr. 2d 869,

878-79 (2001) (recovery for the diminished value of a house in which defective

windows were installed is barred by the economic loss doctrine).  Plaintiff's strict

liability and negligence claims should be dismissed under the economic loss

doctrine.

## B.    The Strict Liability-Failure to Warn Claim Is Defective.

Plaintiff's strict liability claim for failure to warn fails because Plaintiff has

not alleged a danger to Plaintiff that Defendants failed to warn about.  To state a

failure to warn claim, Plaintiff must allege, among other things, that the product at

issue "had potential risks that . . . presented a substantial danger to users of the

product" and that such risks were known or knowable by Defendants at the time of

manufacture, distribution, or sale.  *Rosa v. City of Seaside*, 675 F. Supp. 2d 1006,

---

[2] In 2002, the California State Legislature enacted the Right to Repair Act, which establishes a set of standards for residential construction.  *See Kingsbury v. U.S. Greenfiber, LLC*, No. 08-cv-00151, 2009 WL 2997389, at *2-3 (C.D. Cal. Sept. 14, 2009).  Upon a showing of violation of an applicable standard, a homeowner may recover economic losses from a builder without having to show that the violation caused property damage or personal injury.  *Id.*  The economic loss rule does not bar such a claim under the Act, *see id.*, but alleged "defects that do not violate the standards remain actionable, *subject to the economic loss rule*," *id.* at *5 n.4 (citation omitted).

1011 (2009) (citation omitted).

Here, Plaintiff has identified *no danger* created by Daikin Coils, let alone a danger that Defendants failed to warn about. Although Plaintiff alleges that Daikin Coils "presented a substantial danger" when they were "used or misused in an intended or reasonably foreseeable way" (Compl. ¶ 38), that allegation is entirely conclusory, and does not identify (1) what the supposed danger is; and (2) what the risk of the danger was.

Plaintiff also does not plausibly allege that Defendants knew or could have known about the alleged risk of danger. *See Rosa*, 675 F. Supp. 2d at 1011. The complaint is devoid of any allegation regarding Defendants' knowledge of the alleged defect, and likewise does not allege any facts supporting its claim that such a risk was knowable. Absent any such allegations, Plaintiff's failure to warn claim should be dismissed.

## C.   The Strict Liability-Manufacturing Defect Claim Is Defective.

In addition to the fact that Plaintiff has not alleged any personal injury or damage to other property, Plaintiff's manufacturing defect claim should be dismissed because Plaintiff does not identify any defect caused by Defendants' manufacturing processes. "Under a manufacturing defect theory, a manufacturer may be strictly liable when a flaw in the manufacturing process results in a product that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Trabakoolas v. Watts Water Techs., Inc.*, No. 12-CV-01172-YGR, 2012 WL 2792441, at *3 (N.D. Cal. July 9, 2012) (internal quotation marks omitted). The "manufacturing defect" theory posits that "a suitable design is in place, but that the manufacturing process has in some way deviated from that design." *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613, 121 Cal. Rptr. 2d 301, 315 (2002).

Here, Plaintiff does not plausibly claim that Defendants' manufacturing process, or a defect in that process, caused the alleged harm. To the contrary,

Plaintiff alleges that "organic compounds . . . emitted by common household items" caused formicary corrosion to develop on Daikin's copper evaporator coils. (Compl. ¶ 30.)  And Plaintiff's "bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion." *Dilley v. C.R. Bard, Inc.*, No. 14-cv-01795, 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014) (citation omitted) (a plaintiff "must *identify/explain how* the [product] either deviated from [the manufacturer's] intended result/design or *how* the [product] deviated from other seemingly identical [products]." (internal quotation marks omitted)).  Because Plaintiff does not tie the alleged "defect" to any flaw in Daikin's manufacturing process, her strict liability claim premised on a manufacturing defect should be dismissed.

### D.   The Strict Liability-Design Defect Claim Is Defective.

To state a design defect claim, the plaintiff must either "describe how the [product] failed to meet the minimum safety expectations of an ordinary consumer or allege that the risks of the design outweigh the benefits, and then explain how the particular design of the [product] caused [plaintiff] harm." *Mountain Club Owner's Ass'n v. Graybar Elec. Co.*, No. Civ. 2:13-1835 WBS K, 2014 WL 130767, at *1 (E.D. Cal. Jan. 14, 2014) (citation omitted).  Plaintiff satisfies neither test for a design defect.

*First*, although she makes the conclusory allegation that she has "suffered and/or [is] in danger of suffering injury" (Compl. ¶ 32), Plaintiff does not allege any *facts* showing that Daikin Coils posed *any* safety risk.  Nor does she allege that the coils failed to meet the safety expectations of an average consumer.

*Second*, Plaintiff does not plausibly claim any harm caused by the alleged defect.  Although she alleges that Daikin's evaporator coils are defective because they are susceptible to formicary corrosion and leak (Compl. ¶ 30), she does not allege that she owned a coil that leaked, let alone leaked due to formicary corrosion. Instead, she vaguely alleges that she "ha[s] suffered and/or [is] in danger of

1  suffering injury . . . due to the defective Daikin Coils." (*Id.* ¶ 32.)  There is no

2  allegation of actual injury caused by the alleged defect, and thus her claim should

3  be dismissed.

4        **E.**    **The Negligence Claim Is Defective.**

5        Plaintiff's negligence claim must be dismissed because Plaintiff fails to

6  allege that Daikin breached a duty, or that any breach caused her harm.

7        To state a claim for negligence, Plaintiff must allege "(1) a legal duty to use

8  reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between

9  the breach and (4) the plaintiff's injury." *Griffith v. Bank of Am., N.A.*, No. CV 11-

10  5867 PA FFMx, 2011 WL 6849048, at *4 (C.D. Cal. Dec. 13, 2011) (citation

11  omitted); *see also Mountain Club Owner's Ass'n*, 2014 WL 130767, at *2 (a

12  plaintiff must allege, among other things, "a defect in the product caused the

13  plaintiff's injury").

14        *First*, with respect to duty, Plaintiff makes only the conclusory allegation that

15  Daikin breached its duty to exercise "reasonable care" in manufacturing and

16  designing its products that posed "a serious risk of harm to consumers." (Compl.

17  ¶¶ 69-71.)  Plaintiff not only fails to identify the alleged "harm," she fails to

18  identify how each Defendant--or any Defendant-- breached a duty.  Plaintiff's bare

19  allegation of a breach of a duty to reasonably manufacture consumer products—

20  without any facts or allegations as to how—cannot give rise to a negligence claim.

21  If it did, "every product-purchasing consumer would have a negligence-based claim

22  against a manufacturer based on [a] so-called duty to use reasonable care in making

23  consumer products." *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS RZx,

24  2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011) (dismissing negligence-based

25  claims); *Wendell v. Johnson & Johnson*, No. C 09-04129, 2010 WL 271423, at *4

26  (N.D. Cal. Jan. 20, 2010) (dismissing negligence and products liability claims

27  where complaint "simply recite[d] the elements of each cause of action" without

28  alleging "how [defendant] was negligent in failing to satisfy any other duty of

1  care"); *Mountain Club Owner's Ass'n*, 2014 WL 130767, at *2 (dismissing

2  negligence claim where plaintiff did not allege how defendant's "manufacture,

3  design, and/or failure to warn of the cable's alleged defects breached the applicable

4  standard of care").

5      *Second*, Plaintiff "do[es] not connect [the alleged] defect with [her] injury."

6  *Knoppel v. St. Jude Med. Inc.*, No. SACV 13-383 JVS ANX, 2013 WL 3803612, at

7  *2 (C.D. Cal. May 7, 2013).  In particular, Plaintiff does not allege that *her*

8  evaporator coil suffered from the alleged defect, or that any alleged defect actually

9  caused her injury.  *Id.* (dismissing negligence claim where "it is not alleged that the

10  Riata lead used on [plaintiff] suffered from this defect, which in turn caused

11  [plaintiff's] unspecified injury"); *see also Rogers v. Organon USA, Inc.*, No. 2:14-

12  CV-1133 MCE DAD, 2014 WL 3853451, at *4 (E.D. Cal. Aug. 5, 2014)

13  (recommending dismissal of negligence claim because the complaint "contains no

14  factual allegations that would even begin to suggest a plausible causal link between

15  defendants' alleged conduct, if any, and plaintiff's purported injuries").

16      Plaintiff's negligence claim should be dismissed.

17  **III.   THE BREACH OF EXPRESS WARRANTY CLAIM IS DEFECTIVE.**

18      Plaintiff's express warranty claim must be dismissed because she fails to

19  identify an express warranty made by Daikin, let alone one that was breached.

20      *First*, Plaintiff's breach of express warranty claim fails because Plaintiff does

21  not plausibly identify an express warranty made by each, or any of the, Defendants.

22  *Tomek v. Apple, Inc.*, No. 2:11-CV-02700-MCE, 2012 WL 2857035, at *6 (E.D.

23  Cal. July 11, 2012) (dismissing express-warranty claim that "contains no detail

24  regarding the exact terms of any express warranty breached under the facts of this

25  case").

26      "A manufacturer's liability for breach of an express warranty derives from,

27  and is measured by, the terms of that warranty."  *Cipollone v. Liggett Grp., Inc.*,

28  505 U.S. 504, 525 (1992).  Plaintiff alleges that Defendants made "express

warranties," including warranties in its "catalogs," that Defendants' products are "sold pursuant to its standard terms and conditions of sale, including Limited Product Warranty." (Compl. ¶ 77.) But Plaintiff does not allege what that "Limited Product Warranty" is, that her unit was covered by it, or that any terms of that "Limited Product Warranty" were breached.[3] Nor does she allege that she saw, let alone was influenced by, any statement by Defendants that she claims is an express warranty. *Tomek*, 2012 WL 2857035, at *6. Defendants therefore cannot evaluate, among other things, the terms of the alleged warranty, the scope of the alleged warranty, or the warranty's applicability to Plaintiff's circumstances. Because Defendants cannot meaningfully respond to Plaintiff's claim, it should be dismissed.

*Second*, Plaintiff's express-warranty claim should be dismissed because Plaintiff does not plausibly allege a *breach* of any express warranty, let alone one that caused her injury. *Lee*, 992 F. Supp. 2d at 978 ("Plaintiffs cannot establish a breach of express warranty where there are no allegations that Plaintiffs actually experienced a problem with the [product] and sought a repair during the express warranty period."). Plaintiff merely alleges that "Defendants breached their warranties concerning the Daikin Coils," without explaining how Defendants allegedly breached those warranties generally or *as to her*. Plaintiff does not allege that she owned a Daikin Coil covered by a warranty, or that she made a warranty claim that was not satisfied. Her claim must be dismissed.

## IV.   THE IMPLIED WARRANTY OF FITNESS CLAIM IS DEFECTIVE

Plaintiff's implied warranty of fitness claim fails for several, independent reasons.

---

[3] Even if she specifically alleged statements in the "catalogs" that she saw and relied on, they would be insufficient to create an express warranty. *Cf. Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 978 (C.D. Cal. 2014) ("Statements from owner's manuals cannot form an express contractual obligation, and, thus cannot support a breach of express warranty claim.").

*First*, Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose fails because Plaintiff alleges no "particular" purpose of her air conditioning system beyond the ordinary purpose of cooling her home.  Implied warranties of fitness for a particular purpose require just that, *i.e.*, that a buyer has a particular use in mind, that the seller has reason to know that particular purpose, and that the buyer relies on the seller's skill or judgment to select or furnish suitable goods for that purpose.  Cal. Com. Code § 2315.  And in California, a plaintiff has no claim for breach of the implied warranty of fitness when a product is to be used for its ordinary purpose.  *See NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1044 (E.D. Cal. 2013).

As Plaintiff observes, air conditioning systems "cool[] air" (Compl. ¶ 5)—that is their "ordinary purpose," Cal. Com. Code § 2315 cmt. 2.  Plaintiff alleges no other purpose for her system other than its ordinary purpose of cooling air in her home.  Because Plaintiff has failed to allege a particular purpose for her unit, and has merely alleged that it will be used for its "ordinary purpose," *id*., Plaintiff's fitness-for-a-particular-purpose claim should be dismissed.

*Second*, under California law, "a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2008).  But Plaintiff has not alleged any fact demonstrating such privity, such as facts describing whether and how she came to own a Daikin Coil.

*Third*, to the extent the implied warranty claim is based on California's Song-Beverly Act, Cal. Civ. Code § 1792, *et seq*., it too fails to state a claim against Daikin, because Plaintiff does not plead an in-state and at-retail purchase of a Daikin product.  The Beverly-Song Act applies only to consumer goods sold at retail in California.  *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1097 (S.D. Cal. 2010) (dismissing Song-Beverly claim for failure to plead in-state and at-retail purchases

and delivery for repair within warranty period) (hereinafter "*In re Sony*").

## V.   THE IMPLIED WARRANTY OF MERCHANTABILITY CLAIM IS DEFECTIVE.

Plaintiff's implied warranty of merchantability claim fails for many of the same reasons that Plaintiff's implied warranty of fitness claim is deficient:  (1) lack of privity; or (2) lack of in-state, at-retail purchase.  Either of these deficiencies is grounds for dismissal.  *Clemens*, 534 F.3d at 1023; *In re Sony*, 758 F. Supp. 2d at 1097.

## VI.   THE UCL CLAIM IS DEFECTIVE

Section 17200 of the Business & Professions Code proscribes three types of competition: unlawful acts, unfair acts and fraudulent acts.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 560 (1999). Plaintiff attempts to plead claims under all three prongs of the UCL.  None has merit.

### A.   Plaintiff Lacks Standing to Assert a UCL Claim.

To proceed under any prong of the UCL, a plaintiff must establish standing. That is, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc*., No. SACV 11-1390-DOC, 2013 WL 655314, at *12 (C.D. Cal. Feb. 21, 2013) (internal quotation marks omitted).  A plaintiff must also demonstrate entitlement to restitution or injunctive relief—the only remedies available under the UCL.  *Warner v. Tinder Inc*., --F. Supp. 3d--, 2015 WL 6777875, at *4, 6 (C.D. Cal. July 31, 2015) (dismissing UCL claim for lack of standing where plaintiff did not plausibly allege entitlement to restitution). Plaintiff fails to allege these elements.

*First*, Plaintiff does not plausibly claim economic injury.  In particular, she

does not allege any loss of money or property due to the alleged defect.  Rather, she alleges in conclusory fashion that she "ha[s] suffered and/or [is] in danger of suffering" injury and diminished home value.  (Compl. ¶¶ 32-33.)  This lone assertion, devoid of facts, does not satisfy federal pleading standards.  *Twombly*, 550 U.S. at 555.  Plaintiff's failure to adequately plead that she lost money or property caused by the alleged fraudulent, unfair or unlawful business practices defeats her UCL claims.  *Rios v. Bank of Am.*, No. 2:12-CV-02439-KJM-AC, 2013 WL 6199145, at *6 (E.D. Cal. Nov. 27, 2013) (requiring that a plaintiff allege "a personal, individualized loss of money or property in a nontrivial amount") (internal quotation marks omitted).

*Second*, Plaintiff does not plausibly allege an unfair business practice or false advertising—let alone an injury caused by Defendants' actions.  In particular, she does not claim that her evaporator coil ever manifested the alleged defect, or that any supposed defect in her Daikin Coils caused her harm.  Further, she does not allege that she ever saw any representation from Defendants, let alone one that contained a misrepresentation or contained allegedly omitted facts, and therefore lacks standing.  *See Johns v. Bayer Corp.*, No. 09CV1935, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) ("[Plaintiff] cannot expand the scope of h[er] claims to include . . . advertisements relating to a product that [s]he did not rely upon.").

*Third*, Plaintiff does not plausibly allege entitlement to restitution or injunctive relief.  To show entitlement to restitution, "a plaintiff must demonstrate that the defendant is in possession of money or property taken from" her.  *Warner*, 2015 WL 6777875, at *6 (internal quotation marks omitted).  Plaintiff, however, does not plausibly allege that she "part[ed] with any money," as a result of the alleged misconduct.  *Id.* ("Because [plaintiff] did not part with any money when he downloaded the Tinder App based on Tinder's representation that it was free, he lacks standing to pursue a restitution claim under the FAL and UCL.").  "This is true even to the extent [s]he alleges that the 'value' of [her home] was diminished"

*id.*; (*see* Compl. ¶ 33), because she did not "part[] with money" as a result of the alleged diminution. *Warner*, 2015 WL 6777875, at *6. Nor does she plausibly allege that Defendants possess any money that she parted with.

With respect to injunctive relief, she vaguely claims to seek "injunctive relief" in her request for damages. (Compl. Prayer for Relief ¶ 5.) She does not, however, plausibly allege what that injunctive relief is, let alone allege that she is in danger of suffering "a real or immediate threat of irreparable injury" in the future. *Delodder v. Aerotek, Inc.*, No. CV 08-6044 CAS AGR, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) ("The Court finds that plaintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices.") (Snyder, J.).

### B.    The Fraud Prong Claim Should Be Dismissed.

In addition to her lack of standing, Plaintiff's fraud-prong claim fails because (1) it is not pleaded with particularity as required by Rule 9(b); and (2) Plaintiff does not plead facts establishing Defendants' knowledge of a defect at the time of sale—a prerequisite for her fraud claim, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141, 1145-47 (9th Cir. 2012).

*First*, Plaintiff's fraud claim fails to satisfy the pleading requirements of Rule 9(b). *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010) (dismissing UCL fraud claim for failing to satisfy Rule 9(b)'s requirements); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL"). Allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged, and must be specific enough to give a defendant notice of the particular misconduct that is alleged to constitute the fraud charged. *See Vess*, 317 F.3d at 1106. Further, Rule 9(b) does not allow plaintiffs to "merely lump multiple defendants together"

and allude to conduct by the "Defendants" as a group. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Rather, plaintiffs must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding [the] alleged participation in the fraud." *Id.* (internal quotation marks omitted).

Here, Plaintiff makes no attempt to differentiate among the named defendants, or explain how each defendant allegedly participated in the claimed fraud. Plaintiff does not allege, among other things, which of the named defendants designed, manufactured, marketed, sold, distributed, or warranted the Daikin Coils. She merely attributes the allegedly wrongful conduct to "Defendants" as a group (*see*, *e.g.*, Compl. ¶¶ 7, 31), without specifying the allegedly fraudulent conduct pertaining to each individual named defendant as Rule 9(b) requires. And, to the extent that she premises her fraud-prong claim on alleged misrepresentations or omissions by Defendants, "Plaintiff does not allege with particularity who made these representations, when they were made, or how they were made;" nor does she allege "reliance on such . . . representation[s]." *Brown v. Carrington Mortgage Servs., LLC*, No. CV 12-6974 PA MRWx, 2013 WL 1196868, at *2 (C.D. Cal. Mar. 25, 2013). Absent allegations differentiating between the named defendants, or specifically describing their conduct in the alleged fraud, Plaintiff cannot state a claim under Rule 9(b). *Swartz*, 476 F.3d at 765.

Further, Plaintiff alleges that Defendants "knew, or should have known" about the alleged defect, but does not plausibly allege—let alone allege with specificity—how that knowledge came about, who had that knowledge and when, what the knowledge consisted of, or otherwise provide the sort of factual allegations that raise the claim beyond speculative. Nor has Plaintiff plausibly identified any untruthful statement made by Defendants about the performance of Daikin Coils. *Lee*, 992 F. Supp. 2d at 976 (dismissing UCL fraud claim because "Plaintiffs have failed to identify any untruthful statement made by Toyota about

1    the performance of the automatic pre-collision braking feature").  Because Plaintiff

2    has not alleged any such facts, Defendants lacks notice as to what the claimed fraud

3    is, and thus the claim should be dismissed.

4         *Second*, to survive a motion to dismiss when asserting a UCL claim for an

5    alleged failure to disclose a product defect, Plaintiff must allege that Defendants

6    were aware of the alleged defects at the time the HVAC unit was sold to Plaintiff.

7    *Wilson*, 668 F.3d at 1141, 1145-1147.  In *Wilson*, the plaintiffs' allegations that the

8    laptop manufacturer had been "on notice" of the defect affecting the laptops and "as

9    early as 2002" were insufficient to survive a motion to dismiss, where only undated

10   customer complaints and conclusory allegations of access to aggregate data

11   regarding the risk of overheating laptops were offered as the basis of the

12   manufacturer's knowledge.  *Id*. at 1146-47.

13        Here, Plaintiff's allegations of knowledge are far thinner.  Plaintiff makes the

14   conclusory allegation that "Defendants knew, or should have known, that the

15   Daikin Coils are defective in that they corrode and/or have an impeded useful life."

16   (Compl. ¶ 31.)  This, however, does not plausibly allege *facts* that would support

17   the conclusion of knowledge.  *In re Sony*, 758 F. Supp. 2d at 1085, 1090 (plaintiffs'

18   allegation "that Sony knew about the [alleged] defect" was not "sufficiently

19   particularized" to show "that Sony was aware of the defect when [p]laintiffs

20   purchased the televisions"); *see also Oestreicher v. Alienware Corp*., 544 F. Supp.

21   2d 964, 974 (N.D. Cal. 2008) (holding allegation that defendant had "exclusive

22   knowledge as the manufacturer" did not support claim that defendant was aware of

23   the alleged defect).  Plaintiff does not allege, among other things, how Defendants

24   allegedly had such knowledge or whether Defendants had such knowledge when

25   Plaintiff acquired her Daikin Coil.  Because Defendants have "no duty to disclose

26   facts of which it was unaware," *id.* at 1095, Plaintiff's fraud-prong UCL claim fails.

27   **C.    <u>The Unfair Prong Claim Should Be Dismissed.</u>**

28        Plaintiff's unfairness prong claim fails for two, independent reasons.

*First*, because Plaintiff has not pleaded facts establishing any unfairness on Defendants' part, her claim fails. *Vaccarino v. Midland Nat'l Life Ins., Co.*, No. CV 11-05858 CAS MANx, 2011 WL 5593883, at *8 (C.D. Cal. Nov. 14, 2011) (dismissing UCL claim where the "allegations are vague and conclusory, and fail to provide adequate notice of which of these practices is unfair, which is unlawful, and which is fraudulent"); *Clark*, 732 F. Supp. 2d at 1050 (dismissing UCL claim for failing to allege "with reasonable particularity, the facts supporting the statutory elements of the violation" (citation omitted)).  In particular, Plaintiff cannot maintain an unfairness-prong claim because she does not allege that she ever experienced a leak in a Daikin Coil—*i.e.*, there is no causal link between Defendants' allegedly unfair (though unspecified) conduct and the vague harm she alleges. *James R. Glidewell Dental Ceramics*, 2013 WL 655314, at *12; *Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1195 (N.D. Cal. 2012) (dismissing unfairness prong claim because plaintiff failed to allege that the claimed unfair conduct caused him injury).

*Second*, as with the fraud-prong claim, her unfairness claim fails because she does not plausibly allege Defendants' knowledge of the claimed defect, let alone such knowledge *before* Plaintiff allegedly acquired her HVAC product.  As the Ninth Circuit has held, "the failure to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an *unfair* or fraudulent practice." *Wilson*, 668 F.3d at 1145 n.5 (emphasis added), citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838-39, 51 Cal. Rptr. 3d 118, 129 (2006); *see also In re Sony*, 758 F. Supp. 2d at 1095.  Absent any plausible facts of knowledge, the unfairness claim should be dismissed.

### D.    The Unlawful Prong Claim Should Be Dismissed.

Much like her unfairness claim, Plaintiff provides no factual allegations in support of her claim that Defendants' conduct is "unlawful."  (Compl. ¶ 106.)  Just as she has not plausibly alleged what was supposedly fraudulent or supposedly

unfair about Defendants' alleged conduct, she has not plausibly alleged unlawful conduct by Defendants.  For that reason alone, her claim should be dismissed. *Twombly*, 550 U.S. at 556.

In addition, because Plaintiff has failed to state a claim for any violation of the law, her unlawfulness claim must be dismissed.  *Clark*, 732 F. Supp. at 1050 ("[T]o the extent Plaintiff asserts an UCL claim based on a violation of other law, his complaint fails to state a claim for a violation of law.").

## VII.   THE SECTION 896 CLAIM IS DEFECTIVE.

Plaintiff's claim under California's Right to Repair Act fails for several reasons.

As an initial matter, the Act "does not apply in any action seeking recovery *solely for a defect* in a manufactured product located *within or adjacent to a structure*," unless a plaintiff can tie an alleged product defect to a violation of a standard in Cal. Civ. Code § 896.  Cal. Civ. Code § 896(g)(3)(E) (emphases added); *Kingsbury v. U.S. Greenfiber, LLC*, No. CV 08-00151 AHM JTLX, 2009 WL 2997389, at *6 (C.D. Cal. Sept. 14, 2009) ("[A]ny action seeking recovery solely for a defect in a manufactured product" Cal. Civ. Code § 896(g)(3)(E), is only "intended to bar actions in which the claimant seeks to recover for a defect in a product that does *not* violate one of the standards set forth in section 896." (internal quotation marks omitted)).

Plaintiff is clear that "this is a class action claim that addresses solely the incorporation of a defective component into a residence" (Compl. ¶ 112), but Plaintiff has not and cannot tie any alleged product defect in this case to a violation of the Act, as she must do here.  Plaintiff alleges that Defendants violated the standard contained in Cal. Civ. Code § 896(g)(5).  (Compl. ¶ 114.)  That standard states that "[l]iving space air-conditioning, if any, shall be provided in a manner consistent with the size and efficiency design criteria specified in Title 24 of the

California Code of Regulations or its successor." Cal. Civ. Code § 896(g)(5).[4] But as the standard itself makes plain, it applies to builders and contractors who size and install air-conditioning systems, not to manufacturers of component parts for air-conditioning systems that, like Defendants, do not size or install air-conditioning systems. Plaintiff makes no such allegations as to Defendants. This standard is thus inapplicable to Defendants, and cannot form the basis of a claim.[5]

Plaintiff, moreover, has not alleged *any* defect in the "size and efficiency design criteria" in Daikin Coils. Her complaint is about an alleged defect in Daikin Coils that purportedly causes premature refrigerant leaks; it has nothing to do with the sizing of the air-conditioning system in her home or the system's ability or inability to satisfy certain efficiency criteria. This standard is entirely unrelated to Plaintiff's allegations (and inapplicable to Defendants as manufacturers of HVAC components). Because she has failed to allege a "defect in a product" that violates a § 896 standard, her claim must be dismissed. *Kingsbury*, 2009 WL 2997389, at *6; Cal. Civ. Code § 896(g)(3)(E).

Independently, Plaintiff's claim under the Act must be dismissed because she failed to satisfy the Act's pre-litigation procedures. *Kingsbury*, 2009 WL 2997389, at *6 (determining that named class member in a putative class action must satisfy the Act's pre-litigation procedures). The Act provides that "[p]rior to filing an action against any party alleged to have contributed to a violation of the standards set forth in Chapter 2 [of the Act] . . . the claimant shall initiate the following prelitigation procedures . . . ." Cal. Civ. Code § 910. Those procedures include notice of the claim and the opportunity for the recipient to inspect the alleged violation and repair it. *Id.* §§ 916-18, 921. If the recipient fails to respond to the claim or inadequately repairs the issue, the claimant may then bring an action for

---

[4] Title 24 of the California Code of Regulations is California's Building Standards Code.

[5] Tellingly, although Plaintiff invokes § 896(g)(5) in her complaint, she does not reproduce its language or otherwise describe the standard.

violation of the Act's standards.  *Id.* §§ 915, 920, 927.

Plaintiff does not allege that she followed any of these procedures.  Instead, she alleges that because "this is a class action claim that addresses solely the incorporation of a defective component into a residence . . . the named and unnamed class members need not comply with the pre-litigation procedures [in] Cal. Civ. Code § 896."  (Compl. ¶ 112 (citing Cal. Civ. Code § 931).)  Plaintiff relies on California Civil Code § 931, which states that "[a]s to any class action claims that address solely the incorporation of a defective component into a residence, the named and unnamed class members need not comply with this chapter [*i.e.*, the chapter on pre-litigation procedures]."

Plaintiff is incorrect.  As another court in this District has explained, "§ 931 should . . . be interpreted to encompass only claims that do not rely on the § 896 standards."  *Kingsbury*, 2009 WL 2997389, at *6.  In other words, a plaintiff asserting violations of a § 896 standard—as Plaintiff does here—*must* satisfy the Act's pre-litigation procedures, even if asserting a class action addressed solely to the incorporation of a defective component into a residence.  *Id.* at *6-7 (concluding that the pre-litigation procedures applied to a putative class action concerning the incorporation of a defective component into residences).

Finally, the Act only applies to residences constructed after 2003.  *Id.* at *2.  Plaintiff does not allege when her home was built, let alone that it was built after 2003.

For any and all of the above reasons, Plaintiff's claim under the Act must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety.

1

2

Dated:   December 16, 2015                    JONES DAY

3

4

By: */s/ Rick L. McKnight*
                    Attorney

5

6

*Attorneys for Defendants Daikin*
*Applied Americas Inc. and Daikin*
*North America, LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT