Kenneth S. Kasdan, State Bar No. 71427
kkasdan@kasdancdlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
19900 MacArthur Boulevard, Suite 850
Irvine, California 92612
Tel: (949) 851-9000
Fax: (949) 833-9455

Graham B. LippSmith, State Bar No. 221984
glippsmith@klwtlaw.com
Jaclyn L. Anderson, SBN 258609
janderson@klwtlaw.com
Frank A. Perez, State Bar No. 305832
fperez@klwtlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
500 S. Grand Ave., Suite 1310
Los Angeles, CA 90071
Tel: (213) 254-4800
Fax: (213) 254-4801

Attorneys for Plaintiff, the Class and the Subclass

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA PARK-KIM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DAIKIN INDUSTRIES, LTD., DAIKIN APPLIED AMERICAS INC., F/K/A MCQUAY INTERNATIONAL, DAIKIN NORTH AMERICA LLC, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.2:15-cv-09523-CAS-KK <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. **STRICT LIABILITY: FAILURE TO WARN** <br> 2. **STRICT LIABILITY: MANUFACTURING DEFECT** <br> 3. **STRICT LIABILITY: DESIGN DEFECT** <br> 4. **NEGLIGENCE** <br> 5. **BREACH OF EXPRESS WARRANTY** <br> 6. **BREACH OF IMPLIED WARRANTY OF FITNESS** <br> 7. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** <br> 8. **VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200,** *et seq.* <br> 9. **VIOLATIONS OF CAL. CIV. CODE § 896(g)(5)** <br><br> **DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT

**FIRST AMENDED COMPLAINT**

Plaintiff Joanna Park-Kim ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action and alleges as follows on information and belief:

**THE PARTIES**

1.      Plaintiff Joanna Park-Kim ("Plaintiff") is the owner of a residential condominium home located in the City of Los Angeles, County of Los Angeles, State of California. Plaintiff purchased this condominium home on September 9, 2010.Defendant Daikin Industries, Ltd. is a multinational corporation that manufactures and distributes heating, ventilation, and air conditioning products world-wide.  In 2006, Daikin Industries acquired McQuay International and later renamed the subsidiary Daikin Applied Americas Inc.  Defendant Daikin Applied is a Minnesota corporation with its corporate headquarters at 13600 Industrial Park, Blvd., Minneapolis, Minnesota 55441.  Defendant Daikin North America LLC is a Texas corporation with its corporate headquarters at 10787 Clay Road, Houston, Texas 77041.

2.      Defendants Daikin Industries, Daikin Applied, Daikin North America, and DOES 1 through 25 and DOES 26 through 50 (collectively "Defendants") design, manufacture and sell heating, ventilation, and air conditioning units ("HVAC units") containing a component known as an evaporation coil ("Daikin Coils").

3.      Daikin Coils contain a refrigerant that absorbs heat from surrounding air, cooling the air in the process, and allowing Defendants' HVAC units to provide air conditioning for homes, businesses, and buildings.

4.      Instead of performing their intended purpose of cooling air, Daikin Coils fail to properly operate under normal conditions.  Both the galvanized steel supports surrounding the Daikin Coils and the Daikin Coils themselves are highly

susceptible to corrosion under normal operating conditions.  As a result, Daikin Coils leak ever-increasing amounts of refrigerant.  These leaks reduce the overall efficacy of the Daikin Coils, leading to costly repairs, and eventually, the total failure of the Daikin Coils.

5.      The failure of Daikin Coils to perform as intended is an unavoidable consequence of their design.  Daikin Coils are made of copper tubing, which is susceptible to a process called "formicary corrosion."  Formicary corrosion is caused by a chemical reaction between the copper tubing and volatile organic compounds commonly found within the air of the home.  This process results in microscopic holes within the tubing that cause the Daikin Coils to leak refrigerant and ultimately fail.  The corrosion and failure of Daikin Coils are due to Defendants' actions, including but not limited to, selecting the wrong alloy, defective manufacture of the Daikin Coils and failing to properly ensure that the Daikin Coils will perform for their useful life and are fit for their intended purpose of absorbing heat from the surrounding air.

6.      Defendants designed, created product materials for, designed instructions for, caused the manufacture of and sold HVAC units containing Daikin Coils that were installed in homes throughout California, including Plaintiff, the Class and the Subclass' homes.

7.      Defendants DOES 1 through 25 inclusive participated in or controlled the design, sale, manufacture and distribution of HVAC units containing Daikin Coils and/or are Defendants' alter egos.  Plaintiff is ignorant of the true names and/or capacities of DOES 1 through 25 and will seek leave to name them in this case if and when Plaintiff ascertains their names and capacities.

8.      Defendants DOES 26 through 50 inclusive are manufacturers and distributors of Daikin Coils sold and distributed in California.  Plaintiff is ignorant of the true names and/or capacities of DOES 26 through 50 and will seek leave to name them in this case if and when Plaintiff ascertains their names and capacities.

9.      The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.  Each of the Defendants herein was the agent, joint venturer or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment or joint venture with advance knowledge of, acquiescence in or subsequent ratification of the acts of each and every other remaining defendant.  Each of Defendants 1 through 50 is responsible, legally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Pro. § 410.10.  Plaintiff seeks damages on behalf of herself, the Class (defined *infra*) and the Subclass (defined *infra*) under the laws of the State of California.

11.     Venue is proper in this Court pursuant to Cal. Code of Civ. Pro. § 392 because Plaintiff resides in this County.

12.     Cal. Civ. Code § 931, which provides "[a]s to any class action claims that address solely the incorporation of a defective component into a residence, the named and unnamed class members need not comply with [Title 7, Chapter 4]", excuses Plaintiff, the Class and the Subclass from all pre-filing procedures.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this case on behalf of a class pursuant to Cal. Code of Civ. Pro. § 382 defined as follows ("the Class"):

All individual, entity and associations of owners in the State of California who own HVAC units with Daikin Coils installed in them.

14.     Plaintiff also brings this case on behalf of a subclass pursuant to Cal. Code Civ. Pro. § 382 defined as follows ("the Subclass"):

All individual, entity and associations of owners of originally constructed individual dwelling units, other than condominium conversions, in the State of California in which purchase agreements for the individual dwelling units were signed by the original seller on or after November 2, 2005 and in which the residential units had installed as part of the original construction HVAC units with Daikin Coils installed in them.

15.     **Exclusions from the Class.**  Plaintiff specifically excludes from the Class and Subclass all Defendants, Defendants' subsidiaries or affiliates, entities in which any Defendant has a controlling interest and any and all of Defendants' employees, affiliates, legal representatives, successors or assignees.  Plaintiff also excludes from the Class and Subclass any judicial officers assigned to this case and their immediate family members.

16.     **Ascertainability.**  Plaintiff brings this action on behalf of herself and on behalf the Class and Subclass, which is comprised of members identified by the class definition.

17.     **Numerosity**.  The members of the Class and Subclass are so numerous that their joinder would be impracticable, and disposition of their claims in a class action rather than in individual actions would benefit the parties and the courts.

18.     **Means for Identification.**  Reasonably available means of identifying class members (at the appropriate time following class certification) exist.

19.     **Community of Interest – Commonality.**  There is a well-defined

community of interest amongst the members of Class and Subclass in the questions of law.  Questions of fact and law predominate and include but are not limited to the following:

- Whether the Daikin Coils are defective;

- Whether the Daikin Coils have an impeded useful life;

- Whether the Daikin Coils serve their intended purposes;

- Whether the Daikin Coils impede the useful lives of other components in Plaintiff, the Class and the Subclass' homes;

- Whether the Daikin Coils cause damage to the other components in Plaintiff, the Class and the Subclass' homes;

- Plaintiff, the Class and the Subclass' damages;

- Whether the Daikin Coils endanger Plaintiff, the Class and the Subclass, their families and their communities;

- Whether Defendants breached their express or implied warranties; and

- Whether Defendants engaged in unfair, unlawful and fraudulent acts.

20. **Community of Interest – Typicality.**  The named Plaintiff's claims are typical of those of the Class and Subclass.

21. **Community of Interest – Adequacy of Class Representatives.**  The named Plaintiff can fairly and adequately represent the Class and Subclass because she is a Class and Subclass Member, has claims that are typical of the Class and Subclass, and there is no reason why she cannot adequately represent the Class and Subclass.

22. **Community of Interest – Adequacy of Counsel.**  Counsel for Plaintiff are competent, qualified and experienced in large class actions, multiparty complex cases and construction defect cases, and there is no reason why they cannot adequately represent the Class and Subclass.

23. **Impracticability of Joinder.**  Joinder of the unnamed Class and Subclass Members on an individual basis would be impracticable in light of their

number and their locations throughout the State of California.

24. **No Better Remedy.** There is no plain, speedy, or adequate remedy other than by maintenance of this Class and Subclass since the damage to each victim is relatively small, making it economically infeasible to pursue lawful remedies other than by a class action. The Class and Subclass would be superior to individualized actions for the fair and efficient adjudication of this controversy.

25. **No Individualized Defenses.** There are no predominately unique or individualized defenses anticipated in this action that might be asserted against plaintiff individually, as distinguished from the Class and Subclass.

26. **Fees.** Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to the Class and Subclass. This action will result in the enforcement of important rights supported by strong public policy affecting the public interest, conferring a significant benefit to the general public and a large class of persons.

## FACTUAL ALLEGATIONS

27. Defendants are in possession of the current descriptions, designs for and/or representations of the defective Daikin Coils installed in Plaintiff, the Class and Subclass' homes. Defendants are also in possession of part numbers, UPCs, descriptions and/or representations of the defective Daikin Coils that Plaintiff, the Class and the Subclass may use to supplement the list of defective Daikin Coils in an amendment to this Complaint.

28. Plaintiff, the Class and the Subclass own HVAC units containing defective and/or corroded Daikin Coils.

29. The Daikin Coils are defective in that they are made of copper and thus are particularly susceptible to a process called "formicary corrosion" and/or have an impeded useful life. Formicary corrosion occurs when Daikin Coils come

into contact with volatile organic compounds, which are ubiquitous in the home. This is because volatile organic compounds are emitted by common household items, such as composite wood furniture and flooring, carpeting, cleaning products, air fresheners, and cosmetics.  Formicary corrosion causes the Daikin Coils to leak the refrigerant necessary to absorb heat from the surrounding air, thereby impeding the Daikin Coils' ability to cool air by absorbing heat, shortening the product's useful life span.  Such corrosion will render the Daikin Coils completely inoperable.

30.    Defendants knew, or should have known, that the Daikin Coils are defective in that they corrode and/or have an impeded useful life.

31.    Plaintiff, the Class and the Subclass have suffered and/or are in danger of suffering injury and/or substantial property damage due to the defective Daikin Coils including, but not limited to, damage to surrounding property caused by leaked refrigerant.

32.    Defective Daikin Coils have diminished the value of Plaintiff, the Class and the Subclass' homes and the repairs for the damages caused by Daikin Coils are significant.

**FIRST CAUSE OF ACTION**

**STRICT LIABILITY: FAILURE TO WARN**

(Against All Defendants by Plaintiff, the Class and the Subclass)

33.    Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

34.    Defendants manufactured, distributed and/or sold the Daikin Coils.

35.    The Daikin Coils were defective due to inadequate warnings or instruction for use, both prior to marketing and post-marketing.

36.    The Daikin Coils had risks that were known or knowable in light of

the scientific knowledge that was generally accepted at the time of manufacture, distribution and/or sale. Such risks include, but are not limited to, the risk of substantial property damage caused by leaked refrigerant.

37.    The risks in the Daikin Coils presented a substantial danger when the Daikin Coils were used or misused in an intended or reasonably foreseeable way.

38.    Ordinary consumers would not have recognized the potential risks.

39.    Defendants knew or should have known that the Daikin Coils created significant risks to consumers and/or property.

40.    Defendants failed to adequately warn consumers of such risks.

41.    Because of Defendants' failure to provide adequate warnings with their products, Daikin Coils were purchased for use in Plaintiff's, the Class' and the Subclass' homes after Defendants manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

42.    Plaintiff, the Class and the Subclass suffered harm, damages and economic losses and Plaintiff will continue to suffer such harm, damages and economic loss in the future.

43.    Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's, the Class' and the Subclass' harm, damages and economic losses.

44.    Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

//

//

//

//

FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**STRICT LIABILITY: MANUFACTURING DEFECT**

(Against All Defendants by Plaintiff, the Class and the Subclass)

45.     Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

46.     Defendants manufactured, distributed and/or sold the Daikin Coils.

47.     The Daikin Coils contained a manufacturing defect when they left Defendants' possession.

48.     The Daikin Coils had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution and/or sale.

49.     The risks in the Daikin Coils presented a substantial danger when the Daikin Coils were used or misused in an intended or reasonably foreseeable way.

50.     Ordinary consumers would not have recognized the potential risks.

51.     Defendants knew or should have known that the Daikin Coils created significant risks to consumers and/or property.

52.     Daikin Coils were purchased for use in Plaintiff's, the Class' and the Subclass' homes after Defendants manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

53.     Plaintiff, the Class and the Subclass suffered harm, damages and economic losses, and Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

54.     Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering such substantial property damage in the future.

55.     Defendants' misconduct was a substantial factor in causing and

10

proximately caused Plaintiff's, the Class' and the Subclass' harm, damages and economic losses.

56.    Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

## THIRD CAUSE OF ACTION
## STRICT LIABILITY: DESIGN DEFECT

(Against All Defendants by Plaintiff, the Class and the Subclass)

57.    Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

58.    Defendants manufactured, distributed and/or sold the Daikin Coils.

59.    The Daikin Coils contained a design defect when they left Defendants' possession.

60.    The Daikin Coils had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution and/or sale.

61.    The risks in the Daikin Coils presented a substantial danger when the Daikin Coils were used or misused in an intended or reasonably foreseeable way.

62.    Ordinary consumers would not have recognized the potential risks.

63.    Defendants knew or should have known that the Daikin Coils created significant risks to consumers and/or property.

64.    Daikin Coils were purchased for use in Plaintiff's, the Class' and the Subclass' homes after Defendants manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

65.     Plaintiff, the Class and the Subclass suffered harm, damages and economic losses, and Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

66.     Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

67.     Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's harm, damages and economic losses.

68.     Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE

(Against All Defendants by Plaintiff, the Class and the Subclass)

69.     Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

70.     Defendants had a duty to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, sale and/or distribution of the Daikin Coils.

71.     Defendants were negligent and failed to exercise reasonable care in the design, formulation, manufacture, sale, testing, marketing, or distribution of the Daikin Coils in that they knew or should have known that their products could cause significant harm.

72.     Despite the fact that Defendants knew or should have known that their products posed a serious risk of harm to consumers and/or property, Defendants unreasonably continued to manufacture and market their products and failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use.

73.     At all relevant times, it was foreseeable to Defendants that homeowners like Plaintiff, the Class and the Subclass would suffer injuries as a result of their failure to exercise ordinary care as described above.

74.     Plaintiff, the Class and the Subclass suffered harm, damages and economic losses, and Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

75.     Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

76.     Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff, the Class and the Subclass' harm, damages and economic losses.

77.     Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

//
//
//
//
//

13

**FIFTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

(Against All Defendants by Plaintiff, the Class and the Subclass)

78.     Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

79.     Defendants made express warranties concerning the Daikin Coils including, but not limited to, representations in their catalogs that their products containing Daikin Coils benefit from "[h]igh efficiency, low operating costs;" "reliable operation;" and "low-cost maintenance and service."  Additionally, Defendants represented that their products containing Daikin Coils are "sold pursuant to […] standard terms and conditions of sale, including Limited Product Warranty."

80.     Defendants intended that their express warranties extend to and would benefit homeowners and associations of homeowners with Daikin Coils in their HVAC units, including but not limited to, warranting that the Daikin Coils were free of defects such that they would properly perform as intended.

81.     Plaintiff, the Class and the Subclass own HVAC units containing the defective and/or corroded Daikin Coils.

82.     Defendants breached their warranties concerning the Daikin Coils given that the Daikin Coils corrode, leak refrigerant, and impede the efficient operation of Plaintiff's, the Class' and the Subclass' HVAC units.  HVAC units require refrigerant to cool air. The less refrigerant an HVAC unit houses, the less efficiently it can cool air.  The Daikin Coils' tendency to leak refrigerant will render an HVAC unit completely inoperable.  Defective Daikin Coils require costly maintenance and service in order to continue operating in their compromised state.  Such costs include, but are not limited to, replacement of leaked refrigerant, and the replacement and reinstallation of the Daikin Coils.

83.     Plaintiff, the Class and the Subclass suffered harm, damages and economic losses, and Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

84.     Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

85.     Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's, the Class' and the Subclass' harm, damages and economic losses.

86.     Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

## SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF FITNESS

(Against All Defendants by Plaintiff, the Class and the Subclass)

87.     Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

88.     Defendants made implied warranties concerning the Daikin Coils, including but not limited to the warranty of fitness.

89.     Defendants intended that their implied warranties extend to and would benefit homeowners and associations of homeowners with Daikin Coils in their HVAC units, including but not limited to, warranting that the Daikin Coils were free of defects such that they would properly perform as intended.

90.     Plaintiff, the Class and the Subclass own HVAC units containing the Daikin Coils.

91.     At the time the HVAC units were purchased, Defendants knew or had reason to know that HVAC units containing Daikin Coils would be used for a particular purpose in Plaintiff, the Class and the Subclass' homes and that purchasers and/or installers would justifiably rely on Defendants' skill and judgment in selecting, providing and/or furnishing Daikin Coils suitable for that particular purpose.

92.     The Daikin Coils were not suitable for the particular purpose.

93.     Defendants breached their implied warranty of fitness concerning the Daikin Coils.

94.     Plaintiff, the Class and the Subclass suffered harm, damages and economic losses and Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

95.     Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

96.     Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's, the Class' and the Subclass' harm, damages and economic losses.

97.     Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interests of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

//
//

**SEVENTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

(Against All Defendants by Plaintiff, the Class and the Subclass)

98.    Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

99.    Defendants made implied warranties concerning the Daikin Coils, including, but not limited, to the warranty of merchantability.

100.    Defendants intended that their implied warranties extend to and benefit homeowners and associations of homeowners with Daikin Coils in their HVAC units.

101.    Plaintiff, the Class and the Subclass own HVAC units containing the Daikin Coils.

102.    At the time the Daikin Coils were purchased, Defendants knew or had reason to know that purchasers and/or installers would justifiably believe that they were of the same quality as those generally acceptable in the trade, were fit for the ordinary purposes for which such goods are used, were adequately contained, packaged and labeled, had adequate instructions and/or measured up to the promises or facts stated about the product.

103.    The Daikin Coils were not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such goods are used, were not adequately contained, packaged and labeled, had inadequate instructions and/or did not measure up to the promises or facts stated about the product.

104.    Defendants breached their implied warranty of merchantability concerning the Daikin Coils.

105.    Plaintiff, the Class and the Subclass suffered harm, damages and economic losses, and Plaintiff, the Class and the Subclass will continue to suffer

17

such harm, damages and economic loss in the future.

106.   Plaintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

107.   Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's, the Class' and the Subclass' harm, damages and economic losses.

108.   Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

## EIGHTH CAUSE OF ACTION

## VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200, *et seq*.

(Against All Defendants by Plaintiff, the Class and the Subclass)

109.   Plaintiff, the Class and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

110.   Defendants engaged in unlawful, fraudulent and unfair business practices.

111.   Defendants' misconduct constituted unlawful business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq*.

112.   Plaintiff, the Class and the Subclass suffered actual harm, damages and economic losses.  Plaintiff, the Class and the Subclass will continue to suffer such harm, damages and economic loss in the future.

113.   Plaintiff, the Class and the Subclass have suffered, or are at imminent

risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

114. Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiff's, the Class' and the Subclass' actual harm, damages and economic losses.

115. Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff, the Class and the Subclass. Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff, the Class and the Subclass, so as to constitute oppression, fraud or malice under the law.

## NINTH CAUSE OF ACTION
## VIOLATIONS OF CAL. CIV. CODE § 896(g)(5)

(Against All Defendants by Plaintiff and the Subclass)

116. Plaintiff and the Subclass hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

117. Pursuant to Cal. Civ. Code § 931, this is a class action claim that addresses solely the incorporation of a defective component into a residence, and thus the named and unnamed class members need not comply with the pre-litigation procedures associated with bringing claims for violations of Cal. Civ. Code § 896.

118. Defendants sold and distributed HVAC units with Daikin Coils in California, or, at a minimum, sold and distributed the Daikin Coils installed as part of original construction in Plaintiff's and the Subclass' dwellings in California.

119. As a result of the defects in the Daikin Coils, Defendants violated, at a minimum, Cal. Civ. Code § 896(g)(5).

120. The living space air-conditioning components, including the Daikin

19

Coils, installed in Plaintiff's and the Subclass' residences were not provided in a manner consistent with the efficiency design criteria specified in Title 24 of the California Code of Regulations and/or its successors, specifically the provisions of Chapter 28, the Mechanical Code Chapter 11, including, but not limited to, sections 1101.1, 1101.6, 1101.7, 1103.1, and 1104.1, and ASHRAE 15 and 34.

121.   Defendants caused, in whole or in part, the aforementioned violations as the result of one or more negligent acts, intentional acts, omissions and/or breaches of contract.

122.   Plaintiff and the Subclass suffered actual harm, damages and economic losses, and Plaintiff and the Subclass will continue to suffer such harm, damages and economic loss in the future.

123.   Plaintiff and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and Plaintiff and the Subclass will continue to suffer, or be at imminent risk of suffering, such substantial property damage in the future.

124.   Defendants' violations of Cal. Civ. Code § 896(g)(5) were a substantial factor in causing and proximately caused Plaintiff and the Subclass' actual harm, damages and economic losses.

125.   Defendants' conduct was gross, reckless and in bad faith or willful disregard of the rights and interest of Plaintiff and the Subclass.  Defendants acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Subclass, so as to constitute oppression, fraud or malice under the law.

//
//
//
//
//

FIRST AMENDED COMPLAINT

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, the Class and the Subclass respectfully request the following and pray for judgment as follows:

1. For a declaration that this lawsuit may be properly maintained as a class action and certifying the Class and Subclass claims herein;

2. For general damages according to proof;

3. For special damages according to proof;

4. For restitution in amounts according to proof;

5. For injunctive relief;

6. For any other available penalties for each illegal or fraudulent business act or practice;

7. For costs and expenses of suit incurred herein, including investigative costs;

8. For attorneys' fees;

9. For punitive damages;

10. For prejudgment and postjudgment interest; and

11. Such other and further relief as is proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, the Class and the Subclass, hereby demands a jury trial for all issues so triable.

Dated:  January 6, 2016   KASDAN LIPPSMITH WEBER TURNER LLP

By: _____
Kenneth S. Kasdan
Graham B. LippSmith
Jaclyn L. Anderson
Attorneys for Plaintiff, the Class and the Subclass