UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 28, filed January 25, 2016)

## I. INTRODUCTION

On November 6, 2015, plaintiff Joanna Park-Kim filed a putative class action against defendants Daikin Industries, Ltd., Daikin Applied Americas Inc., and Daikin North America, LLC (collectively, "defendants") in the Los Angeles County Superior Court. Dkt. 1. Defendants removed the action to this Court on August 5, 2014, asserting diversity jurisdiction, as well as original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Id. (Notice of Removal). On January 6, 2016, plaintiff filed the operative first amended complaint ("FAC").[1] Dkt. 24. In brief, plaintiff alleges injury arising from defective evaporator coils in Daikin-brand heating, ventilation, and air conditioning units ("HVAC units"), which purportedly are susceptible to refrigerant leaks due to "formicary corrosion" of the coils.

The FAC asserts the following claims: (1) strict liability – failure to warn; (2) strict liability – manufacturing defect; (3) strict liability – design defect; (4) negligence; (5) breach of express warranty; (6) breach of implied warranty of fitness; (7) breach of implied warranty of merchantability; (8) violations of California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200, et seq.; and (9) and violations of California Civil Code § 896(g)(5). See id.

---

[1] Plaintiff filed the operative first amended complaint following defendants' filing of a Rule 12(b)(6) motion to dismiss on December 16, 2015. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

     On January 25, 2016, defendants filed the instant Rule 12(b)(6) motion to dismiss plaintiff's FAC. Dkt. 28. Plaintiff filed an opposition on February 1, 2016, dkt. 30, and defendants filed a reply on February 29, 2016, dkt. 34. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

     The FAC pleads the following facts:

     Defendants design, manufacture, and sell HVAC units containing a component known as an evaporation coil (a "Daikin Coil"). FAC at ¶ 2. Daikin Coils contain a refrigerant that absorbs heat from the surrounding air, cools the air in the process, and thereby allows defendants' HVAC units to air condition homes, businesses, and buildings. Id. at ¶ 3. However, plaintiff alleges that Daikin Coils fail to operate properly under normal conditions. Id. at ¶ 4. Specifically, plaintiff alleges that

> [b]oth the galvanized steel supports surrounding the Daikin Coils and the Daikin Coils themselves are highly susceptible to corrosion under normal operating conditions. As a result, Daikin Coils leak ever-increasing amounts of refrigerant. These leaks reduce the overall efficacy of the Daikin Coils, leading to costly repairs, and eventually, [to] the total failure of the Daikin Coils.

Id. at ¶ 4. Plaintiff further avers that the failure of Daikin Coils to perform as intended is an unavoidable consequence of their design. Specifically,

> Daikin Coils are made of copper tubing, which is susceptible to a process called "formicary corrosion." Formicary corrosion is caused by a chemical reaction between the copper tubing and volatile organic compounds commonly found within the air of the home. This process results in microscopic holes within the tubing that cause the Daikin Coils to leak refrigerant and ultimately fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Id. at ¶ 5. According to plaintiff, the corrosion and failure of Daikin Coils is due to (1) defendants' selection of the wrong alloy in making the coils, (2) defendants' defective manufacture of the Daikin Coils, and (3) defendants' failure properly to ensure that the Daikin Coils "will perform for their useful life and are fit for their intended purpose of absorbing heat from the surrounding air." Id.

Plaintiff alleges that she purchased a residential condominium home in Los Angeles, California on September 9, 2010, id. at ¶ 1, and that she owns an HVAC unit "containing defective and/or corroded Daikin Coils," id. at ¶ 28.[2] Pursuant to California Code of Civil Procedure section 382, plaintiff brings this action on behalf of the following proposed class ("the Class") and subclass ("the Subclass"):

> Class: All individual, entity, and associations of owners in the State of California who own HVAC units with Daikin Coils installed in them.
>
> Subclass: All individual, entity, and associations of owners of originally constructed individual dwelling units, other than condominium conversions, in the State of California in which purchase agreements for the individual dwelling units were signed by the original seller on or after November 2, 2005 and in which the residential units had installed as part of the original construction HVAC units with Daikin Coils installed in them.

See id. at ¶¶ 13-14.

The FAC further alleges that plaintiff, the Class, and the Subclass "have suffered and/or are in danger of suffering injury and/or substantial property damage due to the defective Daikin Coils including, but not limited to, damage to surrounding property

---

[2] Plaintiff does not specifically allege when, where, or from whom she purchased the HVAC unit (e.g., whether the HVAC unit was included in her 2010 purchase of the residential condominium).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

caused by leaked refrigerant." Id. at ¶ 31. According to plaintiff, the "[d]efective Daikin Coils have diminished the value of [p]laintiff, the Class and the Subclass' homes and the repairs for the damages caused by Daikin Coils are significant." Id. at ¶ 32.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

    In the instant motion to dismiss, defendants' primary contention is that the FAC fails sufficiently to state plausible claims for relief under the standards outlined in Twombly and Iqbal. Specifically, defendants contend that plaintiff fails plausibly to allege injury-in-fact and therefore lacks standing—i.e., she does not plausibly allege "that *her* Daikin Coil ever developed formicary corrosion, that it leaked, that it failed, or that she has incurred any costs, injury, or damages."[3] Motion at 1 (citing McVicar v. Goodman Global, Inc., No. 13-cv-1223, 2015 WL 4945730, at *9 (C.D. Cal. Aug. 20, 2015) (Carter, J.) (holding that plaintiffs who "have not alleged that they were harmed by

---

    [3] Although defendants' motion is styled as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court construes defendants' challenge to plaintiff's Article III standing as arising under Rule 12(b)(1). Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

the alleged defect that is the subject of the suit [i.e., HVAC evaporator-coil leaks caused by formicary corrosion] . . . lack standing")). For reasons explained below, the Court agrees, and finds that plaintiff's FAC must accordingly be dismissed without prejudice.

### A. Plaintiff Fails Sufficiently to Plead Injury-in-Fact

To establish Article III standing, plaintiff must plausibly allege "(1) an injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling." Kane v. Chobani, Inc., 973 F. Supp. 2d 1120, 1128 (N.D. Cal. 2014) (citing Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139 (2010)). Upon a review of plaintiff's FAC, the Court finds that plaintiff has failed sufficiently to allege an actual or imminent injury-in-fact that is fairly traceable to defendants' alleged conduct in producing Daikin Coils.[4]

The FAC contains very few factual allegations regarding plaintiff's particular experience with Daikin Coils, let alone any alleged injury-in-fact—actual or imminent, economic or otherwise—resulting from the coils. Accordingly, defendants argue that the FAC "lack[s] [sufficient] factual allegations to establish or allow assessment of [plaintiff's] claim that Daikin Coils are defective, or that she experienced, let alone was harmed by, that defect." Motion at 1. More specifically, defendants rightfully contend that plaintiff

> does not allege what type of HVAC unit she has, how she acquired it or who manufactured it. Nor does she allege that

---

[4] The Court notes that California's UCL effectively "incorporate[s] the established federal meaning" of injury-in-fact under Article III, but is "substantially narrower" in that the relevant injury *must* be pecuniary. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322, 324 (2011); see also Troyk v. Farmers Grp., Inc., 171 Cal. App. 4th 1305, 1348 n. 31 (2009) ("We note [the] UCL's standing requirements appear to be more stringent than the federal standing requirements. Whereas a federal plaintiff's 'injury in fact' may be intangible and need not involve lost money or property, [California's] Proposition 64, in effect, added a requirement that a UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.' ").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

>   her Daikin Coil leaked; that her Daikin Coil required repairs; that her HVAC unit and/or her Daikin Coil were covered by an express warranty and that any such warranty was breached; or that she suffered any injury, damages, or loss due to an evaporator coil leak, let alone a leak due to the alleged defect.

Id. at 1-2.  Plaintiff, however, contests this conclusion, relying primarily upon the following generalized allegations in the FAC:

>   [1]   Plaintiff, the Class and the Subclass own HVAC units containing defective and/or corroded Daikin Coils.
>
>   ***
>
>   [2]   Plaintiff, the Class and the Subclass have suffered and/or are in danger of suffering injury and/or substantial property damage due to the defective Daikin Coils including, but not limited to, damage to surrounding property caused by leaked refrigerant.
>
>   [3]   Defective Daikin Coils have diminished the value of [p]laintiff, the Class and the Subclass' homes and the repairs for the damages caused by Daikin Coils are significant.

FAC at ¶¶ 28, 31-32.

    First, the Court notes, as plaintiff suggests, "that [actually] experiencing [a manifestation of the] defect is not required for standing.  Standing merely requires a redressable injury that is fairly traceable to [d]efendants' conduct.  Whether a plaintiff can recover for that injury under a particular theory of liability is a separate question."  In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 754 F. Supp. 2d 1145, 1161 (C.D. Cal. 2010) (Selna, J.).  In other words, the Court must distinguish between two separate inquiries: first, whether plaintiff has sufficiently alleged a particularized injury-in-fact for standing purposes; and second, whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

plaintiff's theory of recovery is viable. See id. at 1162. In Cole v. General Motors Corp., 484 F.3d 717, 722 (5th Cir. 2007), the Fifth Circuit explained this distinction as follows:

> Plaintiffs seek recovery for their actual economic harm (e.g., overpayment, loss in value, or loss of usefulness) emanating from the loss of their benefit of the bargain. Notably in this case, plaintiffs may bring claims under a contract theory based on the express and implied warranties they allege. Whether recovery for such a claim is permitted under governing law is a separate question; *it is sufficient for standing purposes that the plaintiffs seek recovery for an economic harm that they allege they have suffered*.

Id. (emphasis added). Thus,"[a]s long as plaintiff[] [sufficiently] allege[s] a legally cognizable loss under the 'benefit of the bargain' or some other legal theory, [she] ha[s] standing."[5] Toyota, 754 F. Supp. 2d at 1164.

---

[5] It is also "at least conceivable that a credible threat of a manifested . . . defect might be sufficient, in and of itself, to confer standing." In re Toyota, 754 F. Supp. 2d at 1161 (citing Cent. Delta Water Agency v. United States, 306 F.3d 938, 947-48 (9th Cir. 2002) (holding that "a credible threat of harm is sufficient to constitute actual injury for standing purposes," especially environmental harms, because "monetary compensation may well not adequately return plaintiffs to their original position.")). From the face of the FAC, it is unclear whether lead plaintiff Joanna Park-Kim is attempting to establish standing on these grounds (i.e., based upon the threat of imminent harm). See FAC at ¶¶ 54 ("Plaintiff, the Class and the Subclass *have suffered, or are at imminent risk of suffering*, substantial damage to property due to leaked refrigerant, and Plaintiff, the Class and the Subclass *will continue to suffer, or be at imminent risk of suffering* such substantial property damage in the future.") (emphasis added), 66 (same), 75 (same), 84 (same), 95 (same), 106 (same), 113 (same), 123 (same). To the extent plaintiff is attempting to establish standing based upon "imminent" harm, see Opp'n 6-7, the Court notes "that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient.' " Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)) (emphasis added; internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Furthermore, in a putative class action, "the lead plaintiffs must show that they personally have been injured, 'not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " Maine State Ret. Sys. v. Countrywide Fin. Corp., 722 F. Supp. 2d 1157, 1163 (C.D. Cal. 2010) (citing Warth v. Seldin, 422 U.S. 490, 502 (1975)). Simply put, a plaintiff "may not avoid the standing inquiry merely by styling his suit as a class action." Id. (citation omitted). In Toyota, for example, the named plaintiffs alleged that they contracted for safe automobiles "that start and stop upon proper application of the accelerator and brake pedals," but they received "defective vehicles . . . [that] sometimes do not start and stop as promised." Id. at 1165. The court explained that under a "benefit of the bargain theory," plaintiffs must allege "overpayment, loss in value, or loss of usefulness" in order to confer standing. Id. at 1166. To establish standing, therefore, several lead plaintiffs specifically alleged that they sold or traded in their vehicles at a loss owing to the alleged defect. Id. ("Plaintiff Mary Ann Tucker sold her 2005 Toyota Camry 'on March 10, 2010, for $9,000,' and alleges she 'received less for her vehicle than she would have had her Camry not had [a] defect.' "); ("Plaintiff Richard Benjamin alleges that he 'has seen the trade-in value [of his 2007 Toyota Sienna] drop $2,000 since the recalls' were made public."). As the court explained, such "specific allegations are not conclusory, and substantiate the alleged 'overpayment, loss in value, or loss of usefulness.' "[6] Id.

However, other lead plaintiffs in Toyota attempted to establish standing by relying upon the complaint's blanket allegation that "*each [p]laintiff* did not receive the benefit of their bargain and/or overpaid for their vehicles, made lease payments that were too high and/or sold their vehicles at a loss when the public gained partial awareness of the defect." Id. (emphasis added). The court dismissed these lead plaintiffs from the action, noting that while such a generalized allegation "may suffice for the putative class," this "does not excuse [each individual] lead [p]laintiff[] from specifically alleging injury" at the pleading stage. Id. at 1167 (citing Denney v. Deutsche Bank AG, 443 F.3d 253, 263

---

marks omitted).

[6] The court further noted that while these lead plaintiffs "do not generally allege the precise dollar value of their losses, [] that level of specificity is not required at the pleadings stage. It is enough that they allege a tangible loss that can be proved or disproved upon discovery." In re Toyota, 754 F. Supp. 2d at 1164.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

(2d Cir. 2006) (distinguishing between *lead* plaintiffs and *represented* plaintiffs and stating that "[w]e do not require that each member of a class [i.e., represented members] submit evidence of personal standing.")).

      The same principle holds true in the instant action. The operative FAC does not make clear what specific injury the sole lead plaintiff in this action actually suffered. Indeed, the FAC consistently conflates the lead plaintiff's allegations with those of the putative class members and, in any event, often fails to make these allegations with sufficient particularity. See, e.g., FAC at ¶¶ 28, 31-32, 54. For example, paragraph 54 of the FAC alleges that "[p]laintiff, the Class and the Subclass have suffered, or are at imminent risk of suffering, substantial damage to property due to leaked refrigerant, and [p]laintiff, the Class and the Subclass will continue to suffer, or be at imminent risk of suffering such substantial property damage in the future." FAC at ¶ 54. Such generalized allegations in the FAC—of which there are many—fail sufficiently to allege plaintiff's particularized injury-in-fact. The FAC's degree of generality further precludes defendants from meaningfully investigating and responding to plaintiff's complaint by, for example, evaluating potential contractual defenses or defenses premised upon the statute of limitations. Indeed, defendants rightfully contend that "there is no way of knowing [from the FAC] . . . what manufacturer and unit is at issue [in this suit], . . . whether it was covered by a warranty, what the terms of that warranty are, or whether the warranty coverage [specifically] applies to [the lead plaintiff]." Motion at 7.

      As the court admonished the plaintiffs in Toyota, "[i]n order to ascertain whether lead [p]laintiffs have standing, it seems reasonable to require specific allegations by the lead [p]laintiffs that support a cognizable injury under Article III, *which would preferably be detailed enough so that the Court and [defendants] would have no trouble discerning what constitutes the injury*—e.g., the 'overpayment, loss in value, [] loss of usefulness,' " or, in the instant case, some other harm, such as actual or imminent damage to the lead plaintiff's property. Toyota, 754 F. Supp. 2d at 1167 (emphasis added). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.' " Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 (9th Cir. 2014) (quoting Twombly, 550 U.S. at 556-57). Plaintiff's FAC contains little such factual enhancement regarding *her* alleged injury (i.e., her Article III standing to sue), relying instead upon generalized assertions, "legal conclusions," and "threadbare recitals of a cause of action." Iqbal, 556 U.S. at 678

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-9523-CAS(KKx) | Date | March 17, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

(citation omitted); see also Twombly, 550 U.S. at 555 (noting Federal Rule of Civil Procedure 8(a)(2) requires "more than labels and conclusions" and that "[f]actual allegations must be enough to raise a right to relief above a speculative level").

Accordingly, plaintiff's FAC must be dismissed without prejudice.

**V.     CONCLUSION**

In accordance with the foregoing, plaintiff's FAC is hereby **DISMISSED** without prejudice.

Plaintiff shall have **thirty (30) days** to file a second amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CL |