Rick L. McKnight (State Bar No. 55183)
fmcknight@jonesday.com
Charlotte S. Wasserstein (State Bar No. 279442)
cswasserstein@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071
Telephone:  (213) 489-3939

Theodore M. Grossman (*pro hac vice*)
tgrossman@jonesday.com
Sharyl A. Reisman (*pro hac vice*)
sareisman@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10117
Telephone:  (212) 326-3939

Richard J. Bedell (*pro hac vice*)
rjbedell@jonesday.com
Louis A. Chaiten (*pro hac vice*)
lachaiten@jonesday.com
JONES DAY
North Point, 901 Lakeside Ave.
Cleveland, OH  44114
Telephone:  (216) 586-3939

*Attorneys for Defendants Daikin Applied Americas*
*Inc. and Daikin North America, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA PARK-KIM, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DAIKIN INDUSTRIES, LTD., DAIKIN APPLIED AMERICAS INC., F/K/A MCQUAY INTERNATIONAL, DAIKIN NORTH AMERICA LLC, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:15-cv-09523-CAS-KK<br><br>Assigned to Hon. Christina A. Snyder<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**Hearing Date: June 20, 2016**<br>**Hearing Time:  10:00 a.m.**<br>**Location:  Courtroom No. 5**<br>**Judge:  Hon. Christina Snyder** |

1
2

# TABLE OF CONTENTS

**Page**

3

INTRODUCTION ........................................................................................... 1

4

SUMMARY OF THE ALLEGATIONS ......................................................... 4

5

     A.    Allegations Regarding Defendants ............................................ 4

     B.    Allegations Regarding Plaintiffs and the Putative Class ..................... 5

6

LEGAL ARGUMENT .................................................................................... 6

7

I.     PLAINTIFFS HAVE FAILED TO ESTABLISH JURISDICTION OR
A CLAIM WITH RESPECT TO DAIKIN NA ................................... 6

8

II.    THE STRICT LIABILITY AND NEGLIGENCE CLAIMS FAIL ............. 9

9

     A.    The Economic Loss Doctrine Bars Plaintiff's Strict Liability and
Negligence Claims ........................................................................... 9

10

     B.    The Strict Liability-Failure to Warn Claim Fails .............................. 10

11

     C.    The Strict Liability-Manufacturing Defect Claim Fails .................... 11

     D.    The Strict Liability-Design Defect Claim Fails .................................. 11

12

     E.    The Negligence Claim Fails .............................................................. 12

13

III.   PLAINTIFFS' WARRANTY CLAIMS SHOULD BE DISMISSED ......... 13

14

     A.    Plaintiffs' Warranty Claims Are Untimely ....................................... 13

15

     B.    Plaintiffs' Warranty Claims Fail For Lack of Notice ....................... 13

     C.    The Express-Warranty Claim Is Deficient for Additional
Reasons ........................................................................................... 14

16

     D.    Plaintiffs' Implied-Warranty-of-Fitness Claim Fails ....................... 17

17

     E.    The Implied-Warranty-of-Merchantability Claim Fails ................... 19

18

     F.    The MMWA Claim Fails .................................................................. 19

19

IV.   THE UCL CLAIM SUFFERS FROM NUMEROUS DEFICIENCIES ...... 20

20

     A.    Plaintiffs' UCL Claim Is Facially Deficient Under Rule 8 ............... 20

     B.    Plaintiffs Lack Standing To Assert UCL Claims Based On Any
Alleged Misrepresentations Or Omissions ....................................... 20

21

     C.    The UCL Claim Is Time-Barred ...................................................... 21

22

     D.    Plaintiffs' Allegations of a UCL Violation Do Not Satisfy Rule
9 ...................................................................................................... 22

23

     E.    Plaintiffs In Any Event Are Not Entitled To Any UCL Remedy ....... 23

24

V.    THE SECTION 896 CLAIM IS DEFECTIVE ................................... 24

25

VI.   THE COURT SHOULD DISMISS WITH PREJUDICE ...................... 25

CONCLUSION .............................................................................................. 25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Altman v. HO Sports Co.*,
No. 1:09-CV-1000 AWI SMS, 2009 WL 4163512 (E.D. Cal. Nov.
23, 2009).......................................................................................................10

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011)........................................................................23

*Asghari v. Volkswagen Grp. of Am., Inc.*,
42 F. Supp. 3d 1306 (C.D. Cal. 2013)..........................................................22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................1, 6

*Backhaut v. Apple, Inc.*,
74 F. Supp. 3d 1033 (N.D. Cal. 2014)..........................................................21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................6, 20

*Carrau v. Marvin Lumber & Cedar Co.*,
93 Cal. App. 4th 281 (2001)...........................................................................9

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........................................................................................19

*Clark v. Countrywide Home Loans*,
732 F. Supp. 2d 1038 (E.D. Cal. 2010).....................................................20, 22

*Clark v. LG Elecs., U.S.A., Inc.*,
No. 13-cv-0485, 2013 WL 2476145 (S.D. Cal. June 7, 2013)...........................17

*Clark v. LG Elecs., U.S.A., Inc.*,
No. 13-cv-0485, 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) .........................19

1
2
3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

4
5
*Clemens v. Daimler-Chrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008)........................................................................19

6
7
*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ....................................................................................8, 9

8
9
10
*Delodder v. Aerotek, Inc.*,
  No. CV 08-6044 CAS AGR, 2009 WL 3770670 (C.D. Cal. Nov. 9,
  2009)................................................................................................................24

11
12
*Dilley v. C.R. Bard, Inc.*,
  No. 14-cv-01795, 2014 WL 1338877 (C.D. Cal. Apr. 3, 2014) ......................11

13
14
15
*Fowler v. Goodman Mfg. Co. LP*,
  No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12,
  2014)..................................................................................................................1

16
17
*Gilmore v. Lycoming Fire Ins. Co.*,
  55 Cal. 123 (1880)...........................................................................................14

18
19
*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011) ..........................................................................................8

20
21
*Griffith v. Bank of Am., N.A.*,
  No. CV 11-5867 PA FFMx, 2011 WL 6849048 (C.D. Cal. Dec. 13,
  2011)................................................................................................................12

22
23
24
*Gustafson v. Goodman Mfg. Co. LP*,
  No. CV-13-08274-PCT-JAT, 2016 WL 1029333 (D. Ariz. Mar. 14,
  2016)..................................................................................................................1

25
26
*Hameed v. IHOP Franchising, LLC*,
  No. 2:10-CV-02276, 2011 WL 590905 (E.D. Cal. Feb. 10, 2011)...................22

27
28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

1
2

**TABLE OF AUTHORITIES**
**(continued)**

3

**Page**

4
5

*Harris v. Nortek Global HVAC LLC*,
  No. 14-cv-21884, 2016 U.S. Dist. LEXIS 18795 (S.D. Fla. Jan. 29,
  2016) ............................................................................................................1

6
7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ....................................................................................8

8
9

*Horne v. Harley-Davidson, Inc.*,
  660 F. Supp. 2d 1152 (C.D. Cal. 2009) ...................................................13

10
11

*In re Coordinated Latex Glove Litig.*,
  99 Cal. App. 4th 594, 121 Cal. Rptr. 2d 301 (2002) ...............................11

12
13

*In re Sony*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..............................................19, 23

14
15

*Justice v. Rheem Mfg. Co.*,
  No. 14-cv-80017 (S.D. Fla. Apr. 27, 2016) ...............................................1

16
17

*Kingsbury v. Greenfiber, LLC.*,
  No.  CV 08-00151, 2009 WL 2997389 (C.D. Cal. Sept. 14, 2009) ..........25

18
19
20

*Knoppel v. St. Jude Med. Inc.*,
  No. SACV 13-383 JVS ANX, 2013 WL 3803612 (C.D. Cal. May
  7, 2013) ....................................................................................................10

21
22

*Lee v. Toyota Motor Sales, USA, Inc.*,
  992 F. Supp. 2d 962 (C.D. Cal. 2014) .................................................15, 17

23
24

*Mazonas v. Nationstar Mortg. LLC*,
  No. 16-CV-00660-RS, 2016 WL 2344196 (N.D. Cal. May 4, 2016) ........22

25
26

*McVicar v. Goodman Glob., Inc.*,
  1 F. Supp. 3d 1044 (C.D. Cal. 2014) ........................................................21

27
28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

1

**TABLE OF AUTHORITIES**
**(continued)**

2

3

**Page**

4

*McVicar v. Goodman Glob., Inc.*,
No. CV 13-1223-DOC RNBX, 2015 WL 4945730 (C.D. Cal. Aug.
20, 2015), appeal denied (Nov. 19, 2015) ............................................. 1

5

6

*Minkler v. Apple, Inc.*,
65 F. Supp. 3d 810 (N.D. Cal. 2014) ............................................. 14, 18

7

8

*Mountain Club Owner's Ass'n v. Graybar Elec. Co.*,
No. Civ. 2:13-1835 WBS KJN, 2014 WL 130767 (E.D. Cal. Jan.
14, 2014) ............................................................................................. 12

9

10

11

*Newcal Indus., Inc. v. Ikon Office Sol.*,
513 F.3d 1038 (9th Cir. 2008) ............................................................ 16

12

13

*NuCal Foods, Inc. v. Quality Egg LLC*,
887 F. Supp. 2d 977 (E.D. Cal. 2012) ................................................. 8

14

15

*NuCal Foods, Inc. v. Quality Egg LLC*,
918 F. Supp. 2d 1037 (E.D. Cal. 2013) ............................................. 18

16

17

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................... 23

18

19

*Otworth v. S. Pac. Transp. Co.*,
166 Cal. App. 3d 452 (1985) .............................................................. 14

20

21

*Pastor-Richard v. Goodman Global, Inc.*,
No. 2012-268 (WOB-JGB) (E.D. Ky. July 2, 2013) ............................ 1

22

23

*PB Property Mgmt., Inc. v. Goodman Mfg. Co., L.P.*,
No. 3:12-cv-1366-HES, ECF No. 159 (M.D. Fla. May 12, 2016) ....... 1

24

25

*Plumlee v. Pfizer, Inc.*,
No. 13-CV-00414-LHK, 2014 WL 695024 (N.D. Cal. Feb. 21,
2014) ................................................................................................... 22

26

27

28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ............................................................. 8

*Rice v. Sunbeam Prods., Inc.*,
   No. CV 12-7923, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ................ 14, 15, 16

*Rockwell Automation, Inc. v. Kontron Modular Computers*,
   No. 12cv566-WQH, 2012 WL 5197934 (S.D.Cal. Oct. 19, 2012) ...................... 8

*Smith v. LG Electronics U.S.A.*,
   No. 13-cv-4361, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) .................... 16, 17

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-cv-2746, 2009 WL 1635931 (N.D. Cal. June 5, 2009) .................. 9-10, 16

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-27456 JF (PVT), 2009 WL 4723366 (N.D. Cal. Dec. 4,
   2009) ................................................................................................. 13

*Stewart v. Screen Gems-EMI Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015) .................................................... 8

*Sumner v. Carrier Corp.*,
   No. 14–cv–04271–VC, 2015 WL 758314 (N.D. Cal. Feb. 20, 2015) ........... 1, 16

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................... 22, 23

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................ 14

*Tietsworth v. Sears, Roebuck & Co.*,
   No. 09-cv-0288, 2009 WL 1363548 (N.D. Cal. May 14, 2009) .................... 14

*Tomek v. Apple, Inc.*,
   No. 2:11-CV-02700-MCE, 2012 WL 2857035 (E.D. Cal. July 11,
   2012) ................................................................................................. 14

1
2

**TABLE OF AUTHORITIES**
**(continued)**

3

**Page**

4

*Trabakoolas v. Watts Water Techs., Inc.*,
5    No. 12-CV-01172-YGR, 2012 WL 2792441 (N.D. Cal. July 9,
     2012) .................................................................................................. 11

6
7    *Tyson v. Wells Fargo Bank*,
     No. CV 12-5757-CAS, 2012 WL 4107877 (C.D. Cal. Sept. 18,
8    2012) .................................................................................................. 25

9
     *UMG Record., Inc. v. Glob. Eagle Entm't, Inc.*,
10    117 F. Supp. 3d 1092 (C.D. Cal. 2015) .............................................. 9

11
     *Urban Textile, Inc. v. A & E Stores, Inc.*,
12    No. 2:14-CV-01554-CAS, 2014 WL 3955173 (C.D. Cal. Aug. 11,
13    2014) .................................................................................................... 7

14
     *Vaccarino v. Midland Nat'l Life Ins., Co.*,
15    No. CV 11-05858 CAS MANx, 2011 WL 5593883 (C.D. Cal. Nov.
16    14, 2011) ............................................................................................ 20

17
     *Vavak v. Abbott Labs., Inc.*,
18    No. SACV 10-1995 JVS RZx, 2011 WL 105500655 (C.D. Cal.
     June 17, 2011) .................................................................................... 12
19

20
     *Vess v. Ciba-Geigy Corp. USA*,
21    317 F.3d 1097 (9th Cir. 2003) ...................................................... 6, 22

22
     *Villalvazo v. Am.'s Servicing Co.*,
23    No. CV 11-4868 CAS (MANx), 2012 WL 3018059 (C.D. Cal. July
     23, 2012) ............................................................................................ 25
24

25
     *Vitt v. Apple Comput., Inc.*,
     469 F. App'x 605 (9th Cir. 2012) ...................................................... 16
26

27
     *Warner v. Tinder, Inc.*,
     105 F. Supp. 3d 1083 (C.D. Cal. 2015) ............................................ 24
28

1
2

# TABLE OF AUTHORITIES
## (continued)

3

**Page**

4

*Wilson v. Hewlett-Packard Co.*,
5
    668 F.3d 1136 (9th Cir. 2012).................................................................22, 23

6
*Young v. Carrier Corp.*,
7
    No. 4:14-CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) ....................1

8

### STATUTES AND RULES

9
15 U.S.C. § 2308(b).................................................................................................18

10
15 U.S.C. § 2310(e).................................................................................................13
11
12
Cal. Bus. & Prof. Code § 17204 ............................................................................20

13
Cal. Bus. & Prof. Code § 17208 ............................................................................22

14
Cal. Civ. Code § 895...............................................................................................4
15
Cal. Civ. Code § 896.........................................................................................24, 25
16
17
Cal. Civ. Code § 1792.............................................................................................18

18
Cal. Com. Code § 2313...........................................................................................16

19
Cal. Com. Code § 2315...........................................................................................18
20
21
Cal. Com. Code § 2316(2).......................................................................................17

22
Cal. Com. Code § 2607(3)(A) ................................................................................13

23
Cal. Com. Code § 2725...........................................................................................13

24
Fed. R.Civ. P. 12(b)(6) ...........................................................................................6
25
26
Fed. R. Civ. P. 8.....................................................................................................20

27
Fed. R. Civ. P. 9...........................................................................................6, 22, 23

28

MEMO. IN SUPPORT OF MOTION TO DISMISS
COMPLAINT

**INTRODUCTION**

This case is one of several putative class actions filed against various HVAC manufacturers relating to alleged "formicary corrosion" in evaporator coils, although it is the first case against these manufacturers. Courts have dismissed many of those actions at the motion-to-dismiss stage,[1] and denied class certification in all cases in which a class-certification ruling has issued.[2] In this case, Plaintiffs come nowhere near stating a claim. This third iteration of the complaint is once again long on far-fetched legal theories, but short on facts. The Court should dismiss it in its entirety, this time with prejudice.

In dismissing the First Amended Complaint, the Court emphasized that the named plaintiff must provide "factual enhancement[s]" in place of "generalized assertions, 'legal conclusions,' and 'threadbare recitals of a cause of action.'" ECF No. 39, Order on Motion to Dismiss First Amended Complaint ("Order") at 10 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Yet Plaintiffs once again rest on generalized allegations and legal conclusions—with scant additional facts regarding their actual experiences and claims. Indeed, the only concrete and specific additional fact Plaintiffs allege—that Plaintiffs own McQuay Enfinity Water Source Heat Pumps ("WSHPs") with allegedly defective evaporator coils—makes it clear that two of the Defendants, Daikin Industries, Ltd. ("DIL") and Daikin North America LLC ("Daikin NA"), should not even have been named,

---

[1] *See, e.g.*, *Sumner v. Carrier Corp.*, No. 14–cv–04271–VC, 2015 WL 758314, at *2 (N.D. Cal. Feb. 20, 2015); *Fowler v. Goodman Mfg. Co. LP*, No. 2:14-CV-968-RDP, 2014 WL 7048581, at *1 (N.D. Ala. Dec. 12, 2014); *Young v. Carrier Corp.*, No. 4:14-CV0974, 2014 WL 6617650, at *1 (N.D. Ohio Nov. 21, 2014); *Pastor-Richard v. Goodman Global, Inc.*, No. 2012-268 (WOB-JGB) (E.D. Ky. July 2, 2013).

[2] *McVicar v. Goodman Glob., Inc.*, No. CV 13-1223-DOC RNBX, 2015 WL 4945710, at *14 (C.D. Cal. Aug. 20, 2015), appeal denied (Nov. 19, 2015); *PB Property Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-cv-1366-HES, ECF No. 159 (M.D. Fla. May 12, 2016) ; *Justice v. Rheem Mfg. Co.*, No. 14-cv-80017 (S.D. Fla. Apr. 27, 2016); *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 1029333, at *14 (D. Ariz. Mar. 14, 2016); *Harris v. Nortek Global HVAC LLC*, No. 14-cv-21884, 2016 U.S. Dist. LEXIS 18795, at *52 (S.D. Fla. Jan. 29, 2016).

because they did not design, manufacture, warrant, market, or sell McQuay-brand WSHPs.[3]

Plaintiffs' claims fail as to all defendants for a host of other, now-familiar reasons.

*Iqbal/Twombly*.  Plaintiffs sought leave to amend the First Amended Complaint on the grounds that they could make "additional factual allegations" including the "manufacturing date" of the "HVAC unit," "that the defective Daikin Coils and their failures has or most certainly will cause harm to person and property," and that HVAC units "short[] out . . ., overheating the HVAC compressor, which requires a costly replacement compressor."  ECF No. 30 (Opp'n to Motion to Dismiss) at 22.  When given the opportunity, however, Plaintiff Park-Kim added an additional plaintiff (Ms. Ramos) but did not allege these facts or many other necessary facts to plead their claims sufficiently.  Plaintiffs do not allege the manufacturing date of their systems, nor when they were installed.  And while they now allege evaporator-coil "failures," they omit basic facts like when those failures allegedly occurred.  Even on this third amendment, Defendants still cannot evaluate whether a valid warranty was in place at the time, whether all claims are untimely, and whether Plaintiffs' units were merchantable when sold, among other things.  And although Plaintiffs superficially enhance their assertions that refrigerant leaks theoretically can cause safety issues and damage to other property, Plaintiffs do not allege that they experienced either.  To the extent they allege any damages, those damages are strictly out-of-pocket costs to address the alleged product "failure"—and therefore not recoverable under many of Plaintiffs' theories.  As a result, the Second Amended Complaint's "degree of generality," just like the First Amended Complaint's, "precludes defendants from meaningfully

---

[3] Defendant DIL does not formally join in this motion to dismiss because it has asserted personal-jurisdiction defenses in a motion to dismiss being filed contemporaneously.  However, the grounds for this motion apply equally to DIL and require dismissal of Plaintiffs' lawsuit against all Defendants.

investigating and responding to plaintiff's complaint." Order at 10. Dismissal is warranted on this basis alone.

*Strict liability and negligence.* The economic-loss doctrine, which precludes recovery for purely economic losses, bars Plaintiffs' strict-liability and negligence claims. These claims are deficient for other reasons, too. Count II (strict liability-failure to warn) fails because Plaintiffs have not plausibly alleged facts showing that Defendants failed to warn about any danger or injuries caused by an alleged failure to warn. Count III (strict liability-manufacturing defect) fails because Plaintiffs do not allege facts showing that Daikin Coils are defective due to a flaw in a manufacturing process—to the contrary, they allege that the coils are defective due to their design. And their design-defect claim (Count IV, strict liability-design defect) independently fails because Plaintiffs do not plausibly allege any danger posed by the product or that Defendants failed to satisfy any safety expectation. Count V (negligence) fails because Plaintiffs do not allege that Defendants owed them a duty, or that any such duty was breached.

*Breach of warranty.* All of Plaintiffs' warranty claims (Counts I, VI, VII, and VIII) are time-barred, and independently fail because Plaintiffs do not allege that they provided Defendants notice. In addition, Plaintiffs have failed to plead a claim for breach of express warranty (Count VI) because (1) they do not attach or identify the terms of an enforceable express warranty; (2) they do not allege that a warranty formed the basis of their bargain with Defendants; and (3) they do not plausibly allege that Defendants breached any such warranty. Plaintiffs have failed to plead breach of any implied warranty (Counts VII and VIII) because (1) the Limited Warranty (had Plaintiffs attached it or set forth its terms) disclaims implied warranties; (2) Plaintiffs do not allege a failure within one year of purchase, the outside limit of any implied warranty to the extent it survives the disclaimer; and (3) Plaintiffs fail to allege an in-state and at-retail purchase. Plaintiffs' fitness-for-a-particular-purpose claim fails for the additional, but fundamental, reason that they

do not allege that they purchased their McQuay products for a particular purpose. And Plaintiffs' new Magnuson-Moss Warranty Act ("MMWA") claim (Count I), in addition to being barred by the statute of limitations and by Plaintiffs' failure to allege notice, fails because it is derivative of Plaintiffs' insufficiently pled implied-warranty claims.

*UCL*.  Plaintiffs' claim under the UCL (Count IX) fails for lack of standing and is barred by the statute of limitations.  Plaintiffs also have failed to state a claim under any of the three prongs of the UCL.

*Right to Repair Act*.  Plaintiffs' claim under the Right to Repair Act, Cal. Civ. Code § 895 *et seq*. (the "Act") fares no better.  The Act does not apply to claims of defects in products, like the one alleged here, unless the plaintiff ties the alleged defect to a specific building standard.  Although Plaintiffs attempt to allege a violation of such a standard, the standard Plaintiffs identify does not bear on the alleged defect and, in any event, applies to builders and contractors who size and install air conditioners, not component-part manufacturers.

Plaintiffs have had three chances to try to state a claim.  They should not be given a fourth.  The Court should dismiss the Second Amended Complaint with prejudice.

## SUMMARY OF THE ALLEGATIONS

### A. Allegations Regarding Defendants

Plaintiffs allege that the named defendants "design, manufacture and sell heating, ventilation, and air conditioning units" that contain "a component known as an evaporat[or] coil manufactured with copper tubing ('Daikin Coils')."  Second Amended Complaint ("Compl.") ¶ 4.  Plaintiffs further allege that these Daikin Coils—a term coined by Plaintiffs that fails to identify a specific or unique product[4]—are susceptible to a unique form of corrosion known as formicary

_____

[4] An evaporator coil merely refers to a series of tubes through which pressurized refrigerant runs, *see* Compl. ¶ 5, and may be found in a variety of different products sold by a variety of manufacturers.

corrosion, which allegedly causes the coils to leak refrigerant and fail.  *Id.* ¶¶ 4, 7.

As in their previous complaints, Plaintiffs provide virtually no detail regarding Defendants, or each of their supposed participation in the alleged misconduct.  Rather, Plaintiffs' allegations group them together as "Defendants" without attributing specific conduct to any or each of the individual defendants; without alleging what products each unique defendant designs, manufactures, warrants and/or sells; without alleging any similarity of manufacturing or design of these manufacturers' dissimilar products; and without alleging they acted in concert with respect to the alleged misconduct in this case.  *See*, *e.g.*, *id.* ¶¶ 7, 28-35.

To the extent Plaintiffs provide any Defendant-specific facts at all, Plaintiffs allege only that in 2006, DIL, a Japanese entity, acquired McQuay International and later renamed the subsidiary Daikin Applied Americas Inc. ("Daikin Applied").  *Id.* ¶ 3.  Plaintiffs allege no relationship between Daikin Applied and Daikin NA.

**B.     Allegations Regarding Plaintiffs and the Putative Class**

Both Plaintiffs allege that they own McQuay-brand WSHPs with allegedly defective copper evaporator coils.  Compl. ¶¶ 36, 40.

Plaintiff Park-Kim alleges that her McQuay unit was originally installed in a new condominium she purchased in September 2010.  *Id.* ¶¶ 36-37.  She fails to allege when her McQuay unit was installed and whether she is the original owner of the condominium.  She alleges that the coil installed in her McQuay unit corroded and leaked refrigerant and that she spent "thousands" of dollars to have a contractor test the unit for leaks, replenish it with refrigerant, and replace her original coil.  *Id.*

Ms. Ramos alleges that her McQuay unit was installed in a new condominium she purchased in June 2009.  *Id.* ¶ 40.  Like Plaintiff Park-Kim, she does not allege when her McQuay unit was installed and whether she is the original owner of the condominium.  She alleges that the coil installed in her McQuay unit corroded and leaked refrigerant and that she spent "hundreds" of dollars to have a contractor test the unit for leaks, replenish it with refrigerant, and *estimate* the cost

of replacing her original coil.  *Id.* ¶ 41.

Neither Plaintiff alleges when the alleged leaks occurred, and whether the "corrosion" was formicary corrosion, the alleged defect.  Neither Plaintiff alleges that she submitted a warranty claim, that any Defendant failed to honor the warranty, or that she has experienced additional problems with her system. Plaintiff Ramos does not even allege that her coil was ever replaced.[5]

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On a motion to dismiss, the court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  To satisfy the heightened pleading requirements of Rule 9(b), which applies to Plaintiff's UCL-fraud claim, Plaintiff must allege "*more* than the neutral facts necessary to identify the transaction," including the who, what, when, where, and how of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

## I.   PLAINTIFFS HAVE FAILED TO ESTABLISH JURISDICTION OR A CLAIM WITH RESPECT TO DAIKIN NA.

Despite two motions to dismiss raising this deficiency, Plaintiffs lump all "Defendants" together, without alleging each Defendant's role in the alleged

---

[5] Plaintiffs purport to represent a class of "[a]ll individual, entity and associations of owners in the State of California who own HVAC units with Daikin Coils installed in them," Compl. ¶ 14, as well as a Subclass, *id.* ¶ 15.

misconduct, or facts supporting each Defendant's liability. *See*, *e.g.*, Compl. ¶¶ 4, 7, 31-32, 38-39. Now that Plaintiffs have alleged in the current complaint that they own *McQuay-brand WSHP*s, it is now clear this failing goes beyond just an issue of improper group pleading. It also means there is no standing or personal jurisdiction with respect to Daikin NA, which does not design, manufacture, warrant, or sell McQuay-brand WSHPs.

*Article III Standing*: As this Court previously held in its prior dismissal Order, to establish Article III standing, among other things, Plaintiffs "must plausibly allege . . . 'that the injury is fairly traceable to the challenged action of the defendant.'" Order at 6 (citation omitted). Plaintiffs, however, do not (and cannot) allege that the alleged injury is traceable to Daikin NA, which did not design, manufacture, warrant, market, or sell McQuay-brand WSHPs—the alleged defective product that Plaintiffs finally identify as the alleged defective product at issue in this third round of amendments to the complaint. Compl. ¶¶ 36, 40. Although Plaintiffs allege that DIL acquired McQuay International and later renamed the subsidiary Daikin Applied, Plaintiffs allege no connection with Daikin NA. *Id*. ¶¶ 3, 36, 40.[6] Daikin NA must be dismissed for this reason alone.

*Personal Jurisdiction.* Plaintiffs' failure to connect any alleged injury to Daikin NA also requires that Daikin NA be dismissed for lack of personal jurisdiction. Daikin NA is a Delaware LLC with its principal place of business in Texas. Declaration of Lee J. Smith ("Smith Decl.") ¶ 2. Although Daikin NA does manufacture some products that are sold in California, it does not manufacture or sell any McQuay products, let alone McQuay WSHPs, the only product at issue here. *See Urban Textile, Inc. v. A & E Stores, Inc.*, No. 2:14-CV-01554-CAS, 2014 WL 3955173, at *3 (C.D. Cal. Aug. 11, 2014) (Snyder, J.) ("[T]he fact that [the defendant's] products are available for sale in California . . . does not establish

---

[6] Further, McQuay International (now Daikin Applied) warrants McQuay-brand units. *See* Johnston Decl., Ex. A (McQuay Limited Warranty).

1   general jurisdiction . . . .").  A non-resident defendant like Daikin NA can be haled

2   into California's courts only if the Court has specific or general personal

3   jurisdiction.  Neither exists here.[7]

4        For a court to exercise specific jurisdiction over a defendant, the

5   "controversy [must] [ ] relate[ ] to or 'arise[ ] out of' a defendant's contacts with the

6   forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414

7   (1984).  But Plaintiffs do not, and cannot, allege any connection between Daikin

8   NA and the allegedly defective products at issue here.  *See NuCal Foods, Inc. v.*

9   *Quality Egg LLC*, 887 F. Supp. 2d 977, 990 (E.D. Cal. 2012) (a plaintiff must

10  allege that "each separate entity was actually involved" with the allegedly defective

11  product).  Both Plaintiffs allege that they own McQuay WSHPs, and Daikin NA

12  does not design, manufacture, warrant, or sell McQuay WSHPs, or evaporator coils

13  for them.  Smith Decl., ¶¶ 4-5; *see Rockwell Automation, Inc. v. Kontron Modular*

14  *Computs.*, No. 12cv566-WQH, 2012 WL 5197934, at *9 (S.D.Cal. Oct. 19, 2012)

15  (no specific jurisdiction where defendant was not "involved in the engineering or

16  development" of the products at issue).  Far from "arising out of" or "relating to"

17  Daikin NA's activities, then, Plaintiffs' claims have nothing to do with Daikin NA.

18       General jurisdiction exists only when a corporation's "affiliations with the

19  [forum] State are so 'continuous and systematic' as to render [it] essentially at

20  home in [that] State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915,

21  919 (2011).  That is an "exacting standard." *Ranza v. Nike, Inc.*, 793 F.3d 1059,

22  1069 (9th Cir. 2015).  And it is only the "exceptional case" in which "a

23  corporation's operations in a forum other than its formal place of incorporation or

24  principal place of business may be so substantial and of such a nature as to render

25  _____

26      [7] Plaintiffs cannot rely on the activities of Daikin Applied, Daikin NA's sister
company, to establish personal jurisdiction over Daikin NA.  "[T]he existence of

27  a . . . mere sister-sister entity relationship 'is not sufficient to establish personal
jurisdiction,'" where, as here, there is no allegation that the two entities "are not
really separate entities" because one company is the "alter ego" of the other.

28  *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015).

the corporation at home in that State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761

n.19 (2014).  No such exceptional circumstance exists here, and Plaintiffs do not

allege otherwise.  Daikin NA is a Delaware LLC with its principal place of business

in Texas.   Smith Decl., ¶ 2.  If "the largest supplier of luxury vehicles to the

California market" with "multiple California-based facilities" could not be subject

to general jurisdiction in California, *Daimler AG*, 134 S. Ct. at 750-52, Daikin NA

cannot be.  The Court thus lacks personal jurisdiction over Daikin NA.

## II.   <u>THE STRICT LIABILITY AND NEGLIGENCE CLAIMS FAIL.</u>

As Defendants argued in their prior motions to dismiss, the economic-loss

doctrine bars Plaintiffs' strict-liability and negligence claims.  Those claims are

deficient for other, independent reasons as well.

### A.   <u>The Economic Loss Doctrine Bars Plaintiff's Strict Liability and</u>
### <u>Negligence Claims.</u>

Plaintiffs' strict-liability and negligence claims (Counts II, III, IV, and V) are

barred by the economic loss doctrine.  The economic-loss doctrine precludes

recovery for purely economic losses to the allegedly defective product, "as opposed

to damages involving physical harm to person or property."  *UMG Record., Inc. v.*

*Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015).  Plaintiffs

fail to plead any harm to person or property and allege only economic losses

incurred in addressing the alleged failures of their McQuay units.  Compl. ¶¶ 37, 41.

Such damages are barred.  The same is true of Plaintiffs' vague allegation of

diminished value to their homes, Compl. ¶¶ 39, 43.  *Carrau v. Marvin Lumber &*

*Cedar Co.*, 93 Cal. App. 4th 281, 294-95 (2001) (recovery for the diminished value

of a house in which defective windows were installed is barred by the economic-

loss doctrine).

In an apparent attempt to avoid the economic-loss rule, Plaintiffs now claim

that evaporator-coil leaks can create "health and safety risks," Compl. ¶ 33, and can

"damage[] surrounding property."  *Id*. ¶ 34.  But Plaintiffs do not actually claim to

1  have experienced these harms.  *See Stearns v. Select Comfort Retail Corp*., No. 08-

2  cv-2746, 2009 WL 1635931, at *3 (N.D. Cal. June 5, 2009) (requiring allegations

3  of "[*a*]*ppreciable*," non-speculative harm of personal injury or damage to other

4  property for purposes of the economic loss doctrine analysis (emphasis added)).

5  Plaintiffs do not plausibly allege that they were endangered by their evaporator

6  coils, nor do they claim any damage to other property.  Plaintiffs' alleged harm is

7  limited to out-of-pocket expenses to repair their units and vague claims of

8  diminution in home value, which they cannot recover under the economic-loss rule.

9  ## B.    The Strict Liability-Failure to Warn Claim Fails.

10     Plaintiffs' failure-to-warn claim also fails because Plaintiffs have not

11  plausibly alleged a danger that Defendants failed to warn about or any resultant

12  injury.  To state a failure-to-warn claim, Plaintiffs must allege, among other things,

13  that Defendants failed to warn of the alleged substantial risks, causation, and

14  damages.  *Altman v. HO Sports Co*., No. 1:09-CV-1000 AWI SMS, 2009 WL

15  4163512, at *9 (E.D. Cal. Nov. 23, 2009).  Although Plaintiffs allege that

16  "Defendants failed to adequately warn consumers" of the risks associated with

17  exposure to refrigerant, Compl. ¶ 72, Plaintiffs plead no facts in support of that

18  conclusion.  Plaintiffs do not allege, among other things, whether Defendants

19  provided warnings with the HVAC units, whether Plaintiffs read those warnings,

20  whether or how those warnings were inadequate, or any other facts that would

21  support the conclusion that Defendants failed to warn.  These deficiencies require

22  dismissal.  *Altman*, 2009 WL 4163512, at *9 (dismissing failure-to-warn claim

23  because "[t]he FAC does not identify how the warning was inadequate").

24     Nor do Plaintiffs link their purported lack of knowledge to any harm they

25  experienced.  *Knoppel v. St. Jude Med. Inc*., No. SACV 13-383 JVS ANX, 2013

26  WL 3803612, at *2 (C.D. Cal. May 7, 2013) (dismissing failure-to-warn claim

27  because the plaintiff failed to connect the alleged knowledge of a risk to any injury).

28  They identify only out-of-pocket losses in the form of labor and repair charges.

These charges, however, were not incurred as a result of an alleged failure to warn.

### C.   The Strict Liability-Manufacturing Defect Claim Fails.

Plaintiffs' manufacturing defect claim also should be dismissed because they do not plausibly identify a defect caused by Defendants' manufacturing process. "Under a manufacturing defect theory, a manufacturer may be strictly liable when a flaw in the manufacturing process results in a product that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Trabakoolas v. Watts Water Techs., Inc.*, No. 12-CV-01172-YGR, 2012 WL 2792441, at *3 (N.D. Cal. July 9, 2012) (internal quotation marks omitted). The "manufacturing defect" theory posits that "a suitable design is in place, but that the manufacturing process has in some way deviated from that design." *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613, 121 Cal. Rptr. 2d 301, 315 (2002).

Despite multiple opportunities, Plaintiffs still do not plausibly claim that Defendants' manufacturing process, or a defect in that process, caused the alleged harm. To the contrary, Plaintiffs assert that the alleged defect "is an unavoidable consequence of [Daikin Coils'] *design*." Compl. ¶ 7 (emphasis added); *see also id.* ¶ 31 ("Defendants knew. . . that the Daikin Coils were and are defective due to their defective design . . . ."). Although Plaintiffs now attempt to attribute the alleged defect to design and manufacturing, *id.* ¶ 7, Plaintiffs' "bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion" and cannot form the basis of their claim. *Dilley v. C.R. Bard, Inc.*, No. 14-cv-01795, 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014) (a plaintiff "must *identify/explain how* the [product] either deviated from [the manufacturer's] intended result/design or *how* the [product] deviated from other seemingly identical [products].").

### D.   The Strict Liability-Design Defect Claim Fails.

To state a design-defect claim, Plaintiffs must either "*describe* how the [product] failed to meet the minimum safety expectations of an ordinary consumer

1    or allege that the risks of the design outweigh the benefits, and then *explain how* the

2    particular design of the [product] caused [plaintiff] harm." *Mountain Club Owner's*

3    *Ass'n v. Graybar Elec. Co.*, No. Civ. 2:13-1835 WBS KJN, 2014 WL 130767, at *1

4    (E.D. Cal. Jan. 14, 2014).  Plaintiffs have done neither.  They do not plausibly

5    allege any facts indicating an ordinary consumer's minimum safety expectations,

6    nor do they plausibly allege how Defendants failed to meet those expectations.

7    And Plaintiffs do not allege any harm caused by the allegedly defective design,

8    other than out-of-pocket costs that are not recoverable under this claim.

9          **E.    The Negligence Claim Fails.**

10         To state a claim for negligence, Plaintiffs must allege the breach of a legal

11   duty and proximate cause between that breach and plaintiff's injury.  *Griffith v.*

12   *Bank of Am., N.A.*, No. CV 11-5867 PA FFMx, 2011 WL 6849048, at *4 (C.D. Cal.

13   Dec. 13, 2011).  Plaintiffs, however, do not allege a legally cognizable duty owed to

14   them by Defendants, much less a breach of that duty.  Plaintiffs allege only that

15   "Defendants" breached their duty to exercise "reasonable care in the design,

16   formulation, manufacture, sale, testing, marketing, or distribution of the Daikin

17   Coils . . . ."  Compl. ¶ 103.  The law, however, does not recognize this duty.  If it

18   did, "every product-purchasing consumer would have a negligence-based claim

19   against a manufacturer based on [a] so-called duty to use reasonable care in making

20   consumer products."  *See Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS RZx,

21   2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011).

22         Nor do Plaintiffs plead facts showing how each Defendant, or any defendant,

23   breached that duty.  Although Plaintiffs lob out the conclusory allegation that

24   "Defendants" failed to "exercise reasonable care with respect to post-sale warnings

25   and instructions for safe use," and Plaintiffs "suffer[ed] injuries as a result," Compl.

26   ¶¶ 104-05, nowhere do Plaintiffs plausibly allege any actual injury caused by the

27   claimed lack of post-sale warnings or instructions for safe use.  Plaintiffs' alleged

28   injuries—if any—are solely economic and barred by the economic-loss rule.

**III.    PLAINTIFFS' WARRANTY CLAIMS SHOULD BE DISMISSED.**

      **A.    Plaintiffs' Warranty Claims Are Untimely.**

Plaintiffs' warranty claims (Counts I, VI, VII, and VIII) are subject to a four-year statute of limitations.  *See* Cal. Com. Code § 2725; *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1157 (C.D. Cal. 2009) (applying same limitations period to MMWA claim).  The limitations period begins "when tender of delivery is made," unless the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," in which case "the cause of action accrues when the breach is or should have been discovered."  Cal. Com. Code § 2725.

Plaintiffs do not plausibly identify the terms of an enforceable warranty that applies here, let alone one that "explicitly extends to future performance."  The limitations period therefore began upon delivery of their McQuay units.  Although Plaintiffs do not specify when delivery occurred, they do allege when they purchased their condominiums containing McQuay units: Ms. Park-Kim purchased in September 2010, Compl. ¶ 36, and Ms. Ramos purchased in June 2009, *id.* ¶ 40. The statute of limitations on their warranty claims thus expired by September 2014 and June 2013, respectively.  Ms. Park-Kim, however, did not file suit until November 6, 2015, ECF No. 1, and Ms. Ramos did not file suit until April 15, 2016, ECF No. 40, in both cases well after the limitations period had run.

      **B.    Plaintiffs' Warranty Claims Fail For Lack of Notice.**

Plaintiffs' express and implied warranty claims independently fail because Plaintiffs do not allege they provided pre-suit notice and an opportunity to cure the alleged breach as required under California law, Cal. Com. Code § 2607(3)(A), and notice under the MMWA, 15 U.S.C. § 2310(e).[8]  Neither Plaintiff even alleges she

---

[8] *See also Stearns v. Select Comfort Retail Corp.*, No. 08-27456 JF (PVT), 2009 WL 4723366, at *10 (N.D. Cal. Dec. 4, 2009) ("While the SAC contains allegations that the named Plaintiffs contacted Select Comfort about mold in their beds, Plaintiffs once again have failed to allege that they provided adequate notice to Select Comfort that they were acting on behalf of the class prior to filing suit.");

submitted a warranty claim (let alone that Defendants refused to honor it).  Because Plaintiffs "fail[] to plead that [they] provided this notice within a reasonable time of discovering the breach," their "warranty claims must be dismissed."  *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014).

## C.   The Express-Warranty Claim Is Deficient for Additional Reasons.

To state a claim for breach of express warranty, Plaintiffs must allege (1) the terms of the warranty, (2) that the warranty formed part of the basis of the bargain, (3) a breach of warranty, and (4) resulting injury.  *See Tietsworth v. Sears, Roebuck & Co.*, No. 09-cv-0288, 2009 WL 1363548, at *2 (N.D. Cal. May 14, 2009); *Rice v. Sunbeam Prods., Inc.*, No. CV 12-7923, 2013 WL 146270, at *11-12 (C.D. Cal. Jan. 7, 2013) (Snyder, J.).  Plaintiffs do not adequately allege these elements.

### 1.   Plaintiffs do not identify an enforceable express warranty.

To begin with, Plaintiffs do not attach or identify the terms of an express warranty issued by each (or any) of the Defendants covering Plaintiffs' units. *Tomek v. Apple, Inc.*, No. 2:11-CV-02700-MCE, 2012 WL 2857035, at *6 (E.D. Cal. July 11, 2012) (dismissing express-warranty claim that "contains no detail regarding the exact terms of any express warranty breached under the facts of this case").[9]  To be sure, Plaintiffs generically allege that Defendants made "express warranties," including warranties in its "catalogs," and that Defendants' products are "sold pursuant to . . . standard terms and conditions of sale, including Limited Product Warranty."  Compl. ¶ 111.  But Plaintiffs do not allege that any such

---

*Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1144 (N.D. Cal. 2010) ("Logically, notice that a defect has manifested and an opportunity to cure are require to state a claim under the MMWA, even if the manufacturer knows of an alleged defect at the time of sale.").

[9] *See also Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985) ("If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference."); *see also Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880) ("Where a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, [and] a portion, which may be material has been omitted, the complaint is insufficient.").

warranty covered their units; they do not attach any warranty to their complaint; and they do not identify any warranty terms or say which, if any, were breached. Defendants therefore cannot evaluate, among other things, the terms of the alleged warranty, the scope of the alleged warranty, and the warranty's applicability to Plaintiffs' circumstances.  Because Defendants cannot meaningfully respond to Plaintiffs' claim, it should be dismissed.

The failure to attach an applicable warranty to the complaint, or identify its terms, appears to be purposeful.  Had Plaintiffs attached a warranty or alleged its terms (thereby incorporating the warranty by reference), it would have revealed a host of additional problems with their claim.  A typical McQuay WSHP warranty is attached to this motion as Exhibit A to the Declaration of Philip Johnston ("Johnston Decl.").  It has a one-year duration.  While Plaintiffs do not allege when their units allegedly failed, the units presumably did not fail within one year or Plaintiffs would have so alleged (and attached the warranty).  *Lee v. Toyota Motor Sales, USA, Inc*., 992 F. Supp. 2d 962, 978 (C.D. Cal. 2014) ("Plaintiffs cannot establish a breach of express warranty where there are no allegations that Plaintiffs actually experienced a problem with the [product] and sought a repair during the express warranty period.").  Another problem for Plaintiffs is that a typical McQuay WSHP warranty only provides for the repair or replacement of the allegedly defective part.  If Plaintiffs could allege that McQuay failed to provide a free replacement part for a claim submitted during the warranty period, they presumably would have (and attached the warranty) by their third amendment of the complaint. The complaint provides no facts on which the Court could conclude that any Defendant failed to comply with any applicable requirement of an express warranty.

Plaintiffs also claim that Defendants made certain "representations" that they allege are express warranties Defendants breached.  Compl. ¶ 111.  Under California law, however, "[t]o create a warranty, representations regarding a product must be specific and unequivocal."  *Rice*, 2013 WL 146270, at *11.

Statements of advertising puffery do not suffice, and an HVAC-manufacturer's "general statements about the reliability and quality of its evaporator coils are non-actionable puffery." *Sumner*, 2015 WL 758314, at *2. California courts have evaluated representations just like the ones alleged by Plaintiffs here and found them all to be puffery as a matter of law. According to Plaintiffs, Defendants represented that "Daikin Coils benefit from '[h]igh efficiency, low operating costs.'" Compl. ¶ 111. But in *Smith v. LG Electronics U.S.A.*, the court held that representations such as "High Efficiency" and "many years of dependable service" were "[v]ague statements regarding reliability, dependability, and safety," and thus unactionable. No. 13-cv-4361, 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014); *see also Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (finding that the "general assertion that IKON provides its customers with low costs" is "classic puffery"). Likewise, Plaintiffs allege that "reliable operation" is a warranty, Compl. ¶ 111, but the Ninth Circuit held that statements such as "reliable" and "high performance" are "not factual representations that a given standard has been met," *Vitt v. Apple Comput., Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012). And although Plaintiffs contend that "low-cost maintenance and service" is a warranty, Compl. ¶ 111, the court in *Stearns* held that a representation of "maintenance free" was puffery because "no product is ever maintenance free, and no consumer reasonably could have that expectation." 2009 WL 1635931, at *11 (citation omitted). None of the alleged "representations" is an actionable warranty that can be breached.

**2.   Plaintiffs do not identify a warranty that formed the basis of their bargain.**

Even if one or more of the alleged "representations" could be considered express warranties (they cannot), Plaintiffs' claim fails because they do not plausibly allege that the representations formed the "basis of the bargain," a necessary element of an express-warranty claim. Cal. Com. Code § 2313; *Rice*,

2013 WL 146270, at *11.  "For a statement to form the basis of the bargain, the plaintiff must allege facts showing that she was exposed to the alleged statement prior to making the decision to purchase the product."  *Smith*, 2014 WL 989742, at *4.  Here, Plaintiffs do not allege that they saw or were exposed to any of Defendants' alleged "representations," or "catalogs," let alone that they were the basis for their bargain.  Compl. ¶ 111.  To the contrary, Plaintiffs allege that they purchased condominiums with McQuay units already installed, *id*. ¶¶ 36, 40.

### 3.    Plaintiffs do not allege a breach of warranty.

Nor do Plaintiffs plausibly allege a *breach* of any express warranty or which Defendant breached it.  *Lee*, 992 F. Supp. 2d at 978.  Plaintiffs merely allege that "Defendants breached their warranties concerning the Daikin Coils," Compl. ¶ 114, without explaining which Defendant allegedly breached those warranties and how. Not only do Plaintiffs fail to allege an enforceable warranty covering their unit, but Plaintiffs also fail to allege they made a warranty claim that was not satisfied. Without plausible allegations that each Defendant failed to satisfy its warranty obligations (if any), the express-warranty claim must be dismissed.  *See Clark v. LG Elecs., U.S.A., Inc.*, No. 13-cv-0485, 2013 WL 2476145, at *5 (S.D. Cal. June 7, 2013) ("[T]he question is whether [a plaintiff] sought repairs, refunds, or replacements and, if so, whether [the manufacturer] responded appropriately under the warranty.").

### D.    Plaintiffs' Implied-Warranty-of-Fitness Claim Fails.

The implied-warranty-of-fitness claim fails for several, independent reasons.

*First*, the claim fails because the manufacturer of Plaintiffs' WSHPs, McQuay International, disclaims all implied warranties, including the implied warranty of fitness.  Johnston Decl., Ex. A ("**This warranty . . . is given in lieu of all other warranties.  There is no implied warranty of merchantability or fitness for a particular purpose.**").  Again, Plaintiffs cannot avoid dismissal on this basis by simply refusing to set forth the terms of the warranty or attach it to

their complaint.   This disclaimer is unambiguous and appears in boldface.  *See* Cal. Com. Code § 2316(2) (providing that such disclaimers are valid under California law).  At the very least, this disclaimer operates to limit the duration of any implied warranties to the duration of the written warranty at issue; here, that duration is one year.  *See* Johnston Decl., Ex. A; *see also* 15 U.S.C. § 2308(b) ("implied warranties may be limited . . . to the duration of a written warranty").  And Plaintiffs do not allege that the breach occurred within that time frame and, thus, do not plausibly allege that any implied warranty was breached.  *See Minkler*, 65 F. Supp. 3d at 818 ("Plaintiff's failure to allege the date that she purchased the iPhone and the date of the alleged breach renders her Complaint factually deficient.").[10]

*Second*, Plaintiffs' claim fails because Plaintiffs allege no "particular" purpose of their air-conditioning systems beyond the ordinary purpose of cooling their condominiums.  Implied warranties of fitness for a particular purpose require just that, *i.e.*, that a buyer has a particular use in mind, that the seller has reason to know that particular purpose, and that the buyer relies on the seller's skill or judgment to select or furnish suitable goods for that purpose.  Cal. Com. Code § 2315.  In California, a plaintiff has no claim for breach of the implied warranty of fitness when a product is to be used for its ordinary purpose.  *See NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1044 (E.D. Cal. 2013).

As Plaintiffs observe, air conditioning systems "cool air," Compl. ¶ 6—that is their "ordinary purpose," Cal. Com. Code § 2315 cmt. 2.  Plaintiffs  allege no other purpose for their systems other than the ordinary purpose of cooling air in their homes.  Plaintiffs' fitness-for-a-particular-purpose claim should be dismissed.

---

[10] Plaintiffs make the conclusory allegation that "Defendants improperly attempted to limit their implied warranties to exclude coverage for the defective Daikin Coils," which they allege is "unconscionable."  Compl. ¶ 54.  But Plaintiffs do not plausibly allege the facts supporting the unconscionability of any limitation on implied warranties, nor could they.  The limitation is not unconscionable.  *Minkler*, 65 F. Supp. 3d at 819 (finding disclaimer of implied warranties enforceable because "[t]he disclaimer is in writing, conspicuous, and mentions merchantability").

*Third*, to the extent the implied-warranty claim is based on California's Song-Beverly Act, Cal. Civ. Code § 1792, *et seq.*, the claim fails because Plaintiffs do not plead an in-state and at-retail purchase. *In re Sony*, 758 F. Supp. 2d 1077, 1097 (S.D. Cal. 2010) (dismissing Song-Beverly claim for failure to plead in-state and at-retail purchases and delivery for repair within warranty period). On the contrary, Plaintiffs expressly plead that the units were already installed when they purchased their condominiums. Compl. ¶¶ 1-2, 36, 40.

**E.     The Implied-Warranty-of-Merchantability Claim Fails.**

In addition to the statute-of-limitations and notice issues, Plaintiffs' implied warranty of merchantability claim suffers from many of the same defects as the implied-warranty-of-fitness claim:  (1) The Limited Warranty disclaims implied warranties; (2) to the extent any implied warranty applies, it is limited to one year but Plaintiffs fail to allege failure within that year; and (3) Plaintiffs fail to allege an in-state, at-retail purchase. Each of these deficiencies requires dismissal.

**F.     The MMWA Claim Fails.**

For the first time, Plaintiffs claim that Defendants violated the MMWA. The MMWA "borrows state law causes of action." *Clemens v. Daimler-Chrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008). Here, Plaintiffs' MMWA claim is derivative of its state-law implied-warranty claims. Compl. ¶¶ 50-51. Because those claims fail, the MMWA claim necessarily fails. *Clark v. LG Elecs., U.S.A., Inc.*, No. 13-cv-0485, 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013) ("Dismissal of the state law express and implied warranty claims requires the same disposition with respect to an associated MMWA claim.").

Further, Plaintiffs cannot recover the injunctive relief they seek under the MMWA, Compl. ¶ 61, because they do not plausibly allege threatened future harm caused by the alleged breach of implied warranties. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The speculative nature of [plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been

fulfilled."). Rather, both Plaintiffs allege a single evaporator-coil failure, and no further problems after that.

## IV. THE UCL CLAIM SUFFERS FROM NUMEROUS DEFICIENCIES.

### A. Plaintiffs' UCL Claim Is Facially Deficient Under Rule 8.

To satisfy Rule 8, Plaintiffs' allegations must raise the right to relief beyond a speculative level; they must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In the context of a UCL claim, a plaintiff must "provide adequate notice of which of [the alleged] practices is unfair, which is unlawful, and which is fraudulent." *Vaccarino v. Midland Nat'l Life Ins., Co*., No. CV 11-05858 CAS MANx, 2011 WL 5593883, at *8 (C.D. Cal. Nov. 14, 2011)

Plaintiffs allege that "Defendants engaged in unlawful, fraudulent and unfair business practices," Compl. ¶ 142, but do not identify what those practices are. To the extent Plaintiffs allege a violation of the unfairness prong, Plaintiffs fail to identify the allegedly unfair conduct, and thus the claim fails. Likewise, to the extent Plaintiffs assert an unlawful-prong claim, Compl. ¶ 142, Plaintiffs do not identify what that unlawful conduct is and have failed to state a claim for any violation of the law; thus, any unlawfulness claim must be dismissed. *Clark v. Countrywide Home Loans*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010). And to the extent Plaintiffs allege a fraud-prong claim, that claim fails because Plaintiffs do not identify the conduct they claim is fraudulent. Rather, Plaintiffs' allegations are naked assertions of legal conclusions, and therefore are insufficient to state a UCL claim. *Id.* (dismissing UCL claim for failing to allege "with reasonable particularity, the facts supporting the statutory elements of the violation").

### B. Plaintiffs Lack Standing To Assert UCL Claims Based On Any Alleged Misrepresentations Or Omissions.

Furthermore, to the extent Plaintiffs premise their UCL claim on alleged misrepresentations or omissions, *see* Compl. ¶¶ 32, 59, Plaintiffs lack standing

because they fail to allege causation.  Cal. Bus. & Prof. Code § 17204 (to establish UCL standing, a plaintiff must allege that she "suffered injury in fact and . . . lost money or property *as a result of* the unfair competition" (emphasis added)).  When the alleged "unfair competition" is premised on a misrepresentation or omission, a plaintiff must have actually relied on the misrepresentation or omission, and suffered economic injury as a result of that reliance, to show causation for standing purposes.  *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (dismissing because the plaintiffs "make absolutely no allegation that either they or their contractor checked Goodman's website or saw any Goodman advertisement.  Indeed, they do not even allege that when purchasing the product, the contractor looked at any packaging or labeling that would have contained the omitted information."); *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1048 (N.D. Cal. 2014) ("[T]he Court has consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL where such claims are premised on misrepresentations.").

Plaintiffs do not, and cannot, allege reliance on any misrepresentation or omission.  Plaintiffs, after all, did not purchase HVAC units or evaporator coils.  They moved into condominiums with units already installed.  And they do not allege that they saw any representation from Defendants, let alone relied on them, before their purchase.  Plaintiffs lack standing to assert UCL claims based on alleged misrepresentations or omissions.  *Backhaut*, 74 F. Supp. 3d at 1048 (no standing where "Plaintiffs fail to allege that they purchased their Android phones in reliance on any misrepresentation or omission by Apple"). [11]

### C.   The UCL Claim Is Time-Barred.

Plaintiffs' UCL claim is also time-barred.  The statute of limitations for a

---

[11] As discussed above, Plaintiffs also lack standing to bring a UCL claim against Daikin NA because Plaintiffs cannot establish that any "lost money or property" was caused by Daikin NA.  Daikin NA did not design, manufacture, advertise, sell, or warrant the McQuay-brand products at issue here.

UCL claim is four years and "accrues when a defendant misrepresents or omits material information regarding a product or service and a consumer makes a purchase as a result of such deceptive practices." *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 695024, at \*7 (N.D. Cal. Feb. 21, 2014); Cal. Bus. & Prof. Code § 17208; *see also Mazonas v. Nationstar Mortg. LLC*, No. 16-CV-00660-RS, 2016 WL 2344196, at \*6 n.3 (N.D. Cal. May 4, 2016) ("Plaintiffs seeking to vindicate violations of the UCL have four years to file claims . . . ."). Here, Plaintiffs' cause of action accrued, at the latest, when Park-Kim and Ramos purchased the condominiums containing their systems, in September 2010 and June 2009. Compl. ¶¶ 36, 40. The limitations period thus expired well before Plaintiffs sued—in September 2014 for Park-Kim and June 2013 for Ramos.[12]

## D.    <u>Plaintiffs' Allegations of a UCL Violation Do Not Satisfy Rule 9.</u>

To the extent Plaintiffs' UCL claim is based on an alleged fraudulent course of conduct, Compl. ¶ 142, Plaintiffs also fail to satisfy the heightened pleading requirement of Rule 9(b). *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141, 1146 (9th Cir. 2012); *Clark*, 732 F. Supp. 2d at 1050 (dismissing UCL claim for failing to satisfy Rule 9(b)). Allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged, and must be specific enough to give a defendant notice of the particular misconduct that is alleged to constitute the fraud charged. *Vess*, 317 F.3d at 1106. Rule 9(b) does not allow plaintiffs to "merely lump multiple defendants together" and allude to conduct by the "Defendants" as a group. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, Plaintiffs must "differentiate their allegations when suing more than

---

[12] "UCL claims do not benefit from the discovery rule." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1322 (C.D. Cal. 2013). But even were such a rule available for UCL claims, Plaintiffs' failure to "plead facts that demonstrate (1) the time and manner of the delayed discovery [,] and (2) that Plaintiff[s], despite reasonable diligence, w[ere] incapable of making an earlier discovery" would prevent them from invoking it. *Hameed v. IHOP Franchising, LLC*, No. 2:10-CV-02276, 2011 WL 590905, at \*3 (E.D. Cal. Feb. 10, 2011).

one defendant . . . and inform each defendant separately of the allegations surrounding [the] alleged participation in the fraud." *Id*. at 764-65.

As discussed, *see supra* Section I, Plaintiffs fail this test, as they make no attempt to differentiate among the named Defendants, or explain how each Defendant allegedly participated in the claimed fraud. *See* Compl. ¶¶ 7, 28-35. Absent these allegations, Plaintiff cannot satisfy Rule 9(b). *Swartz*, 476 F.3d at 765.

Finally, to survive a motion to dismiss when asserting a UCL claim for an alleged failure to disclose a product defect, Plaintiffs must allege that Defendants were aware of the alleged defects at the time the units were sold to Plaintiffs. *Wilson*, 668 F.3d at 1141, 1146-47 (allegations that the laptop manufacturer had been "on notice" of the defect affecting the laptops and "as early as 2002" were insufficient to survive a motion to dismiss). Although Plaintiffs allege that Defendants "knew, or should have known" about the alleged defect of formicary corrosion, Compl. ¶ 31, they do not plausibly allege who had that knowledge and when. Nor do they plausibly allege that Defendants had that knowledge when Plaintiffs acquired their systems. *Wilson*, 668 F.3d at 1145 & n.5 ("[T]he failure to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent practice."); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (holding allegation that defendant had "exclusive knowledge as the manufacturer" did not support claim that defendant was aware of the alleged defect). Because Plaintiffs fail to allege that Defendants knew of the alleged defect when Plaintiffs acquired their units, and because Defendants have "no duty to disclose facts of which [they] were unaware," *In re Sony*, 758 F. Supp. 2d at 1095, the claim fails.

**E.    Plaintiffs In Any Event Are Not Entitled To Any UCL Remedy.**

Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.9 (9th Cir. 2011). Plaintiffs do not plausibly allege entitlement to either remedy.

To show entitlement to restitution, "a plaintiff must demonstrate that the defendant is in possession of money or property taken from" her. *Warner v. Tinder, Inc.*, 105 F. Supp. 3d 1083, 1093 (C.D. Cal. 2015). Plaintiffs have not made that showing. Although they allege that they incurred "hundreds" or "thousands" of dollars in labor costs, Compl. ¶¶ 37, 41, they do not (and cannot) allege that they paid that money to Defendants. Instead, that money went to third-party "HVAC professionals." *Id.* Defendants, therefore, "acquired" nothing, and there is nothing to restore to Plaintiffs.[13] *Warner*, 105 F. Supp. 3d at 1093.

Nor have Plaintiffs plausibly alleged entitlement to injunctive relief because they have not plausibly alleged "a real or immediate threat of irreparable injury" in the future. *Delodder v. Aerotek, Inc.*, No. CV 08-6044 CAS AGR, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) (Snyder, J.). Each Plaintiff alleges a single evaporator-coil failure, and no problems, or threat of future problems, thereafter.

## V.   THE SECTION 896 CLAIM IS DEFECTIVE.

Plaintiffs' claim under the Right to Repair Act should be dismissed because Plaintiffs do not tie the alleged product defect in this case—premature refrigerant leakage due to formicary corrosion—to a violation of the Act, as they must. Plaintiffs allege that Defendants violated the standard contained in Cal. Civ. Code § 896(g)(5). *Id.* ¶ 151. That standard states that "[l]iving space air-conditioning, if any, shall be provided in a manner consistent with the size and efficiency design criteria specified in Title 24 of the California Code of Regulations or its successor." Cal. Civ. Code § 896(g)(5). But as the standard makes plain, it applies to builders and contractors who size and install air-conditioning systems. It does not apply to manufacturers of component parts for air-conditioners that, like Defendants, do not size or install air-conditioners, and Plaintiffs do not allege otherwise. This standard

---

[13] "This is true even to the extent [Plaintiffs] allege[] that the 'value' of [their homes] was diminished," because Plaintiffs did not "part[] with money" as a result of the alleged diminution. *Warner*, 105 F. Supp. 3d at 1094.

is facially inapplicable to Defendants, and cannot form the basis of a claim.

Nor have Plaintiffs alleged *any* defect in the "size and efficiency design criteria" in Daikin Coils.  Their complaint is about an alleged defect in Daikin Coils that purportedly causes formicary corrosion and premature refrigerant leaks; it has nothing to do with the sizing of the air-conditioning system in their homes or the system's capability of satisfying certain efficiency criteria.  Because they have failed to allege a "defect in a product" that violates a § 896 standard, Plaintiffs' claim must be dismissed. *Kingsbury v. Greenfiber, LLC*, No. CV 08-00151, 2009 WL 2997389, at *6 (C.D. Cal. Sept. 14, 2009); Cal. Civ. Code § 896(g)(3)(E).

## VI.   THE COURT SHOULD DISMISS WITH PREJUDICE.

Plaintiffs have now had three chances to plead plausible facts in support of their claims, and have thrice failed to cure the complaint's core deficiencies. Defendants therefore request dismissal with prejudice. *See Ortiz*, 2012 WL 2160953, at *8 (finding leave to amend claims would be futile and dismissing with prejudice); *Villalvazo v. Am.'s Servicing Co*., No. CV 11-4868 CAS (MANx), 2012 WL 3018059, at *6 (C.D. Cal. July 23, 2012) (Snyder, J.) (finding further amendment would be futile and dismissing first amended complaint with prejudice); *Tyson v. Wells Fargo Bank*, No. CV 12-5757-CAS (MANx), 2012 WL 4107877, at *4 (C.D. Cal. Sept. 18, 2012) (Snyder, J.) (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' complaint in its entirety, and with prejudice.

Dated:  May 16, 2016          JONES DAY


By: */s/ Rick L. McKnight*
       Attorney

*Attorney for Defendants Daikin Applied Americas Inc. and Daikin North America, LLC*