UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT DAIKIN INDUSTRIES, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(Dkt. 45, filed May 16, 2016)

DEFENDANTS DAIKIN NORTH AMERICA, LLC AND DAIKIN APPLIED AMERICAS INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Dkt. 44, filed May 16, 2016)

## I.    INTRODUCTION

On November 6, 2015, plaintiff Joanna Park-Kim filed a putative class action in the Los Angeles County Superior Court against defendants Daikin Industries, Ltd. ("DIL"); Daikin Applied Americas Inc. (formerly known as "McQuay International"); and Daikin North America, LLC ("Daikin NA"). Dkt. 1. In brief, plaintiff alleges injury arising from defective evaporator coils in defendants' heating, ventilation, and air conditioning units ("HVAC units"), which purportedly are susceptible to refrigerant leaks due to "formicary corrosion" of the units' evaporator coils.

On December 9, 2015, defendants removed this action to federal court, asserting diversity jurisdiction, as well as original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Id. (Notice of Removal). On December 16, 2015, defendants Daikin Applied Americas Inc. and Daikin NA filed a motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  On January 6, 2016, plaintiff Joanna Park-Kim filed a first amended complaint ("FAC," dkt. 24) as a matter of course, pursuant to Federal Rule of Civil Procedure 15.  See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

On January 25, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a Rule 12(b)(6) motion to dismiss plaintiff Park-Kim's FAC.  Dkt. 28.  In an order dated March 17, 2016, the Court dismissed plaintiff's FAC without prejudice, emphasizing that the pleadings must provide "factual enhancement[s]" in place of "generalized assertions, 'legal conclusions,' and 'threadbare recitals of a cause of action.'" Dkt. 39 (Order on Motion to Dismiss FAC), at 10 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

On April 15, 2016, plaintiff Maria Cecilia Ramos was added as a party in this action and, along with plaintiff Joanna Park-Kim, filed the operative second amended complaint ("SAC").  Dkt. 40.  The SAC asserts the following claims: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. ("MMWA"); (2) strict liability – failure to warn; (3) strict liability – manufacturing defect; (4) strict liability – design defect; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty of fitness; (8) breach of implied warranty of merchantability; (9) violation of California's unfair competition law ("UCL"), California Business and Professions Code § 17200, et seq.; and (10) violations of California Civil Code § 896(g)(5).  See id.

On May 16, 2016, defendant DIL, who had not joined the previously-filed Rule 12(b)(6) motions to dismiss, filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction on the grounds that this Court lacks both general jurisdiction and specific jurisdiction over DIL.  Dkt. 45 ("Def.'s Mot. PJ").  On May 27, 2016, plaintiffs filed an

---

[1] Defendant DIL did not join this or any other Rule 12(b)(6) motions in this matter.  DIL avers that it has accepted service of the Summons and Complaint for the sole purpose of determining whether this Court has personal jurisdiction over DIL.  See Dkt. 33 (Order on Stip. Accepting Service of Compl. on Behalf of Daikin Industries, Ltd. to Assess Personal Jurisdiction), at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

opposition to DIL's motion, dkt. 48 ("Pls.' Opp'n PJ"), and on June 6, 2016, DIL filed a reply, dkt. 51 ("Def.'s Reply PJ").

Also on May 16, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a Rule 12(b)(6) motion to dismiss plaintiffs' SAC for failure to state a claim. Dkt. 44 ("Defs.' Mot."). On May 27, 2016, plaintiffs filed an opposition to the Rule 12(b)(6) motion, dkt. 49 ("Pls' Opp'n"), and on June 6, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a reply, dkt. 50 ("Defs.' Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The SAC pleads the following facts:

Defendants Daikin Industries, Ltd., Daikin Applied Americas Inc., Daikin North America, and Does 1 through 50 "design, manufacture and sell heating, ventilation, and air conditioning units ('HVAC units') containing a component known as an evaporation coil manufactured with copper tubing ('Daikin Coils')." SAC at ¶ 4. These "Daikin Coils" contain a refrigerant that absorbs heat from the surrounding air, cools the air in the process, and thereby allows defendants' HVAC units to air condition homes, businesses, and buildings. Id. at ¶ 5. However, plaintiffs allege that Daikin Coils fail to operate properly under normal conditions. Id. at ¶ 6. Specifically, plaintiffs allege that

> [i]nstead of performing their intended purpose of cooling air, Daikin Coils fail to cool air because they corrode and leak refrigerant well before the expiration of their useful life. These leaks render the HVAC units useless for an intended purpose, leading to costly repairs, and eventually, the total failure of the Daikin Coils so that they need to be replaced.

Id. Plaintiffs further aver that the failure of Daikin Coils to perform as intended is an unavoidable consequence of their design. Specifically, "[a]s a result of their manufacturing process," the copper tubes in the Daikin Coils are prone to "formicary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

corrosion," a process that "causes microscopic holes within the tubing that cause the Daikin Coils to leak refrigerant and ultimately fail." Id. at ¶ 7.

According to plaintiffs, "[t]he corrosion and failure of Daikin Coils are due to Defendants' actions, including but not limited to, [1] selecting the wrong alloy, [2] defective manufacturing of the Daikin Coils, and [3] failing to properly ensure that the Daikin Coils will perform for their useful life and are fit for their intended purpose." Id. Plaintiffs further aver that defendants "designed, created product materials for, designed instructions for, caused the manufacture of, and sold HVAC units containing Daikin Coils that were installed in homes throughout California, including Plaintiffs', the Class's and the Subclass's homes." Id.

Named plaintiff Joanna Park-Kim alleges that she purchased a new condominium unit in September 2010 that included "a McQuay brand Enfinity Water Source Heat Pump, Model FCV Vertical Floor unit," which included Daikin Coils that have "corroded and leaked refrigerant such that her HVAC unit failed, ceasing to adequately cool air."[2] Id. at ¶¶ 36-37; see also id. at ¶¶ 38-39. Named plaintiff Maria Cecilia Ramos alleges that she purchased a new condominium unit in June 2009 that included "a McQuay brand Enfinity Water Source Heat Pump, Model FCV Vertical Floor unit," which "was manufactured with defective Daikin Coils" that have "corroded and leaked refrigerant such that her HVAC unit failed because it could no longer adequately cool air." Id. at ¶¶ 40-41; see also id. at ¶¶ 42-43.

Pursuant to California Code of Civil Procedure section 382, plaintiffs bring this action on behalf of the following proposed class ("the Class") and subclass ("the Subclass"):

Class:          All individual, entity and associations of owners in the State of California who own HVAC units with Daikin Coils installed in them.

---

[2]   In 2006, defendant DIL acquired McQuay International and later renamed the subsidiary "Daikin Applied Americas Inc," which is named as a defendant in this action. SAC at ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Subclass:    All individual, entity and associations of owners of
originally constructed individual dwelling units,
other than condominium conversions, in the State
of California in which purchase agreements for the
individual dwelling units were signed by the
original seller on or after November 2, 2005 and in
which the residential units had installed as part of
the original construction HVAC units with Daikin
Coils installed in them.

See id. at ¶¶ 14-15.

The SAC further alleges that Daikin Coils damage the environment and expose
consumers to various specific health and safety risks, which are outlined in the SAC. See
id. at ¶¶ 33, 35. The operative SAC further alleges in general terms that "leaked
refrigerant [from the Daikin Coils] damages surrounding property, including walls,
floors, and other components of HVAC units in the vicinity of a leak." Id. at ¶ 34.

## III.   DISCUSSION

## A.   DEFENDANT DIL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### 1.   Legal Standard

When a defendant moves to dismiss for lack of personal jurisdiction under Federal
Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the
court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co.
v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a
motion without an evidentiary hearing, the plaintiff need only make a prima facie
showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65
F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D.
Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as
true for purposes of the motion if not directly controverted, and conflicts between the
parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a
prima facie case for personal jurisdiction exists. AT&T v. Compagnie Bruxelles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.  If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process."  Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996)).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

   2.    **Analysis**

Defendant DIL argues that this Court has neither general nor specific jurisdiction over DIL, such that plaintiffs' claims against DIL must be dismissed.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  DIL avers that its place of incorporation and principal place of business are in Osaka, Japan; that it "does not have offices, staff, or other physical presence in California;" and further that it "is not licensed to do business [in California]."  Def.'s Mot. PJ at 5.  Based in part upon such information, plaintiffs concede that this Court cannot assert general jurisdiction over defendant DIL.  However, the parties dispute whether the Court may properly exercise specific jurisdiction over DIL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

For the reasons explained in the discussion that follows, the Court finds that it lacks specific jurisdiction over defendant DIL, and accordingly must dismiss DIL from this action for lack of personal jurisdiction.

### a.    Specific Jurisdiction

A court has specific jurisdiction over a defendant if that defendant has sufficient minimum contacts with the forum state arising from, or related to, the plaintiff's claims. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 1227-28 (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

The plaintiff bears the burden of satisfying the first two prongs. Schwarzenegger, 374 F.3d at 802. "If [plaintiff] does so, the burden then shifts to [defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." Mavrix, 647 F.3d at 1228. If, however, either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

### i.    Purposeful Availment of this Forum

DIL argues that plaintiffs cannot satisfy the first prong of the specific personal jurisdiction analysis because DIL has not purposefully availed itself of the privileges of conducting business in California. "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra v. National Enquirer, 854 F.2d 1191, 1195 (9th Cir. 1988). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." Burger King, 471 U.S. at 475 (citations and internal quotations omitted).

In the operative SAC, plaintiffs assert in general terms that "[d]efendants manufactured, designed, sold, supplied, marketed, or otherwise introduced [the relevant products] into the stream of commerce . . . ." SAC at ¶ 73. In plaintiffs' view, because DIL purportedly "does not dispute" in the instant motion that the "products [it] designs or manufactures are sold in California . . . [t]he resultant transactions are thus sufficient to . . . satisfy[] the purposeful availment requirement." Pls.' Opp'n PJ at 4 (citations omitted).] The operative SAC further alleges in general terms that each defendant "was the agent, joint venturer or employee of each of the remaining [d]efendants, and in doing the things . . . alleged [in the SAC], each was acting in the course and scope of said agency, employment or joint venture with advance knowledge of, acquiescence in or subsequent ratification of the acts of each and every other remaining defendant." SAC at ¶ 10. In plaintiffs' view, such alter ego allegations establish that all of the named defendants, including defendant DIL, are "subject to jurisdiction if there is jurisdiction over any one of them." Pls.' Opp'n PJ at 5 (citations omitted). Finally, plaintiffs highlight certain statements on DIL's website relating to "Daikin Global's" "Group Philosophy" and "synergetic effects," which purportedly indicate the global and interconnected nature of DIL's business and that of its affiliated companies. Id. at 5.

DIL, however, avers through the sworn declaration of its Legal Officer that it "did not even 'place[] in the stream of commerce' the products at issue here" because "DIL does not design, manufacture, or sell McQuay products" like the HVAC units at issue in this action. Def.'s Mot. PJ at 9; see Data Disc, 557 F.2d at 1284 (in ruling on a motion to dismiss for lack of personal jurisdiction, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."). More importantly, as DIL rightly notes, even if DIL *did* place the allegedly defective products into the stream of commerce, "placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

directed toward the forum state." America Line Inc. v. Wartsila North America, Inc., 485 F.3d 450, 459 (9th Cir. 2007) (citations omitted).

With respect to plaintiffs' allegations regarding DIL's marketing activities, DIL also avers that it is not involved in the marketing or promotion of any of the McQuay-branded products at issue in this action. See Def.'s Reply PJ at 3. Finally, with respect to plaintiffs' assertion that each defendant is the agent of the other, such boilerplate legal conclusions add little weight to the scales, as they cannot be accepted as true on a motion to dismiss for lack of personal jurisdiction. See Lacano Invs., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2014) ("While we do accept all of the factual allegations in the complaint as true, we do not accept legal conclusions in the complaint as true, even if 'cast in the form of factual allegations.' ") (citations omitted); CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011) (noting that on a motion to dismiss for lack of personal jurisdiction, the plaintiff cannot "simply rest on the bare allegations of its complaint"). And even though DIL has a parent-subsidiary relationship with the other defendants in this action, such a relationship does not provide grounds for imputing the California contacts of Daikin Applied Americas Inc. or Daikin North America, LLC to defendant DIL. See Transure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985) (holding that the existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent based on the subsidiaries' minimum contacts with the forum).

Notably, DIL does concede that it sells "certain HVAC products (although not McQuay products . . . or the component evaporator coils) in Japan to distributors that sell in the United States." Def.'s Mot. PJ at 10. However, again, "it is [DIL's] purposeful contacts with [*California*], not with the United States [more generally], that alone are relevant" for purposes of the instant motion. J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 886 (2011) (emphasis added); see also BenQ America Corp. v. Forward Elecs. Co., Ltd., 2005 WL 3445629, at *6 (N.D. Cal. Dec. 15, 2005) ("The appropriate test is not whether the [products] were designed for the U.S. market, but whether they were designed for and intended to be sold in *California*.") (emphasis in original).

Accordingly, the Court cannot conclude that DIL has "perform[ed] some act by which [its has] purposefully avail[ed] [itself] of the privilege of conducting activities" in California. Mavrix, 647 F.3d at 1228.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

### ii.    Whether Plaintiffs' Claims Arise out of or Relate to DIL's Forum-Related Activities

DIL is also not subject to specific jurisdiction because plaintiffs' claims do not arise out of any of DIL's forum-related activities.  In evaluating the "arise[] out of" prong of the specific jurisdiction inquiry, "the Court considers whether [the] claims would have arisen but for [the defendant]'s contacts with California."  Unocal, 248 F.3d at 924. Plaintiffs here cannot establish that but for DIL's activities, plaintiffs would not have been harmed by the allegedly defective McQuay-branded products.  Plaintiffs allege only in general terms that "Defendants" manufactured "Daikin Coils."  SAC at ¶ 4.  Of course, plaintiffs cannot "simply rest on the bare allegations of [their] complaint," Schwarzenegger, 374 F.3d at 800, and the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," Data Disc, 557 F.2d at 1284. Plaintiffs' allegations here are wholly insufficient to establish that DIL manufactured plaintiffs' McQuay-brand products, the only named product in the SAC.  See, e.g., NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 990 (E.D. Cal. 2012) ("[E]ven if plaintiff's allegation that the entity defendants [engaged in] every aspect of egg production was true, that is not enough to demonstrate that each separate entity was actually involved in the sale and delivery of the allegedly tainted eggs" for purposes of personal jurisdiction).

Indeed, DIL avers through the sworn declaration of its Legal Officer that it "did not design or manufacture [p]laintiffs' allegedly defective evaporator coils or any other component of [p]laintiffs' McQuay-brand heat pumps, nor was DIL involved in the supply or sales chain."  Def.'s Mot. PJ at 7.  Plaintiffs provide no evidence to the contrary; accordingly, much like the Court's consideration of DIL's alleged purposeful availment, consideration of the second factor also indicates that the Court lacks specific jurisdiction over defendant DIL.  See, e.g., Rockwell Automation, Inc. v. Kontron Modular Computers, 2012 WL 5197934, at *9 (S.D. Cal. Oct. 19, 2012) (finding "no evidence to support a finding of specific jurisdiction" where declaration established that the defendant "is not even 'involved in the engineering or development of the[] products [at issue]'"); see also Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 586 (5th Cir. 2010) (no specific personal jurisdiction where defendant did not manufacture either the pistol or its defective component).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

In their opposition, plaintiffs nonetheless contend that the second prong is satisfied both because their claims arise from "their ownership of defective Daikin HVAC units," and because DIL has purportedly marketed its products in California. Pls.' Opp'n PJ at 6. As discussed above, however, the actions of DIL's subsidiaries may not be imputed to a foreign company like DIL unless plaintiffs sufficiently plead alter ego status, which they have undoubtedly failed to do here. <u>See generally</u> <u>Unocal</u>, 248 F.3d 915. Furthermore, DIL has made clear in its reply and the sworn declaration submitted in support thereof that it is not involved in any fashion with the marketing or promotion of McQuay-brand products. Def.'s Reply PJ at 3.

Accordingly, plaintiffs have failed to establish that their claims arise out of or relate to DIL's forum-related activities.

## 3.    Conclusion

As stated *supra*, "[t]he plaintiff bears the burden of satisfying the first two prongs of the [Ninth Circuit's test regarding when a forum may assert specific jurisdiction]." <u>Schwarzenegger</u>, 374 F.3d at 802 (citation omitted). Because plaintiffs here have failed to satisfy both of these prongs, personal jurisdiction is not established in California, and defendant DIL must be dismissed from this action. <u>Id.</u> (noting that "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state").[3]

---

[3] Plaintiffs request limited jurisdictional discovery to demonstrate additional facts to support a finding of jurisdiction. Pls.' Opp'n PJ at 11. Specifically, plaintiffs argue that limited jurisdictional discovery is warranted (1) to uncover more facts bearing on DIL's forum-related marketing and promotional activities; (2) to unearth the scope of DIL's dealings in California, since it is purportedly a relative newcomer to the North American HVAC market; (3) to discover the extent of DIL's promotion of McQuay products after its acquisition; and (4) to investigate the forum-related activities of DIL's agents, joint venturers, and employees. <u>Id.</u> at 11-12. As a general matter, jurisdictional discovery may be appropriate where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." <u>Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.</u>, 788 F.2d 535, 540 (9th Cir. 1986). However, "where a plaintiffs' claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

In accordance with the foregoing, the Court hereby **GRANTS** defendant DIL's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

**B.    DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**1.    Legal Standard**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State

---

of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery."  Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995) (citations omitted).  Plaintiffs' threadbare allegations in the operative SAC have been specifically refuted by DIL through testimony in sworn declarations, and plaintiffs have given little reason, other than mere speculation, as to why limited jurisdictional discovery might produce a result contrary to the Court's finding here.  Accordingly, the Court denies plaintiffs' request for limited jurisdictional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

2.     **Analysis**

The operative SAC in this action asserts, against all named defendants, claims for (1) violation of the MMWA, 15 U.S.C. §§ 2301, et seq.; (2) strict liability – failure to warn; (3) strict liability – manufacturing defect; (4) strict liability – design defect; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty of fitness; (8)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

breach of implied warranty of merchantability; (9) violations of California's UCL; and (10) and violations of California Civil Code § 896(g)(5).

Defendants Daikin Applied Americas Inc. and Daikin NA (collectively, "defendants" for purposes of the instant Rule 12(b)(6) motion) move to dismiss all of plaintiffs' claims for failure to state a claim.[4]  In the discussion that follows, the Court

---

[4] Although defendant Daikin NA joins the Rule 12(b)(6) motion to dismiss, it nonetheless argues that it is properly dismissed from this action for lack of personal jurisdiction.  See Defs.' Mot. at 6-9.  Accordingly, as to defendant Daikin NA, the Court construes the instant motion as an effort to dismiss Daikin NA for lack of personal jurisdiction (pursuant to Rule 12(b)(2)) or, in the alternative, for failure to state a claim (pursuant to Rule 12(b)(6)).

Defendants first argue that the SAC improperly "lump[s] all 'Defendants' together, without alleging each Defendant's role in the alleged misconduct, or facts supporting each Defendant's liability."  Mot. at 6-7.  But despite this lack of specificity as to the named defendants, the SAC makes clear—for the first time in this action—that plaintiffs own (and assert their claims with respect to) McQuay-brand HVAC units.  Accordingly, Daikin NA contends that based on the allegations in the SAC, (1) plaintiffs lack standing and (2) the Court lacks personal jurisdiction with respect to defendant Daikin NA, which—like defendant DIL—does not design, manufacture, warrant, or sell *the McQuay-brand HVAC units* at issue in this case.  See Suppl. Smith Decl., ¶¶ 4-5.  Furthermore, much like the testimony submitted in support of defendant DIL's Rule 12(b)(2) motion, sworn testimony from Daikin NA's Vice President of Marketing and Applications Strategy indicates that Daikin NA does not design, manufacture, warrant, or sell *the evaporator coils* used in the McQuay-brand HVAC units, nor is not involved in the sale or supply chain of these products.  Id. at ¶ 6.  Additional sworn testimony establishes that the Court lacks general jurisdiction over Daikin NA, which (1) is owned by defendant DIL, (2) is a Delaware LLC with its principal place of business in Texas, and (3) conducts its design and manufacturing activities for its own HVAC products outside of California under Goodman Global Holdings, Inc.  In contrast, defendant Daikin Applied Americas Inc., which defendants concede is properly-named in this action, was previously named "McQuay International" before it was purchased by DIL in 2006.  See SAC at ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

considers defendants' arguments and concludes that all of plaintiffs' claims are appropriately dismissed for failure to state a claim.[5]

### A.    Plaintiffs' Strict Liability and Negligence Claims

"The elements of a strict products liability cause of action are [i] a defect in the manufacture or design of the product or a failure to warn, [ii] causation, and [iii] injury." Cnty. of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 318 (2006).  Here

As stated *supra* with respect to the Court's dismissal of defendant DIL for lack of personal jurisdiction, plaintiffs bear the burden of establishing specific jurisdiction over Daikin NA—i.e., that (1) defendant Daikin NA purposefully availed itself of this forum, and, more importantly, that (2) plaintiffs' claims arise out of Daikin NA's forum related activities.  See Mavrix Photo, 647 F.3d at 1228.  If plaintiff fails to establish either of these propositions, specific jurisdiction over Daikin NA is not established in this action. Schwarzenegger, 374 F.3d at 802.

Because the operative complaint makes evident (for the first time) that all of plaintiffs' claims arise out of their ownership of McQuay-brand HVAC units and the coils contained therein, the Court concludes, in light of the sworn testimony provided by Daikin NA, that plaintiffs have failed to establish specific jurisdiction as to defendant Daikin NA, which appears not to have any involvement in the production, sale, or marketing of the HVAC units at issue here.  Because plaintiffs have failed to establish specific jurisdiction over defendant Daikin NA, the claims against it are properly **DISMISSED**.  The Court notes, however, that even if the Court did have specific jurisdiction over Daikin NA, all of plaintiffs' claims against it would properly be dismissed for failure to state a claim, for reasons discussed *infra*.

    [5] Although each case necessarily turns upon its own facts, the Court notes that it is not the first to dismiss, at the motion-to-dismiss stage, an action premised upon allegations of "formicary corrosion" in HVAC evaporator coils.  See, e.g., Sumner v. Carrier Corp., 2015 WL 758314, at *2 (N.D. Cal. Feb. 20, 2015) (Chhabria, J.); Fowler v. Goodman Mfg. Co. LP, 2014 WL 7048581, at *1 (N.D. Ala. Dec. 12, 2014); Young v. Carrier Corp., 2014 WL 6617650, at *1 (N.D. Ohio Nov. 21, 2014); Pastor-Richard v. Goodman Global, Inc., No. 2012-268 (WOB-JGB) (E.D. Ky. July 2, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

plaintiffs assert three separate strict liability claims: first, a claim based upon an alleged *manufacturing defect*; second, a claim based upon an alleged *design defect*, and third, a claim based upon defendants' alleged *failure to warn*. Separately, defendants also assert a claim for negligence which, under California law, requires plaintiff to allege that defendants "owed [plaintiffs] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [plaintiffs'] injury." Gonzalez v. Autoliv ASP, Inc., 154 Cal. App. 4th 780, 793 (2007). In their motion to dismiss, defendants argue that all three of plaintiffs' strict-liability claims, as well as their claims for negligence, must be dismissed both because they are barred by the economic loss doctrine and because they suffer from additional defects.

### i. Economic Loss Doctrine

"Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort. The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property. The economic loss doctrine provides that certain economic losses are properly remediable only in contract." Giles v. General Motors Acceptance Corp., 494 F.3d 865, 873 (9th Cir. 2007); Jimenez v. Superior Court, 29 Cal. 4th 473, 482 (2002) ("Damages available under strict product liability do not include economic loss, which includes 'damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property.'") (citations omitted).

As it relates to product liability cases, "[t]he economic loss doctrine . . . can be easily stated[:]"

> If a plaintiff is in a contractual relationship with the manufacturer of a product, the plaintiff can sue in contract for the normal panoply of contract damages, including foreseeable lost profits and other economic losses. Whether or not the plaintiff is in a contractual relationship with the manufacturer, *the plaintiff can sue the manufacturer in tort only for damages resulting from physical injury to persons or to property other than the product itself.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Id. at 874 (emphasis added).

Here, the Court concludes that plaintiffs' strict liability and negligence claims are all barred by the economic loss doctrine because plaintiffs allege only economic losses resulting from the alleged failures of their McQuay-branded HVAC units and therefore fail to plead any harm to person or property. Specifically, while plaintiffs allege that their Daikin Coils "ha[ve] corroded and leaked refrigerant such that [their] HVAC unit[s] failed" and "ceas[ed] to adequately cool air," SAC at ¶¶ 37, 41, plaintiffs only allege that economic harm has resulted from any such failures. See id. at ¶ 37 ("As a direct result of her defective Daikin Coil, Plaintiff Park-Kim spent thousands of dollars in costs to pay HVAC professionals to (1) test her HVAC unit for refrigerant leaks, (2) replenish her HVAC with refrigerant, and (3) ultimately replace her original Daikin Coil."); ¶ 39 (noting alleged coil failures "result[ed] in (1) out-of-pocket expenses, (2) a far less valuable HVAC unit than for what she bargained when purchasing her condominium, and (3) a failed major appliance that diminishes her property value unless it is replaced"); ¶¶ 41-43 (same).

Plaintiffs, however, reject this conclusion, offering three reasons in opposition to the instant motion as to why these claims are not barred by the economic loss doctrine. None of plaintiffs' arguments is availing.

First, plaintiffs aver that they have "plausibly alleged a *risk* of harm to people and other property," and, according to plaintiffs, "a long list of cases uphold strict liability and negligence actions for defective products that allegedly *risk* damage to people or other property." Pls' Opp'n at 6 (emphasis added). This argument fails, however, because "whether the economic loss rule applies depends on whether property damage *has occurred* rather than on the possible gravity of damages that *have not yet occurred*." Aas v. Superior Court, 24 Cal. 4th 627, 650 (2000), superseded by statute on other grounds as stated in Rosen v. State Farm General Ins. Co., 30 Cal. 4th 1070 (2003). Under the economic loss rule, "appreciable, nonspeculative, present injury is an essential element of a tort cause of action." Id. at 646; cf. Romano v. Rockwell Internat., Inc., 14 Cal. 4th 479, 500-03 (plaintiff suffered appreciable harm sufficient to support a tort claim for wrongful discharge upon actual termination rather than upon prospective notification). The California Supreme Court has further clarified that physical injury to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

property must consist of "damage to '*other property*,' that is, property other than the product itself." <u>Jimenez</u>, 29 Cal. 4th at 483 (emphasis added).[6]

Second, plaintiffs argue that "the *reasonable inference* from the totality of [their] allegations is that they *have* [actually] been exposed to dangerous leaking refrigerant, having alleged that their HVAC units failed, have leaked refrigerant, and continue to fail, which will lead to additional exposure to refrigerant." Pls.' Opp'n at 6 (citing SAC at ¶¶ 37-38, 41-42) (emphasis added). Even if, however, any such "inference might be drawn," plaintiffs "should have specifically alleged that they were affected by [d]efendant's alleged practices" rather than "invite an argument over the reasonableness of such an inference." <u>LaCourt v. Specific Media, Inc.</u>, 2011 WL 1661532, at *4 (C.D. Cal. Apr. 28, 2011). Plaintiffs have now had three opportunities to allege actual injury to their person or property and have, on three occasions, failed to do so.

Third, plaintiffs argue that they have sufficiently alleged damage to their property because they have alleged that "defects in the Daikin Coils—component parts of a larger product—cause *the larger product*, [i.e., the] HVAC units, to fail," and in so doing damaged plaintiffs' other property—i.e., those HVAC unit components besides the Daikin Coils themselves. Pls.' Opp'n at 8. Crucially, however, "[w]hen a component of an *integrated* product is defective and damages other components of the *integrated* product, there is no damage to 'other property,' and the economic loss rule bars recovery." <u>Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC</u>, 2015 WL 1548872, at *7 (N.D. Cal. Apr. 7, 2015) (emphasis added) (citing <u>East River S.S. Corp. v. Transam. Delaval, Inc.</u>, 476 U.S. 858, 876 (1986)). Accordingly, as the California Supreme Court explained in <u>Jimenez</u>, the Court here "must first determine what the product at issue is. Only then [may the Court] find out whether the injury is to the product itself (for which recovery is barred by the economic loss rule) or to property other than the defective product (for which plaintiffs may recover in tort)." <u>Jimenez</u>, 29 Cal. 4th at 483.

---

[6] Plaintiffs argue that a risk of harm might in some cases satisfy Article III's injury-in-fact requirement. Pls.' Opp'n at 6. While this may be true, such an assertion has no bearing on whether the economic-loss rule applies here. <u>See</u> <u>Baker v. Castle & Cooke Homes Haw., Inc.</u>, 2012 WL 1454967, at *11 (D. Haw. Apr. 25, 2012) ("[R]egardless of whether future injury suffices for jurisdictional purposes, the possibility of future physical injury does not overcome the bar of the economic loss rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

While the California Supreme Court in <u>Jimenez</u> "did not provide any direct guidance as to how that crucial evaluation was to be made," <u>KB Home v. Superior Court</u>, 112 Cal. App. 4th 1076, 1086 (2003), the California Court of Appeal in <u>KB Home</u> identified certain factors that should be considered in determining whether the damaged property is "other property" or merely part of the defective product: (1) whether the defective component performs an integral function in the operation of the larger product; (2) whether the component has an independent use to the consumer; (3) whether the property damage is inherently related to the nature of the defect in the component; (4) whether the component itself was placed into the stream of commerce; (5) whether the component was purchased from a different manufacturer; (6) whether the damaged property is sold separately from the defective product in some markets; (7) whether the defective product can be readily removed from the damaged property; and (8) whether the defective product has been used in other applications, or has been listed as a separate part in the product's parts catalog. <u>Digby</u>, 2015 WL 1548872, at *7 (citing <u>KB Home</u>, 112 Cal. App. 4th at 1086-87).

Some federal district courts have applied the <u>KB Home</u> factors in dismissing claims pursuant to a Rule 12(b)(6) motion to dismiss.[7]  <u>See, e.g.</u>, <u>Pershing Pacific West, LLC v. Ferretti Grp., USA, Inc.</u>, 2013 WL 275676, at *11 (S.D. Cal. Jan. 24, 2013) (Lorenz, J.) ("[Plaintiff] fails to allege facts that show any component-to-component damage in the [complaint].  Therefore, [plaintiff] inadequately pleads its [tort] cause of action.") (citation omitted); <u>In re Sony Vaio Computer Notebook Trackpad Litigation</u>, 2010 WL 4262191, at *7 (S.D. Cal. Oct. 28, 2010) (Benitez, J.) ("Because Plaintiffs['] allegations indicate that the notebook, rather than the trackpad is the product at issue, Plaintiffs' negligence and strict liability claims cannot survive Sony's motion to dismiss.").  In the instant case, as in <u>Pershing</u>, plaintiffs fail in the operative complaint to allege facts regarding component-to-component damage in their own HVAC units.  That is, application of the <u>KB Home</u> factors supports a finding that the relevant product here is

---

[7]    Some district courts, however, have not applied these factors at the motion to dismiss stage.  <u>See, e.g.</u>, <u>Digby</u>, 2015 WL 1548872, at *7 (stating that the court "will not bar Plaintiff's claim under the economic loss rule absent sufficient factual development"); <u>Starline Windows Inc. v. Quanex Building Products Corp.</u>, 2016 WL 3144060, at *3 (S.D. Cal. June 6, 2016) (concluding "that the issue of whether a component part is distinct from the larger product is a fact intensive inquiry inappropriate for resolution on a motion to dismiss").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

*not* the Daikin Coils themselves, but the larger HVAC units.  See also Pershing Pacific West, 2013 WL 275676, at *11.

For example, a review of the SAC indicates that the Daikin Coils undoubtedly "perform an integral function in the operation of the [HVAC unit]," KB Home, 112 Cal. App. 4th at 1086, such that the alleged failure of the HVAC units here—i.e., their failure properly to cool the air—was closely related to the nature of the alleged defect in the Daikin Coils.  In addition, the HVAC units were sold with the Daikin Coils already installed, and there is no allegation that defendants sold either the HVAC units or the coils separately.  See SAC at ¶¶ 4-6.  Furthermore, there are no allegations in the SAC that the Daikin Coils would have any use to plaintiffs outside of their intended use in the HVAC units, or that the coils were manufactured by an entity other than defendants.

Accordingly, because plaintiffs have not sufficiently alleged that portions of the HVAC unit may properly be considered "other property" damaged as a result of the Daikin Coils, the Court concludes that plaintiffs have failed to allege component-to-component damage that might limit application of the economic loss doctrine here.  Therefore, plaintiffs' strict liability and negligence claims are barred by the economic loss doctrine and are appropriately dismissed on this ground alone.

### ii.    Additional Defects in these Claims

Defendants contend that in addition to being barred by the economic loss doctrine, plaintiffs' strict liability and negligence claims also fail for several independent reasons.  The Court agrees.

### A.    *Strict Liability–Failure to Warn*

"[U]nder California law, [courts] hold manufacturers strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product." Johnson v. Am. Standard, Inc., 43 Cal. 4th 56, 64 (2008).  To state a failure-to-warn claim, plaintiffs must allege, among other things, (1) that defendants failed to warn plaintiffs of the alleged substantial risks, (2) causation, and (3) damages. Altman v. HO Sports Co., 2009 WL 4163512, at *9 (E.D. Cal. Nov. 23, 2009) (citation omitted).  Defendants argue that plaintiffs' strict liability failure-to-warn claim fails because plaintiffs "have not plausibly alleged a danger

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

that [d]efendants failed to warn about or any resultant injury." Defs.' Mot. at 10. Specifically, defendants argue that plaintiffs "do not allege, among other things, whether [d]efendants provided warnings with the HVAC units, whether [p]laintiffs read those warnings, whether or how those warnings were inadequate, or any other facts that would support the conclusion that [d]efendants failed to warn." Id.

Upon a review of the allegations in the SAC, the Court finds that even if plaintiffs sufficiently alleged that "[d]efendants failed to adequately warn consumers" of certain health and safety risks, risks to property, and risks to the environment, plaintiffs' claims would nonetheless fail because the SAC fails adequately to plead causation. See SAC at ¶¶ 33-35, 72. Plaintiffs do not plausibly allege that "but for" defendants' failure to warn, the alleged injury to plaintiffs would not have occurred. According to the SAC, the Daikin Coils, "[a]s a result of both their intended design and specified alloys . . . are particularly susceptible to formicary corrosion leaking refrigerant," such that regardless of any warning, it appears that plaintiffs' allegations support an inference that formicary corrosion would have occurred. Id. at ¶ 30. Thus, because plaintiffs have failed properly to allege that the failure to warn was the proximate cause of their injuries (to the extent such injuries have been sufficiently alleged at all), plaintiffs' failure to warn claim must fail.

### B.   *Strict-Liability–Manufacturing Defect*

"Under California law, a manufacturing defect occurs where the 'product differs from the manufacturer's intended result or from other ostensibly identical units from the same product line.' " Notmeyer v. Stryker Corp., 502 F. Supp. 2d 1051, 1059 (N.D. Cal. 2007) (quoting Barker v. Lull Engineering Co., 20 Cal. 3d 413, 429 (1978)). Defendants contend that plaintiffs do not plausibly allege that defendants' manufacturing process, or a defect in that process, caused the alleged harm here because plaintiffs expressly assert that the alleged defect "is an unavoidable consequence of [Daikin Coils'] *design*." SAC at ¶ 7. Defendants further assert that plaintiffs' "bare allegation" that the product had a manufacturing defect is an insufficient legal conclusion and cannot form the basis of their claim. Defs.' Mot. at 11 (citing Dilley v. C.R. Bard, Inc., 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014)). Plaintiffs contend, however, that they "need not 'offer an extensive explanation of the manufacturing process and how such a process differed for production [. . .] at issue in this case [because] such level of detail is not necessary at this stage of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

pleadings.'" Pls.' Opp'n at 9 (quoting Currier v. Stryker Corp., 2012 WL 1037940, at *3 (E.D. Cal. Mar. 27, 2012)).

While it is true that plaintiffs need not offer an extensive explanation of the manufacturing process, plaintiffs nonetheless must "*identify/explain how* the [product] either deviated from [defendant's] intended result/design or *how* the [product] deviated from other seemingly identical [product] models." Trabakoolas v. Watts Water Techs., Inc., 2012 WL 2792441, at *4 (N.D. Cal. July 9, 2012) (emphasis in original). Here, plaintiffs fail to do so. Specifically, plaintiffs assert that "[a]s a result of their manufacturing process, the copper tubes in the Daikin Coils are prone to 'formicary corrosion,' " which "causes microscopic holes within the tubing that cause the Daikin Coils to leak refrigerant and ultimately fail." SAC at ¶ 7. However, plaintiffs do not further allege how the Daikin Coils *in plaintiffs' HVAC units* deviated from defendants' intended design or other seemingly identical product models.

In fact, as noted above, the gravamen of plaintiffs' action appears to be that the Daikin Coils *design* itself is inherently faulty, irrespective of any manufacturing defect that may have occurred with respect to plaintiffs' particular units. Accordingly, plaintiffs have failed to state a strict liability claim for manufacturing defect. See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liab. Litig., 754 F. Supp. 2d 1208, 1222 (C.D. Cal. 2010) (holding that the "complaint does not offer any allegations of how the [product] deviated from [defendants'] intended design or other product models . . . [and] [i]nstead, the [plaintiffs'] complaint offers bare allegations of a manufacturing defect, and thus dismissal is warranted").

### C.    *Strict Liability–Design Defect*

Under California law, a "product is defective in design either (1) if the product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) if . . . the benefits of the challenged design do not outweigh the risk of danger inherent in such design." Barker, 20 Cal. 3d at 446. "To state a design defect claim, a plaintiff must either *describe how* the [product] failed to meet the minimum safety expectations of an ordinary consumer or allege that the risks of the design outweigh the benefits, and then *explain how* the particular design of the [product] caused [plaintiffs] harm." Mountain Club Owner's Ass'n v. Graybar Elec. Co., Inc., 2014 WL 130767, at *1 (E.D. Cal. Jan. 14, 2014) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Defendants contend that plaintiffs have failed to do either of these things—specifically, plaintiffs have failed plausibly to "allege any facts indicating an ordinary consumer's minimum safety expectations" regarding the HVAC units, and further failed plausibly to "allege how [d]efendants [did not] meet those expectations." Defs.' Mot. at 12. In response, plaintiffs assert that "[i]t can be reasonably inferred that any consumer, including [p]laintiffs, would expect in-home and commercial HVAC units to, at the very minimum, not expose people to [various specific health risks that plaintiffs have mentioned in the SAC]." Pls.' Opp'n at 10.

Ultimately, however, "[i]f [plaintiffs] intend[] to allege a design defect claim, [they] should identify which design defect theory [they] wish[] to utilize"—namely, the consumer-expectations test or the risk-benefits test—and provide specific factual assertions in support of any such theory. <u>Lucas v. City of Visalia</u>, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010). "Under the consumer expectations test, [plaintiffs] should *describe how* the [product] failed to meet the minimum safety expectations of an ordinary consumer of [the product]." <u>Id.</u> (internal quotations omitted). Plaintiffs do not allege any facts indicating an ordinary consumer's minimum safety expectations. Although plaintiffs assert that the design of the Daikin Coils resulted in harms or the risk of harms, plaintiffs do not allege that these harms are outside a consumer's minimum safety expectations. "Under the risk-benefits test, [plaintiffs] should allege that the risks of the design outweigh the benefits, and then *explain how* the particular design of the [product] caused [plaintiffs] harm." <u>Id.</u> Here, plaintiffs do not allege that the risks of the design outweigh the benefits. For these reasons, as well as others discussed *supra* regarding the causation and injury elements, plaintiffs have failed to state a claim for strict liability under the design defect theory.

### D.    *Negligence*

"A negligence claim under California law requires plaintiff to allege that defendant 'owed [plaintiff] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [plaintiff's] injury.'" <u>In re Toyota</u>, 754 F. Supp. 2d at 1223 (quoting <u>Gonzalez v. Autoliv ASP, Inc.</u>, 154 Cal. App. 4th 780, 793 (2007)). "In the context of a products liability lawsuit, under a negligence theory, a plaintiff must also prove that the defect in the product was due to negligence of the defendant." <u>Id.</u> (internal quotations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Defendants contend that "[p]laintiffs allege only that 'Defendants' breached their duty to exercise 'reasonable care in the design, formulation, manufacture, sale, testing, marketing, or distribution of the Daikin Coils.' " Defs.' Mot. at 12 (quoting SAC at ¶ 103). Defendants further assert , citing to the decision of a federal district court in Vavak v. Abbott Labs., Inc., 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011) (Selna, J.), that such a "duty" is not legally recognized for purposes of a negligence claim. The court in Vavak explained, and this Court agrees, that recognizing a duty of care like that articulated by plaintiffs here would mean that "every product-purchasing consumer would have a negligence-based claim against a manufacturer based on Plaintiff's so-called duty to use reasonable care in making consumer products." Id. Doing so "would obliterate the [economic loss] rule because every consumer purchase could potentially give rise to contract-based claims as well as tort-based claims for negligence." Id.; cf. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 141 (1986) ("A manufacturer/seller of a product is under a duty to exercise reasonable care in its design so that it can be safely used as intended by its buyer/consumer.").

In any event, plaintiffs have failed to plead that they suffered cognizable *injuries* as a result of defendants' alleged breach of duty. Although plaintiffs allege that they "suffered harm, damages and economic losses," plaintiffs only point to the "*risk* of suffering . . . serious personal injury and substantial damage to property," and further appear only to have actually suffered economic damages. See SAC at ¶¶ 106-07. Because plaintiffs' negligence claims arise only from alleged economic harm, their negligence claims fail. See Vavak, 2011 WL 10550065, at *6 ("[B]ecause no exception to the economic loss rule applies, to the extent Plaintiff's negligence claims are based solely on money damages incurred from the purchase price, the claims are barred.").

## B.    Plaintiffs' Warranty Claims

Defendants argue that plaintiffs' four warranty claims fail (1) for reasons relating to the sufficiency of each specific claim; (2) because these claims are time-barred; and (3) because plaintiffs do not allege that they provided defendants with notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

### ii.    The Individual Warranty Claims

#### A.    *Express Warranty*

Under California law, "[t]he general rule is that 'privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.' " Arnold v. Dow Chem. Co., 91 Cal. App. 4th 698, 720 (2001) (citing Burr v. Sherwin Williams Co., 42 Cal.2d 682, 695 (1954)). There are exceptions, however, to this general rule requiring privity. For example, "when a consumer relies on representations made by a manufacturer in labels or advertising material, recovery is allowable on the theory of express warranty without a showing of privity." Fundin v. Chicago Pneumatic Tool Co., 152 Cal. App. 3d 951, 957 (Ct. App. 1984) (finding that "plaintiff's cause of action based on breach of express warranty [under the California Commercial Code] does not require privity of contract . . . ."); see also Keegan v. Am. Honda Motor Co., 284 F.R.D. 504, 546 (C.D. Cal. 2012) (Morrow, J.) (""[I]n the absence of privity, California law [regarding claims for breach of express warranty] requires a showing that a plaintiff relied on an alleged omission or misrepresentation.").

Generally, therefore, in order to plead a claim for breach of express warranty, a plaintiff must allege that the seller " '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.' " Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1333-34 (C.D. Cal. 2013) (Morrow, J.) (quoting Rodarte v. Philip Morris, Inc., 2003 WL 23341208, at *7 (C.D. Cal. June 23, 2003)). Here, plaintiffs' breach of express warranty claim is premised upon defendants' representation that their products containing Daikin Coils are "sold pursuant to [. . .] standard terms and conditions of sale, including Limited Product Warranty." Id. at ¶ 110. Plaintiffs further allege that defendants represented in their catalogs that their products containing Daikin Coils benefit from "[h]igh efficiency, low operating costs;" "reliable operation;" and "low-cost maintenance and service." Id.

Defendants' arguments in support of its motion to dismiss this claim are threefold. First, defendants contend that plaintiffs fail to identify an enforceable express warranty made by defendants in the first instance. Second, defendants argue that plaintiffs do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

allege that any warranty formed the basis of their bargain.  Third, defendants argue that plaintiffs do not identify a specific breach of warranty.

As to defendants' first argument, the Court agrees that plaintiffs have failed sufficiently to identify an enforceable warranty or the terms of a warranty that defendants have allegedly breached.  Although plaintiffs allege that Daikin Coils were "sold pursuant to [defendants'] standard terms and conditions of sale, including [a] Limited Product Warranty," plaintiffs do not specifically allege in their complaint what the actual terms of this "Limited Product Warranty" are, nor do they attach the Limited Product Waranty to the SAC.  Where, as here, plaintiffs' "action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference."  Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985); see also Tomek v. Apple, Inc., 2012 WL 2857035, at *6 (E.D. Cal. July 11, 2012) (dismissing express-warranty claim that "contain[ed] no detail regarding the exact terms of any express warranty breached under the facts of this case"); Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (noting breach of express warranty claim "must describe the exact terms of the warranty").  Plaintiffs have plainly failed to do so here.

However, in ruling on a motion to dismiss, the Court may consider documents to which the complaint *specifically refers* and whose authenticity is not questioned, even when these documents are not physically attached to the complaint.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.") (internal citations and quotation marks omitted), overruled on other grounds as recognized in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).  Defendants, for their part, have provided what they aver is a "typical" Limited Product Warranty for the McQuay Enfinity Water Source Heat Pumps that give rise to the instant suit.  See Johnston Decl., Ex. A (the "Limited Product Warranty").  Because plaintiffs appear not to dispute that defendants have provided the Limited Product Warranty referenced in the SAC, the Court considers this document in ruling on the instant motion.  Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1131 (N.D. Cal. 2010) ("[T]he actual terms of the one-year limited warranty, [ ] properly may be considered under the incorporation by reference doctrine . . . .") (collecting cases); Grassi

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

v. Int'l Comfort Products, LLC, 2015 WL 4879410, at *2 (E.D. Cal. Aug. 14, 2015) ("Because Plaintiff apparently agrees that the first document is the written express warranty at issue in the FAC, the Court considers the document to be incorporated by reference into Plaintiff's FAC.") (citations omitted); In re Google Phone Litig., 2012 WL 3155571, at *6 (N.D. Cal. Aug. 2, 2012) (same).

However, to the extent plaintiffs' breach of express warranty claim is based not upon the Limited Product Warranty but upon defendants' other "representations" mentioned in the SAC—such as (1) "[h]igh efficiency, low operating costs," (2) "reliable operation," and (3) "low-cost maintenance and service"—the Court finds any such representations to be non-actionable commercial puffery. Under California law, "[t]o create a warranty, representations regarding a product must be specific and unequivocal." Rice, 2013 WL 146270, at *11. Statements of advertising puffery do not suffice, and an HVAC-manufacturer's "general statements about the reliability and quality of its evaporator coils are nonactionable puffery." Sumner, 2015 WL 758314, at *2 (dismissing plaintiff's fraud-based claims under California's Consumer Legal Remedies Act ("CLRA"), UCL, and False Advertising Law ("FAL")).

Indeed, many courts have evaluated representations much like those that plaintiffs cite here and found all of them to be puffery. For example, plaintiffs aver that defendants represented that "Daikin Coils benefit from '[h]igh efficiency, low operating costs.'" SAC at ¶ 111. As the district court in Smith v. LG Electronics U.S.A. explained, representations such as "High Efficiency" and "many years of dependable service" are "[v]ague statements regarding reliability, dependability, and safety," and thus are non-actionable. 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014); see also Newcal Indus., Inc. v. Ikon Office Sol., 513 F.3d 1038, 1053 (9th Cir. 2008) (finding that the "general assertion that IKON provides its customers with low costs" is "classic puffery"); Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1137 (N.D. Cal. 2010) (dismissing UCL and CLRA claims because the defendant's representations that the product in question was "designed, manufactured and tested for years of dependable operations" were "mere puffery" and therefore "as a matter of law could not deceive a reasonable consumer"). Plaintiffs similarly allege that "reliable operation" is a warranty, SAC at ¶ 111, but the Ninth Circuit has held that statements such as "reliable" and "high performance" are "not factual representations that a given standard has been met." Vitt v. Apple Comput., Inc., 469 Fed. App'x 605, 607 (9th Cir. 2012). Furthermore, although plaintiffs argue that "low-cost maintenance and service" constitutes a warranty, SAC at ¶ 111, the court in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Stearns concluded, in a passage that this Court finds persuasive, that a representation of "maintenance free" was puffery because "no product is ever maintenance free, and no consumer reasonably could have that expectation." 2009 WL 1635931, at *11 (citation omitted). Accordingly, the Court here concludes that none of the alleged "representations" to which plaintiffs cite constitutes an actionable warranty that may support plaintiffs' breach of express warranty claim.

In any event, even if these "representations" did create actionable express warranties, plaintiffs' breach of express warranty claims nonetheless fail because the SAC does not sufficiently allege that any express warranty actually formed the basis of the bargain between plaintiffs and defendants—that is, plaintiffs do not assert that they read or relied upon any warranty, brochure, catalog or other marketing material before purchasing the condominium with the HVAC unit in it. See, e.g., In re Toyota, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010) ("Plaintiffs cannot base a claim on [an express warranty created by representations in advertisements] in the absence of allegations that they were exposed to them."); Asghari, 42 F. Supp. 3d 1306, 1335 (C.D. Cal. 2013) ("The complaint does not allege that any plaintiff relied on the express warranty in deciding to purchase his or her vehicle. Consequently, the court concludes that plaintiffs have failed to state a claim for breach of express warranty under California law."); Moncada v. Allstate Ins. Co., 471 F.Supp.2d 987, 997 (N.D. Cal. 2006) (dismissing a breach of express warranty claim where plaintiffs did not allege reliance on express warranties); In re Hydroxycut Marketing and Sales Practices Litig., 801 F. Supp. 2d 993, 1013 (S.D. Cal. 2011) ( "Because the FAC fails to allege facts showing that . . . the Retailer Defendants . . . made . . . representations regarding the Products that Plaintiffs relied on in purchasing the Products, the Court dismisses the . . . express warranty claim . . . as to the Retailer Defendants").

### B.    *Implied Warranty Claims*

As an initial matter, the Court notes that the operative complaint does not specify whether plaintiffs assert their two breach of implied warranty claims pursuant to the California Commercial Code (e.g., Cal. Comm. Code §§ 2314, 2315, 2316) or pursuant to the Song-Beverly Consumer Warranty Act, California Civil Code § 1790, et seq.

"Under California Commercial Code section 2314, . . . a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. A buyer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

and seller stand in privity if they are in adjoining links of the distribution chain.  Thus, [for example,] an end consumer . . . who buys from a retailer is not in privity with a manufacturer."  Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023-24 (9th Cir. 2008).  In the instant case, there is no allegation that plaintiffs were in privity with the manufacturer of the HVAC units.  Thus, plaintiffs "typically would not be entitled to sue [defendants here] under the California Uniform Commercial Code for breach of an implied warranty because the . . . parties are not in privity with regard to the [HVAC units]."  Mega RV Corp. v. HWH Corp., 225 Cal. App. 4th 1318, 1333 n.11 (2014).  It is true that "[s]ome particularized exceptions to the rule exist," such as "when the plaintiff relies on written labels or advertisements of a manufacturer."  Clemens, 534 F.3d at 1023 (noting that "California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it").

However, to the extent plaintiffs are attempting to invoke any such exceptions and thereby assert their implied warranty claims under the California Commercial Code—despite not standing in privity with defendants—the operative complaint lacks sufficient allegations to this effect.  Accordingly, plaintiffs' implied warranty claims, to the extent they are asserted under the California Commercial Code, fail due to the lack of any allegations regarding privity.  Clemens, 534 F.3d at 1024 (holding that "[a] lack of vertical privity requires the dismissal of [plaintiff's] implied warranty claims").  Plaintiffs' individual claims for breach of the implied warranty of fitness and the implied warranty of merchantability fail for the additional reasons stated below.

*i.  Implied Warranty of Fitness*

California Commercial Code § 2315 provides that an implied warranty of fitness for a particular purpose exists when a seller at the "time of contracting has reason to know (a) any particular purpose for which goods are required, and (b) that buyer is relying on seller's skills or judgment to select or furnish suitable goods for such purpose."  American Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1295 n.2 (1995).  An implied warranty of fitness for a particular purpose applies to retailers, distributors, and manufacturers of goods sold in California.  Cal. Civ. Code §§ 1791.1, 1792.1, 1792.2(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Defendants raise three grounds for dismissing plaintiffs' claim for breach of the implied warranty of fitness.  First, defendants assert that plaintiffs' claim here is barred because the manufacturer of plaintiffs' HVAC units disclaimed, in the Limited Product Warranty, all implied warranties.  Defs.' Mot. at 17.  Second, defendants assert that plaintiffs' claim fails "because [p]laintiffs allege no 'particular' purpose of their air-conditioning systems beyond the ordinary purpose of cooling their condominiums."  Id. at 18.  Third, defendants aver that "to the extent the implied-warranty claim is based on California's Song-Beverly Act, Cal. Civ. Code § 1792, et seq., the claim fails because [p]laintiffs do not plead an in-state and at-retail purchase."  Id. at 19.  As to all three arguments, the Court agrees with defendants.

As to their first argument, defendants contend that McQuay International (now known as defendant Daikin Applied Americas Inc.), the manufacturer of plaintiffs' HVAC units, disclaimed all implied warranties, including the implied warranty of fitness, in its express warranty (i.e., the "Limited Product Warranty").  In support of this argument, defendants cite to the following language in the express warranty: "**This warranty . . . is given in lieu of all other warranties.  There is no implied warranty of merchantability or fitness for a particular purpose.**"  Johnston Decl., Ex. A (emphasis in original); see also Cal. Com. Code § 2316(2) (providing that such disclaimers are valid under California law).  Plaintiffs assert in their opposition that the disclaimer was not "conspicuous" and, further, that the Court should not decide upon the validity of the disclaimer on a motion to dismiss.  Pls.' Opp'n at 15-16.  In plaintiffs' view, the Court should instead allow discovery to determine whether the disclaimer is unconscionable.

In reality, however, it is the plaintiffs' burden to plead in the operative complaint the unconscionability of any such waiver.  See Tietsworth v. Sears, 720 F. Supp. 2d at 1139 (rejecting, on a motion to dismiss, plaintiffs' unconscionability claim where plaintiffs "fail[ed] to allege facts demonstrating that . . . they were surprised by the terms of the warranty"); In re Google Phone Litigation, 2012 WL 3155571, at *8 (N.D. Cal. Aug. 2, 2012) (dismissing a breach of implied warranty claim as disclaimed when "there are no allegations in the [complaint] stating that this agreement, and the disclaimer it contains, is unenforceable").  Accordingly, the Court may appropriately find a disclaimer of plaintiffs' implied warranty claim, even at the pleading stage, based upon a review of the disclaimer and the allegations in the operative complaint.  See, e.g., In re Google,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

2012 WL 3155571, at *8 (finding on a motion to dismiss that plaintiffs' implied warranty claims were barred by a disclaimer).[8]

    In any event, the Court finds that plaintiffs' implied warranty of fitness claim is time-barred, even if it was not disclaimed.  Defendants argue that "[a]t the very least, th[e] disclaimer operates to limit the duration of any implied warranties to the duration of the written warranty at issue; here, that duration is one year."  Defs.' Mot. at 18. Plaintiffs respond only that they have alleged to have been injured within the relevant one-year time frame because they have alleged "that the Daikin Coils fail *as soon as Defendants' HVAC units are put in use* under normal, indoor environment conditions." Pls.' Opp'n at 17 (emphasis added).  Plaintiffs' argument fails.  "[I]t is the defect itself, rather than some theoretical imperfection, that must exist during the warranty period, and that defect must be so severe as to cause the product to fall below the 'minimum level of quality' guaranteed by the warranty." Parenteau v. Gen. Motors, LLC, 2015 WL 1020449, at *11 (C.D. Cal. Mar. 5, 2015).  "Falling below the minimum level of quality means the product 'did not possess even the most basic degree of fitness for ordinary use.'" Grassi v. Int'l Comfort Prods., LLC, 2015 WL 4879410, at *5 (E.D. Cal. Aug. 14, 2014) (citations omitted).  Here, plaintiffs have failed adequately to plead that the HVAC units "did not possess[, within one year,] even the most basic disagree of fitness for ordinary use." Id.

    Additionally, plaintiffs have failed to allege, as they must in order to sustain an implied warranty of fitness claim, any "particular" purpose of their air-conditioning systems beyond the ordinary purpose of cooling.  See SAC ¶ 6 (noting the HVAC units here have failed to "perform[] their *intended purpose of cooling air . . . .*") (emphasis added).  Therefore, plaintiffs have failed sufficiently to plead a claim for breach of the implied warranty of fitness.  See Nucal Foods, Inc. v. Quality Egg LLC, 918 F. Supp. 2d

---

    [8] Plaintiffs' rely upon Teknekron Customer Info. Solutions, Inc. v. Watkins Motor Lines, Inc., 1994 WL 11726, at *5 (N.D. Cal. Jan. 5, 1994) in support of their contention that resolving the issue of disclaimer at the pleading stage is premature.  Plaintiff's reliance is misplaced.  In Teknekron, the assertion that "the contractual language purportedly disclaiming the warranty is unconscionable or otherwise unenforceable [was] specifically alleged by [the party asserting the warranty claim]." Id.  This is not the case here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

1037, 1044 (E.D. Cal. 2013) (dismissing an implied warranty of fitness claim when party bringing the claim "does not allege . . . that [intended purpose of the product] is 'peculiar to the nature' of its business") (citation omitted).

Finally, as plaintiffs do not respond to defendants' third argument regarding plaintiffs' failure to plead an in-state and at-retail purchase, the Court considers this point to be conceded. Thus, to the extent plaintiffs' implied-warranty claim is based upon the Song-Beverly Act, plaintiffs' claim fails. See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litigation, 758 F. Supp. 2d 1077, 1097 (S.D. Cal. 2010) (dismissing a Song-Beverly claim for failure to plead in-state and at-retail purchases).

### ii.    Implied Warranty of Merchantability

Under California law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314. To meet this minimum standard of merchantability, goods must, among other things, "[p]ass without objection in the trade under the contract description" and be "fit for the ordinary purposes for which such goods are used." Id. § 2314(2)(a) & (c). "[A] plaintiff claiming breach of an implied warranty of merchantability must show that the product did not possess even the most basic degree of fitness for ordinary use." Keegan v. American Honda Motor Co., Inc., 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012).

Defendants raise three grounds for dismissing plaintiffs' claim for breach of the implied warranty of merchantability: first, defendants contend that the Limited Warranty disclaims implied warranties, as discussed supra; second, defendants argue that to the extent any implied warranty applies, plaintiffs have failed to allege failure within the relevant one-year time frame; and third, defendants assert that plaintiffs fail to allege an in-state, at-retail purchase.

As noted above, the Court has already found that plaintiffs' implied warranty claims are barred by the disclaimer in the Limited Product Warranty. The Court has also concluded that plaintiffs failed to allege failure of the HVAC units within the one year time frame provided by the Limited Product Warranty, and further did not assert that they purchased the allegedly defective HVAC units in California or at a retail location. Thus, plaintiffs' claim for breach of the implied warranty of merchantability fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. |

**ii.    Timeliness of All Warranty Claims**

In addition to the above defects in these claims, defendants assert that plaintiffs'
warranty claims are time-barred.  Plaintiffs' warranty claims (claims 1, 6, 7, and 8) are
subject to a four-year statute of limitations.  See Cal. Com. Code § 2725(1) ("An action
for breach of any contract for sale must be commenced within four years after the cause
of action has accrued."); Horne v. Harley-Davidson, Inc., 660 F. Supp. 2d 1152, 1157
(C.D. Cal. 2009) (applying same limitations period to an MMWA claim, which is
plaintiff's first claim here).  The limitations period begins "when tender of delivery is
made," unless the "warranty explicitly extends to future performance of the goods and
discovery of the breach must await the time of such performance," in which case "the
cause of action accrues when the breach is or should have been discovered."  Cal. Com.
Code § 2725(2).

Here, plaintiffs do not specify when delivery of their HVAC units occurred, instead
alleging only the approximate dates on which they purchased their condominiums
containing McQuay units: specifically, plaintiff Park-Kim purchased her condominium in
September 2010, SAC at ¶ 36, and plaintiff Ramos purchased her unit in June 2009, id. at
¶ 40.  Defendants accordingly contend that the statute of limitations on plaintiffs'
warranty claims expired four years later, by September 2014 and June 2013, respectively,
such that plaintiffs' claims here—which were first asserted on November 6, 2015, and
April 15, 2016, respectively—are time barred.

In their opposition, plaintiffs do not dispute that a four-year statute of limitations
applies.  Instead, plaintiffs argue that their warranty claims are timely because, pursuant
to California Commercial Code section 2725(2), plaintiffs' claims for breach of warranty
did not accrue until the breaches were, or should have been, discovered.   Pls.' Opp'n at
12 (citing Cal. Com. Code § 2725(2)).  Again, Section 2725(2) of the California
Commercial Code provides that a warranty claim does not accrue until the breach is or
should have been discovered if a warranty "explicitly extends *to future performance of
the goods* and discovery of the breach must await the time of such performance."  Cal.
Com. Code § 2725(2) (emphasis added).  According to plaintiff, the relevant McQuay
Limited Product Warranty extends to future performance of the goods because it
explicitly guarantees that the "Entire Conditioner" is free from defects and workmanship
for an unlimited duration of time ("McQuay . . . warrants to the original owner that each
water-to-air heat pump is free from defects in material and workmanship"), and further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

provides that defendants' obligations are triggered if a "part was or became defective under normal use." Johnston Decl., Ex. A. Plaintiffs aver that because the McQuay Warranty is a future performance warranty, all of plaintiffs' warranty claims accrued upon plaintiffs' discovery of the defects rather than upon delivery. Pls.' Opp'n at 13 (citing Cal. Com. Code § 2725(2)).

Ultimately, however, the Court concludes that even if the McQuay Limited Product Warranty extends to future performance, such that plaintiffs' various breach of warranty claims did *not* accrue "when tender of delivery [was] made," plaintiffs' claims here nonetheless fail because plaintiffs do not allege that their units failed within the warranty's express one-year term.

Again, plaintiffs appear not to dispute that the McQuay Limited Product Warranty has a one-year term, but instead argue that "[d]efendants extended the McQuay warranty for 12 years." Opp'n at 13 (citing LippSmith Decl., Exs. 4-7). In support of this argument, plaintiffs reference what appear to be printouts of certain pages from defendants' websites which appear to be of limited relevance and, in any event, are not mentioned in or attached to the operative SAC. Because these documents are not properly before the Court, they need not be considered for purposes of the instant motion. Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (Morrow, J.) (declining, on a motion to dismiss, to take judicial notice of (or otherwise consider) "information published on private websites, including information that appears on [defendant's] website"); Galvan v. Yates, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006) (striking "evidence submitted to bolster Plaintiffs' allegation" as improper on a motion to dismiss). Accordingly, plaintiffs' express and implied warranty claims all appear to be untimely and therefore barred by the relevant four-year statute of limitations.

### iii.    Insufficient Notice of All Warranty Claims

Defendants further argue that plaintiffs' express and implied warranty claims fail because plaintiffs do not allege that they provided pre-suit notice and an opportunity to cure the alleged breach, as required by California Commercial Code § 2607(3)(A). See, e.g., Stearns v. Select Comfort Retail Corp., 2009 WL 4723366, at *10 (N.D. Cal. Dec. 4, 2009) ("While the SAC contains allegations that the named Plaintiffs contacted Select Comfort about mold in their beds, Plaintiffs once again have failed to allege that they provided adequate notice to Select Comfort that they were acting on behalf of the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

prior to filing suit."). Defendants similarly assert that plaintiffs' MMWA claim fails for failure to provide notice. See 15 U.S.C. § 2310(e); Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1144 (N.D. Cal. 2010) ("Logically, notice that a defect has manifested and an opportunity to cure are required to state a claim under the MMWA, even if the manufacturer knows of an alleged defect at the time of sale."). In defendants' view, because plaintiffs fail to plead that they provided defendants with notice within a reasonable time of discovering the alleged breach, all of their warranty claims must be dismissed. Defs.' Mot. at 14 (citing Minkler v. Apple, Inc., 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014)).

Plaintiffs respond that because they "are injured consumers who have not had any prior dealings with [d]efendants, they were not required to give pre-litigation notice to [d]efendants regarding their claims." Pls.' Opp'n at 14. It is true that notice generally is not required where a breach of express warranty claim is brought "by injured consumers against manufacturers with whom they have not dealt." Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 988-89 (N.D. Cal. 2009) (quoting Greenman v. Yuba Power Prods., 59 Cal. 2d 57, 61(1963)). However, any such exception appears not to apply here, as plaintiffs themselves allege in their SAC—seemingly in contravention of their assertions in opposition to the instant motion—that they and "each of the other Class and Subclass Members *have had sufficient direct dealings* with [d]efendants or their agents to establish privity of contract." SAC at ¶ 55 (emphasis added); Minkler v. Apple, Inc., 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014) (holding that exception to notice requirement based on lack of prior dealings does not apply where "Plaintiff has pled that she had 'direct dealings' with" the defendant).

As to their MMWA claim, plaintiffs assert that "[t]he jurisdictional requirements of the MMWA are superseded by compliance with the Class Action Fairness Act ('CAFA'), 28 U.S.C. § 1332(d)." Pls.' Opp'n at 18 (citing Kuns v. Ford Motor Co., 543 Fed. App'x. 572 (6th Cir. 2013); Chavis v. Fid. Warranty Servs., 415 F. Supp. 620 (N.D. Cal. 2006)). Defendants rightly note, however, that the cases plaintiffs cite in support of this assertion do not hold that CAFA supersedes the MMWA's notice requirement. In fact, defendants cite to authority wherein the notice requirement of the MMWA is enforced, even in the context of putative class actions like plaintiffs' suit here. See, e.g., Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1144 (N.D. Cal. 2010) (Fogel, J.) ("Logically, notice that a defect has manifested and an opportunity to cure are required to state a claim under the MMWA, even if the manufacturer knows of an alleged defect at the time of sale.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Stearns v. Select Comfort Retail Corp., 2009 WL 4723366, at *10 (N.D. Cal. Dec. 4, 2009) (dismissing a MMWA claim where plaintiffs "failed to allege that they provided adequate notice to [defendant] that they were acting on behalf of the class prior to filing suit").

Accordingly, all of plaintiffs' warranty claims, including their MMWA claim, fail for failure to plead sufficient notice.

### C.      Plaintiffs' UCL Claims

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The statute is phrased in the "disjunctive" and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent.  Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001).  In the instant motion, defendants argue that plaintiffs' UCL claim should be dismissed because (1) plaintiffs' claims are facially deficient under Federal Rule of Civil Procedure 8; (2) the SAC fails to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9 as to the UCL's "fraudulent" prong; (3) plaintiffs lack standing to assert UCL claims based upon any alleged misrepresentations or omissions; (4) plaintiffs' UCL claims are time-barred; and (5) plaintiffs are not entitled to any UCL remedy (namely, restitution or injunctive relief). See Defs.' Mot. at 20-23.  For the reasons explained below, the Court agrees and finds that plaintiffs' UCL claims are properly dismissed.

### i.      Rule 8

Defendants contend that plaintiffs fail to state a claim under Federal Rule of Civil Procedure 8 because they do not " 'provide adequate notice of which of [the alleged] practices is unfair, which is unlawful, and which is fraudulent.' "  Id. at 20 (quoting Vaccarino v. Midland Nat'l Life Ins., Co., 2011 WL 5593883, *8 (C.D. Cal. Nov. 14, 2011)).  "Under the UCL's 'unlawful' prong, violations of other laws are 'borrowed' and made independently actionable under the UCL."  Herron v. Best Buy Co. Inc., 924 F. Supp. 2d 1161, 1177 (E.D. Cal. 2013) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

### A.    Unlawful Prong

Defendants assert that plaintiffs "do not identify what the unlawful conduct is and have failed to state a claim for any violation of the law." Defs.' Mot. at 20.  In their opposition, plaintiffs argue that they have asserted unlawful conduct in their SAC, such as breaches of warranties and violation of the MMWA.  Pls.' Opp'n at 19.  However, as discussed above, plaintiffs have failed properly to state these "borrowed" claims.  Accordingly, plaintiffs have failed to establish violations of the UCL through unlawful conduct.  See Clark v. Countrywide Home Loans, Inc., 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010) (holding that because "[plaintiff's] complaint fails to state a claim for a violation of law . . . to the extent the UCL claim is predicated on the violation of other law, it is insufficiently pled").

### B.    Unfair Prong

A business practice is "unfair" if it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (1984).  California courts have long applied a balancing test wherein "the determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.  In brief, the court . . . weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victims."  Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980).  Here, defendants aver that plaintiffs "fail to identify the allegedly unfair conduct, and thus the claim fails."  Defs.' Mot. at 20.  In their opposition, plaintiffs assert that, based upon the balancing test, "[t]he Court would be hard-pressed to find any fairness in [d]efendants' failure to honor its warranties, exposing [p]laintiffs to dangerous chemicals, and exposing [p]laintiffs to substantial repair and replacement costs for the defective units."  Pls.' Opp'n at 20.

The Court finds that plaintiffs' SAC fails to state with the requisite particularity a UCL claim under the unfairness prong.  Plaintiffs conclusorily plead that "[d]efendants engaged in unlawful, fraudulent and unfair business practices."  SAC at ¶ 142.  Because plaintiffs do not specifically plead which alleged acts were unfair, let alone that the utility of the defendants' conduct is outweighed by its harm, plaintiffs fail to state a claim for violation of the UCL through unfair conduct.  See, e.g., Williams v. Oberon Media, Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. |

2010 WL 1644888, at *5 (C.D. Cal. Mar. 4, 2010) (dismissing UCL claim to the extent that it is based on unfair conduct because "[p]laintiffs fail to specify . . . which acts or practices they contend are unfair"); Clark, 732 F. Supp. 2d at 1050 (dismissing a UCL claim for its failure to "state, with reasonable particularity, the facts supporting the statutory elements of the violation").

### C.    Fraudulent Prong

To succeed under the "fraudulent" prong, "'it is necessary only to show that members of the public are likely to be deceived' by the business practice or advertising at issue."  Kowalsky v. Hewlett-Packard Co., 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011) (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009)).  Much like plaintiffs' allegations of unfair conduct, plaintiffs' allegations of fraudulent conduct under the UCL fail for lack of specificity.  See, e.g., Williams, 2010 WL 1644888, at *5 (dismissing a UCL claim to the extent that it is based on fraudulent conduct because "[p]laintiffs fail to specify . . . which acts or practices they contend are deceptive").

### ii.    Rule 9

Even if plaintiffs had satisfied the requirements of Rule 8, plaintiffs' allegations of *fraudulent* conduct fail under Rule 9(b).  See Clark, 732 F. Supp. 2d at 1050 ("[T]o the extent Plaintiff asserts a UCL claim that is based on or grounded in fraud, it must meet the requirements of Rule 9(b) . . . .").  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).  Here, plaintiffs have failed to do so and have accordingly failed to meet the requirements of Rule 9(b) as to their UCL claim, to the extent this claim is premised upon fraudulent conduct.

### iii.    Standing

Defendants further assert that plaintiffs lack standing to assert UCL claims—to the extent that these claims are based upon misrepresentations or omissions—because plaintiffs do not allege causation or "reliance on any misrepresentation or omission."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Defs.' Mot. at 21; see also Cal. Bus. & Prof. Code § 17204 (stating that relief under the UCL must be for "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition"); McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (dismissing UCL claim because the plaintiffs "make absolutely no allegation that either they or their contractor checked Goodman's website or saw any Goodman advertisement. Indeed, they do not even allege that when purchasing the product, the contractor looked at any packaging or labeling that would have contained the omitted information."); Backhaut v. Apple, Inc., 74 F. Supp. 3d 1033, 1048 (N.D. Cal. 2014) ("[T]he Court has consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL where such claims are premised on misrepresentations.").

In response, plaintiffs contend that "a plaintiff need [not] demonstrate individualized reliance on specific misrepresentations to satisfy the reliance requirement" of the UCL. Pls.' Opp'n at 18-19 (citing In re Tobacco II Cases, 46 Cal. 4th 298, 327 (2009)). The case upon which plaintiffs rely concludes that to satisfy the standing requirement of section 17204, "a plaintiff . . . is not required to necessarily plead and prove individualized reliance on specific misrepresentations or false statements where . . . those misrepresentations and false statements *were part of an extensive and long-term advertising campaign*." In re Tobacco, 46 Cal. 4th at 328 (emphasis added). In the instant case, plaintiffs do not plead reliance upon statements made as a part of "an extensive and long-term advertising campaign." Accordingly, In re Tobacco is inapplicable here, and plaintiffs' UCL claims, to the extent they are based upon defendants' alleged misrepresentations or omissions, are properly dismissed for lack of standing. See Cal. Bus. & Prof. Code § 17204.

### iv.   Timeliness

Defendants also argue that plaintiffs' UCL claims are time-barred under the relevant four-year statute of limitations because such claims " 'accrue[] when a defendant misrepresents or omits material information regarding a product or service and a consumer makes a purchase as a result of such deceptive practices.' " Defs.' Mot. at 22 (quoting Plumlee v. Pfizer, Inc., 2014 WL 695024, at * 7 (N.D. Cal. Feb. 21, 2014)). Thus, defendants assert, because plaintiffs purchased their condominiums containing the HVAC units in September 2010 and June 2009, respectively, plaintiffs' limitations periods expired in September 2014 and June 2013. Id. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

In response, plaintiffs suggest that "the Court should find that the UCL claims were tolled by the discovery rule." Pls.' Opp'n at 20. "In California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting Nogart v. Upjohn Co., 21 Cal. 4th 383, 391 (1999)). However, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand" a motion to dismiss. E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal. App. 4th 1308, 1319 (2007) (internal quotations and citation omitted). Here, plaintiffs have failed sufficiently to plead the time and manner of discovery, or their inability to have made earlier discovery despite reasonable diligence. Thus, the discovery rule cannot save plaintiffs' otherwise untimely UCL claims.

**v.     Remedies**

Defendants further contend that, in any event, plaintiffs are not entitled to any remedies under the UCL. Defs.' Mot. at 23. Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." Alvarez v. Chevron Corp., 656 F.3d 925, 933 n.9 (9th Cir. 2011). Accordingly, defendants assert that plaintiffs have failed to allege entitlement to either of these available remedies. Defs.' Mot. at 23.

In order to "show that she is entitled to restitution, a plaintiff must demonstrate that the defendant is in possession of money or property taken from her." Asghari, 42 F. Supp. 3d at 1324. Plaintiffs do not allege that they paid any money to defendants, or that defendants are in possession of plaintiffs' property. However, plaintiffs, citing to Troyk v. Farmers Grp., Inc., 171 Cal. App. 4th 1305, 1340 (2009), assert that there is no direct payment requirement under the UCL. Pls.' Opp'n at 21. However, as defendants rightly note, although Troyk held that plaintiffs need not necessarily pay money directly to the defendant in order to receive restitution under the UCL, the entity that received the plaintiffs' money in Troyk was a subsidiary of the defendant, such that the Troyk court inferred that the parent had enjoyed a monetary gain. See Troyk, 171 Cal. App. 4th at 1340. Here, plaintiffs do not similarly plead that defendants were a parent company or otherwise had a relationship with a third party that received money from plaintiffs, such that defendants may have benefitted and restitution may be warranted. See Bank of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

West v. Superior Court, 2 Cal. 4th 1254, 1268 (1992) (holding that with restitution, "defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct"). Accordingly, the Court concludes that plaintiffs are not entitled to restitution; plaintiffs "are essentially seeking damages, not the return of money in which they have an identifiable property interest." Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1082 (C.D. Cal. 2003).

With respect to "injunctive relief, . . . plaintiff[s] must demonstrate a real or immediate threat of an irreparable injury." Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001). Defendants assert that plaintiffs have not plausibly alleged "a real or immediate threat of irreparable injury." Defs.' Mot. at 24. In their opposition, plaintiffs argue that their "allegations concerning [d]efendants' continuing failures to honor their warranties and continuing product failures, including failures that result in exposure to toxic refrigerant, are amply real and immediate to justify injunctive relief." Pls.' Opp'n at 21. However, to the extent that plaintiffs rely on future claims for damages arising out of repair costs, plaintiffs are not eligible for injunctive relief. See Pom Wonderful LLC v. Pur Beverages LLC, 2015 WL 10433693, at *3 (C.D. Cal. Aug. 6, 2015) ("If the harm to the plaintiff is merely monetary, it 'will not usually support injunctive relief.' "). Furthermore, although plaintiffs allege that they will be exposed to toxic refrigerant as a result of the continuing alleged failures, plaintiffs do not plausibly allege that this threat is "real or immediate"—indeed, the named plaintiffs here do not plausibly allege that they or their property were injured by exposure to leaked refrigerant, despite more than four years of living with the allegedly defective HVAC units.

### D.   Plaintiffs' Section 896 Claims

Plaintiffs allege that defendants violated California's Right to Repair Act, California Civil Code § 896(g)(5). SAC at ¶ 151. This section provides that "[l]iving space air-conditioning, if any, shall be provided in a manner consistent with *the size and efficiency design criteria* specified in Title 24 of the California Code of Regulations or its successor." Cal. Civ. Code § 896(g)(5) (emphasis added). In their SAC, plaintiffs conclusorily allege that "[t]he living space air-conditioning components . . . were not provided in a manner consistent with the efficiency design criteria specified in Title 24 of the California Code of Regulations and/or its successors, specifically the provisions of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Chapter 28, the Mechanical Code Chapter 11, including, but not limited to, sections 1101.1, 1101.6, 1101.7, 1103.1, and 1104.1, and ASHRAE 15 and 34."  SAC at ¶ 152.

Based upon the allegations in the complaint, it is entirely unclear how defendants have allegedly violated the relevant provisions to which plaintiffs refer in the SAC. Although plaintiffs contend that they "have unequivocally alleged that Defendants' misconduct caused a violation of the living space air-conditioning efficiency design standards of § 896(g)(5)," the allegations in their complaint are merely bald legal conclusions without factual development; plaintiffs fail to plead sufficient facts to allege how defendants or their HVAC units violated the specifications listed at the provisions referenced above.  See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiffs also assert that, at minimum, the SAC alleges violations of California Civil Code § 897.  Pls.' Opp'n at 23.  However, plaintiffs did not allege a violation of this section in their SAC or in the previous two iterations of their complaint.  On a motion to dismiss, the Court considers only the allegations made in the plaintiffs' complaint.  See id. at 678 ("To survive a motion to dismiss, a *complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (emphasis added).

Accordingly, plaintiffs' section 896 claims are properly dismissed.

## IV.   CONCLUSION

In accordance with the foregoing, defendant Daikin Industries, Ltd.'s motion to dismiss for lack of personal jurisdiction, dkt. 45, is hereby **GRANTED**.  In addition, the joint-motion to dismiss brought by defendants Daikin North America, LLC and Daikin Applied Americas Inc., dkt. 44, is hereby **GRANTED**.  Specifically, defendant Daikin North America, LLC is dismissed from this action for lack of personal jurisdiction, and defendant Daikin Applied Americas Inc. is dismissed due to plaintiffs' failure to state a claim.[9]

---

[9]  However, as stated *supra*, even if the Court were to find that plaintiffs had sufficiently established personal jurisdiction over defendant Daikin North America, LLC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS(KKx) | Date | August 3, 2016 |
|----------|------------------------|------|----------------|
| Title | JOANNA PARK-KIM v. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Plaintiffs shall have **twenty-one (21)** days from the date of this order to file a third amended complaint, against only defendant Daikin Applied Americas Inc., addressing the deficiencies identified herein.  Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |

all claims against it would still properly be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim.