Rick L. McKnight (State Bar No. 55183)
fmcknight@jonesday.com
Charlotte S. Wasserstein (State Bar No. 279442)
cswasserstein@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939

Theodore M. Grossman (*pro hac vice*)
tgrossman@jonesday.com
Sharyl A. Reisman (*pro hac vice*)
sareisman@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939

Richard J. Bedell (*pro hac vice*)
rjbedell@jonesday.com
Louis A. Chaiten (*pro hac vice*)
lachaiten@jonesday.com
JONES DAY
North Point, 901 Lakeside Ave.
Cleveland, OH 44114
Telephone: (216) 586-3939

*Attorneys for Defendant Daikin Applied Americas Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA PARK-KIM, individually and on behalf of all others similarly situated; and MARIA CECILIA RAMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIKIN APPLIED AMERICAS INC., F/K/A MCQUAY INTERNATIONAL, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:15-cv-09523-CAS-KK<br><br>Assigned to Hon. Christina A. Snyder<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**Hearing Date: November 14, 2016**<br>**Hearing Time: 10:00am**<br>**Location: Courtroom No. 5**<br>**Judge: Hon. Christina Snyder** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1

SUMMARY OF THE ALLEGATIONS .................................................................. 2

LEGAL STANDARDS ........................................................................................... 4

ARGUMENT ........................................................................................................... 4

I.     PLAINTIFFS FAIL TO STATE A STRICT LIABILITY OR NEGLIGENCE CLAIM ...................................................................... 4

     A.    The Economic Loss Doctrine Bars Plaintiffs' Strict Liability and Negligence Claims ..................................................... 5

     B.    The Strict Liability–Failure to Warn Claim Fails for Additional Reasons ............................................................ 6

     C.    The Strict Liability–Manufacturing Defect Claim Fails for Additional Reasons ............................................................ 7

     D.    The Strict Liability–Design Defect Claim Fails for Additional Reasons ............................................................ 8

     E.    The Negligence Claim Fails for Additional Reasons ..................... 9

II.    PLAINTIFFS FAIL TO STATE A WARRANTY CLAIM ...................... 10

     A.    The Warranty Claims Are Untimely ........................................... 10

     B.    Plaintiffs' Warranty Claims Fail For Lack of Notice ................... 12

     C.    The Express-Warranty Claim Is Deficient for Additional Reasons .................................................................... 13

     D.    Plaintiffs' Implied-Warranty-of-Fitness Claim Fails for Additional Reasons ............................................................ 15

     E.    The Implied-Warranty-of-Merchantability Claim Fails for Additional Reasons ............................................................ 16

     F.    The MMWA Claim Fails for Additional Reasons ....................... 16

III.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE RIGHT TO REPAIR ACT ............................................................................ 17

IV.   PLAINTIFFS FAIL TO STATE A UCL CLAIM ..................................... 18

     A.    Plaintiffs' UCL Claim Is Facially Deficient Under Rule 8 and Rule 9(b) .................................................................... 18

     B.    Plaintiffs Lack Standing To Assert UCL Claims Based On Misrepresentations Or Omissions .............................................. 19

     C.    The UCL Claim Is Time-Barred ................................................ 20

     D.    Plaintiffs In Any Event Are Not Entitled To Any UCL Remedy ....... 20

V.    PLAINTIFFS FAIL TO STATE A CLRA CLAIM ................................. 21

     A.    Plaintiffs' CLRA Claim Is Facially Deficient Under Rule 8 and Rule 9(b) .................................................................... 21

     B.    Plaintiffs Lack Standing To Assert CLRA Claims ...................... 23

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

i

1

## TABLE OF CONTENTS
### (continued)

2

Page

3   C.   The CLRA Claim Is Time-Barred ........................................23

4   D.   Plaintiffs Failed to Satisfy CLRA's Notice Requirement..................23

VI.   THE COURT SHOULD DISMISS WITH PREJUDICE............................24

5   CONCLUSION..................................................................................24

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

ii

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Altman v. HO Sports Co.*,
  No. 1:09-CV-1000 AWI SMS, 2009 WL 4163512 (E.D. Cal. Nov.
  23, 2009) ................................................................................................. 6

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ................................................................. 20

*Asghari v. Volkswagen Grp. of Am., Inc.*,
  42 F. Supp. 3d 1306 (C.D. Cal. 2013) ............................................. 20, 23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 4

*Boyko v. Terveno, LP*,
  No. 15CV2088 JM(JLB), 2016 WL 308592 (S.D. Cal. Jan. 26,
  2016) ..................................................................................................... 18

*Clark v. LG Elecs., U.S.A., Inc.*,
  No. 13-cv-0485, 2013 WL 2476145 (S.D. Cal. June 7, 2013) ............. 15

*Clark v. LG Elecs., U.S.A., Inc.*,
  No. 13-cv-0485, 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ........... 16

*Clark v. Countrywide Home Loans, Inc.*,
  732 F. Supp. 2d 1038 (E.D. Cal. 2010) ............................................... 19

*Clemens v. Daimler-Chrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .............................................................. 16

*Delodder v. Aerotek, Inc.*,
  No. CV 08-6044 CAS AGR, 2009 WL 3770670 (C.D. Cal. Nov. 9,
  2009) ..................................................................................................... 21

*Dilley v. C.R. Bard, Inc.*,
  No. 14-cv-01795, 2014 WL 1338877 (C.D. Cal. Apr. 3, 2014) ............ 8

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Giles v. General Motors Acceptance Corp.*,
494 F.3d 865 (9th Cir. 2007) ............................................................... 5

*Greystone Homes, Inc. v. Midtec, Inc.*,
168 Cal. App. 4th 1194 (2008) .......................................................... 18

*Griffith v. Bank of Am., N.A.*,
No. CV 11-5867 PA FFMx, 2011 WL 6849048 (C.D. Cal. Dec. 13,
2011) ..................................................................................................... 9

*Gustafson v. Goodman Mfg. Co. LP*,
No. CV-13-08274-PCT-JAT, 2016 WL 1029333 (D. Ariz. Mar. 14,
2016) ..................................................................................................... 2

*Hameed v. IHOP Franchising, LLC*,
No. 2:10-CV-02276, 2011 WL 590905 (E.D. Cal. Feb. 10, 2011) ..... 20

*Harris v. Nortek Global HVAC LLC*,
No. 14-cv-21884, 2016 U.S. Dist. LEXIS 18795 (S.D. Fla. Jan. 29,
2016) ..................................................................................................... 2

*Horne v. Harley-Davidson, Inc.*,
660 F. Supp. 2d 1152 (C.D. Cal. 2009) ............................................. 10

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
802 F. Supp. 2d 1070 (N.D. Cal. 2011) ............................................. 24

*In re Coordinated Latex Glove Litig.*,
99 Cal. App. 4th 594, 121 Cal. Rptr. 2d 301 (2002) ........................... 7

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ....................................................... 22

*Justice v. Rheem Mfg. Co.*,
No. 14-cv-80017, 2016 U.S. Dist. LEXIS 97273 (S.D. Fla. Apr. 27,
2016) ..................................................................................................... 2

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........................................................... 22

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

- iv -

1
2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3
4

*Keegan v. Am. Honda Motor Co.*,
 838 F. Supp. 2d 929 (C.D.Cal. 2012)...............................................................22

5
6
7

*Knoppel v. St. Jude Med. Inc.*,
 No. SACV 13-383 JVS ANX, 2013 WL 3803612 (C.D. Cal. May
 7, 2013)................................................................................................................7

8
9

*Kotsur v. Goodman Glob., Inc.*,
 No. CV 14-1147, 2016 WL 4430609 (E.D. Pa. Aug. 22, 2016)..........................2

10

*Lee v. Toyota Motor Sales, USA, Inc.*,
 992 F. Supp. 2d 962 (C.D. Cal. 2014)...............................................................15

11
12

*Mazonas v. Nationstar Mortg. LLC*,
 No. 16-CV-00660-RS, 2016 WL 2344196 (N.D. Cal. May 4, 2016)................20

13
14

*McVicar v. Goodman Glob., Inc.*,
 1 F. Supp. 3d 1044 (C.D. Cal. 2014)...........................................................20, 24

15
16

*Minkler v. Apple, Inc.*,
 65 F. Supp. 3d 810 (N.D. Cal. 2014).................................................................13

17
18

*Mountain Club Owner's Ass'n v. Graybar Elec. Co.*,
 No. Civ. 2:13-1835 WBS KJN, 2014 WL 130767 (E.D. Cal. Jan.
 14, 2014)..............................................................................................................8

19
20

*Nelson v. Pearson Ford Co.*,
 186 Cal. App. 4th 983 (2010)............................................................................23

21
22

*NuCal Foods, Inc. v. Quality Egg LLC*,
 918 F. Supp. 2d 1037 (E.D. Cal. 2013).............................................................16

23
24

*Oestreicher v. Alienware Corp.*,
 544 F. Supp. 2d 964 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th
 Cir. 2009)...........................................................................................................22

25
26

*Ortiz Corp. v. America's Servicing Co.*,
 No. EDCV 12-191, 2012 WL 2160953 (C.D. Cal. June 11, 2012) ..................24

27
28

*PB Property Mgmt., Inc. v. Goodman Mfg. Co., L.P.*,
 No. 3:12-cv-1366-HES, ECF No. 159 (M.D. Fla. May 12, 2016).......................2

- v -

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

1

2

### TABLE OF AUTHORITIES
### (continued)

**Page**

3

*Plumlee v. Pfizer, Inc.*,

4
      No. 13-CV-00414-LHK, 2014 WL 695024 (N.D. Cal. Feb. 21,

5
      2014) ....................................................................................................20

6
*Rice v. Sunbeam Prods., Inc.*,

7
      No. CV 12-7923, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013)...........................13

8
*Rideout v. Similasan Corp.*,

9
      No. 12–CV–0376, 2013 WL 2120825 (S.D. Cal. May 14, 2013) .....................24

10
*Smith v. LG Electronics U.S.A.*,

      No. C13-4361 PJH, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ...................14

11

12
*Tietsworth v. Sears, Roebuck & Co.*,

      No. 09-cv-0288, 2009 WL 1363548 (N.D. Cal. May 14, 2009)........................13

13

14
*Trabakoolas v. Watts Water Techs., Inc.*,

      No. 12-CV-01172-YGR, 2012 WL 2792441 (N.D. Cal. July 9,

15
      2012) .................................................................................................7, 8

16
*Tyson v. Wells Fargo Bank*,

      No. CV 12-5757-CAS, 2012 WL 4107877 (C.D. Cal. Sept. 18,

17
      2012) ....................................................................................................24

18
*UMG Record., Inc. v. Glob. Eagle Entm't, Inc.*,

19
      117 F. Supp. 3d 1092 (C.D. Cal. 2015)....................................................5

20
*Vaccarino v. Midland Nat'l Life Ins., Co.*,

21
      No. CV 11-05858 CAS MANx, 2011 WL 5593883 (C.D. Cal. Nov.

      14, 2011) ...............................................................................................19

22

23
*Vavak v. Abbott Labs., Inc.*,

      No. SACV 10-1995, 2011 WL 10550065 (C.D. Cal. June 17, 2011) ................9

24
*Vess v. Ciba-Geigy Corp. USA*,

25
      317 F.3d 1097 (9th Cir. 2003)..................................................4, 19, 22

26
*Villalvazo v. Am.'s Servicing Co.*, No. CV 11-4868 CAS (MANx),

27
      2012 WL 3018059 (C.D. Cal. July 23, 2012) .....................................24

28

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

- vi -

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Warner v. Tinder, Inc.*,
  105 F. Supp. 3d 1083(C.D. Cal. 2015)...........................................................20, 21

*Wilson v. Hewlett–Packard Co.*,
  No. 09–cv–2253–RMW, 2009 WL 3021240 (N.D.Cal. Sept. 17,
  2009)..........................................................................................................22

*Young v. Carrier Corp.*,
  No. 4:14-CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) ..................12

**STATUTES AND RULES**

Fed. R. Civ. P. 9(b). ..........................................................................4, 19, 21, 22

Fed. R. Civ. P. 12(b)(6) ...............................................................................4

15 U.S.C. § 2308(b) ...................................................................................15

15 U.S.C. § 2310(e) ...................................................................................13

Cal. Bus. & Prof. Code § 17200 ..................................................................18

Cal. Bus. & Prof. Code § 17204 ..................................................................19

Cal. Bus. & Prof. Code § 17208 ..................................................................20

Cal. Civ. Code § 896(g)(3)(E) .....................................................................18

Cal. Civ. Code § 896(g)(4) .........................................................................17

Cal. Civ. Code § 896(g)(5) .........................................................................17

Cal. Civ. Code § 897...............................................................................17, 18

Cal. Civ. Code § 1770(a) ............................................................................21

Cal. Civ. Code § 1780(d) ............................................................................23

Cal. Com. Code § 2316(2) ..........................................................................15

Cal. Com. Code § 2607(3)(A) ......................................................................13

Cal. Com. Code § 2725...............................................................................10

UCC § 2-315 ............................................................................................16

- vii -

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
## (continued)

**Page**

**O**THER **A**UTHORITIES

2 The Law of Prod. Warranties § 11:4 ...................................................................... 12

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

# **INTRODUCTION**

This Court has *twice* dismissed Plaintiffs' prior complaints in their entirety, for a host of independent reasons. *See* Order Granting Motion to Dismiss Second Amended Complaint, No. 2:15-cv-09523-CAS(KKx), ECF No. 55 ("SAC Order") (Aug. 3, 2016). Rather than curing the pleading failures that caused the Court to dismiss the prior complaints, the Third Amended Complaint suffers from the same fatal flaws and more.

- Even at this late juncture—their third amendment—Plaintiffs still fail to plead any injury to person or other property and, thus, all of their tort claims are barred by the economic-loss doctrine.
- It is now even clearer that Plaintiffs' warranty claims are untimely under California's four-year statute of limitations: This is a late-2015 lawsuit alleging recent problems with units delivered at least seven years earlier and covered by a maximum 18-month warranty.
- Plaintiffs' Right to Repair Act claim continues to rely on statutory provisions that are flatly inapplicable here—including one that actually addresses deficiencies in heating, rather than cooling.
- And Plaintiffs' unfair competition law ("UCL") claim still fails because, among other reasons already identified by the Court, Plaintiffs lack standing: Plaintiffs did not rely on or even see any supposedly misleading Daikin material. They bought condominiums, not air conditioners.

Aside from reinforcing the untimeliness of Plaintiffs' claims, the Third Amended Complaint thus does nothing to alter or even to address these and the other reasons the Court gave for dismissing the prior complaint.

Plaintiffs do attempt to add a California Consumers Legal Remedies Act ("CLRA") claim. But that claim fails for many of the same reasons, among others, that the UCL claim fails. Plaintiffs also attempt to kick up dust by raising a

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

question about which warranty form covered their units. As to which form applies, there is no question. Regardless, that issue is merely a sideshow: The applicable warranty form and the one Plaintiffs reference are nearly identical, and Plaintiffs have failed to state a claim regardless which warranty applies.

Plaintiffs have been given more than their fair share of chances to plead facts to support a viable claim. Their continuing failure to do so confirms that further amendment would be futile. This time, dismissal should be with prejudice.[1]

## SUMMARY OF THE ALLEGATIONS

This Court is already familiar with Plaintiffs' allegations, having seen them three times before. Aside from eliminating claims against defendants against whom this Court has dismissed all claims with prejudice, Plaintiffs' Third Amended Complaint differs from its earlier iteration in few material respects, none of which saves their claims.

Plaintiffs allege that Defendant, together with unnamed "Doe" Defendants, "design[s], manufacture[s] and sell[s] heating, ventilation, and air conditioning . . . units that contain a component called as an evaporator coil that is manufactured with aluminum-finned copper tubing ('Daikin Coils')." Third Amended Complaint ("Compl.") ¶ 5. Plaintiffs further allege that these Daikin Coils—a term coined by

---

[1] As the Court noted in its prior order, this is not the first court to dismiss on the pleadings claims premised upon allegations of "formicary corrosion" in HVAC evaporator coils. SAC Order at 15 n.5. What is more, class certification has been denied in all cases to date, including a sixth time shortly after this Court issued its ruling on the Second Amended Complaint. *See Kotsur v. Goodman Glob., Inc.*, No. CV 14-1147, 2016 WL 4430609 (E.D. Pa. Aug. 22, 2016); *see also McVicar v. Goodman Glob., Inc.*, No. CV 13-1223-DOC RNBX, 2015 WL 4945730, at *14 (C.D. Cal. Aug. 20, 2015), appeal denied (Nov. 19, 2015); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-cv-1366-HES, ECF No. 159 (M.D. Fla. May 12, 2016); *Justice v. Rheem Mfg. Co.*, No. 14-cv-80017, 2016 U.S. Dist. LEXIS 97273 (S.D. Fla. Apr. 27, 2016); *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 1029333, at *14 (D. Ariz. Mar. 14, 2016); *Harris v. Nortek Global HVAC LLC*, No. 14-cv-21884, 2016 U.S. Dist. LEXIS 18795, at *52 (S.D. Fla. Jan. 29, 2016).

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

Plaintiffs that fails to identify a unique product[2]—are susceptible to a specific form of corrosion that allegedly causes the copper coils to leak refrigerant and fail. *Id.* ¶¶ 7-8, 30-34.

Both Plaintiffs allege that they own McQuay-brand HVAC units with defective evaporator coils. Compl. ¶¶ 50, 57.

Plaintiff Park-Kim alleges that, in September 2010, she purchased a condominium that came equipped with a McQuay unit that was manufactured in 2006. *Id.* ¶ 50. Plaintiff alleges that her condominium is in the EVO condominium complex, which opened its doors in 2008.[3] *Id.* ¶¶ 3, 44, 50. She does not allege how much earlier the unit was delivered to its purchaser and installed in the condominium. She further asserts that she "first became aware that her . . . unit was not functioning properly in June 2015"—at least seven years after installation— "when her tenant informed her that the unit was no longer adequately cooling" the condominium. *Id.* ¶ 51. Plaintiff Park-Kim attributes this failure to the corrosion of Daikin Coils, though she does not specify that any professional diagnosis of corrosion, let alone any specific form of corrosion, was ever made. She alleges that she spent "thousands" of dollars to have a contractor test the unit for leaks, replenish it with refrigerant, and replace her original coil. *Id.* ¶ 53. She does not allege that she has had further troubles with her unit since the coil replacement.

Plaintiff Ramos alleges that, in June 2009, she purchased a condominium that came equipped with a McQuay unit that was manufactured in December 2006. *Id.* ¶ 57. She alleges that her condominium is in the EVO condominium complex, which opened its doors in 2008. *Id.* ¶¶ 3, 44, 57. Like Plaintiff Park-Kim, she does not allege how much earlier the unit was delivered to its purchaser and installed in

_____

[2] An evaporator coil merely refers to a series of tubes through which pressurized refrigerant runs, *see* Compl. ¶ 6, and may be found in a variety of different products sold by a variety of manufacturers.

[3] In the Third Amended Complaint, Plaintiffs for the first identify the condominium building at issue, when it "opened its doors," and thus the latest date when the units would have been installed.

the condominium.  Also like Plaintiff Park-Kim, she alleges that she "first became aware that her . . . unit was not functioning properly in June 2015" (at least seven years after installation), and, despite failing to allege that any professional diagnosis of corrosion was ever made, she attributes this failure to coil corrosion.  *Id.* ¶¶ 58, 60.  Plaintiff Ramos alleges that she spent "hundreds" of dollars to have a contractor test the unit for leaks and replenish it with refrigerant.  *Id.* ¶ 60.  She does not allege that her coil was ever replaced.

Neither Plaintiff alleges that she submitted a warranty claim to Defendant or that Defendant failed to honor any warranty term.[4]

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff fails to plead a set of facts which, if true, would entitle the complainant to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On a motion to dismiss, the court is not required to accept as true legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678.  Moreover, to satisfy the heightened pleading requirements of Rule 9(b), which applies to allegations of fraud, Plaintiff must allege "*more* than the neutral facts necessary to identify the transaction," including the who, what, when, where, and how of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

---

[4] Plaintiffs purport to represent a class of "[a]ll individual, entity and associations of owners in the State of California who own HVAC units with Daikin Coils installed in them," Compl. ¶ 14, as well as a Subclass, *id.* ¶ 15.

**ARGUMENT**

## I. PLAINTIFFS FAIL TO STATE A STRICT LIABILITY OR NEGLIGENCE CLAIM.

In dismissing Plaintiffs' Second Amended Complaint, this Court held that their tort claims were subject to dismissal for failure to allege a cognizable, non-economic injury. *See* SAC Order at 16-20. Nothing has changed on that front. Plaintiffs still fail to allege a personal or other-property injury, so Plaintiffs' tort claims (Claims II through V) are still barred by the economic-loss doctrine. Likewise—as this Court has already recognized—the tort claims are deficient for other, independent reasons, as well.

### A. The Economic Loss Doctrine Bars Plaintiffs' Strict Liability and Negligence Claims.

The economic-loss doctrine "is designed to maintain a distinction between damage remedies for breach of contract and for tort." *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). To that end, the doctrine precludes recovery in tort for purely economic losses to the allegedly defective product. *See UMG Record., Inc. v. Glob. Eagle Entm't, Inc*., 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015). Put differently, a "plaintiff can sue [a] manufacturer in tort only for damages resulting from physical injury to persons or to property other than the product itself." SAC Order at 16 (quoting *Giles*, 494 F.3d at 874 (emphasis omitted)).

Last time around, this Court held that Plaintiffs' "strict liability and negligence claims are all barred by the economic loss doctrine because [P]laintiffs allege only economic losses resulting from the alleged failures of their . . . units and therefore fail to plead any harm to person or property." *Id.* at 17. In so doing, the Court rejected as insufficient allegations that the allegedly defective units present a risk of harm to persons and other property; it also rejected the argument that damage to the HVAC unit more broadly qualifies as damages to "other property."

1    *Id.* at 17-20.

2        The Third Amended Complaint does nothing to address the fatal flaws this

3    Court previously recognized.  Plaintiffs still fail to allege any injury to person or

4    other property and allege only economic losses incurred in responding to the

5    alleged failures of their McQuay units, Compl. ¶¶ 53, 60; such damages are simply

6    not recoverable in tort.  Indeed, the new facts in the Third Amended Complaint

7    only make *more* clear that Plaintiff Park-Kim has not suffered any health-related

8    harms; she does not even reside in her condominium.  *Id.* ¶¶ 51-52.

9        Accordingly, "[P]laintiffs' strict liability and negligence claims [remain]

10   barred by the economic loss doctrine and are appropriately dismissed on this

11   ground alone."  SAC Order at 20.

12   **B.    The Strict Liability–Failure to Warn Claim Fails for Additional**

13   **Reasons.**

14       Plaintiffs' failure-to-warn claim also suffers from independent flaws.  "To

15   state a failure-to-warn claim, [P]laintiffs must allege, among other things, (1) that

16   [D]efendants failed to warn plaintiffs of the alleged substantial risks, (2) causation,

17   and (3) damages."  SAC Order at 20 (citing *Altman v. HO Sports Co.*, No. 1:09-

18   CV-1000 AWI SMS, 2009 WL 4163512, at *9 (E.D. Cal. Nov. 23, 2009)).  The

19   Third Amended Complaint fails on all three counts.

20       First, although Plaintiffs assert the legal conclusion that "Defendants failed to

21   adequately warn consumers" of "risks to consumers and property," Compl. ¶¶ 114-

22   15, Plaintiffs plead no facts in support of that conclusion.  Plaintiffs still do not

23   adequately allege, among other things, whether Defendants provided warnings with

24   the HVAC units, whether Plaintiffs read those warnings, whether or how those

25   warnings were inadequate, or other facts that would support the conclusion that

26   Defendants failed to warn.  These deficiencies require dismissal.  *Altman*, 2009 WL

27   4163512, at *9 (dismissing failure-to-warn claim because the complaint "[did] not

28   identify how the warning was inadequate").

Second and similarly, although Plaintiffs assert the legal conclusion that "Defendant['s] failure to provide adequate instructions and warnings was a substantial factor in causing and proximately caused" their "harm, damages, and economic losses," Plaintiffs plead no supporting facts.  Compl. ¶ 118.  Indeed, as this Court held in dismissing Plaintiffs' Second Amended Complaint, Plaintiffs' allegations "support an inference that formicary corrosion would have occurred" regardless of any warning.  SAC Order at 21.  Accordingly, Plaintiffs' failure to adequately allege causation is yet another ground for dismissal.  *See id.*; *Knoppel v. St. Jude Med. Inc.*, No. SACV 13-383 JVS ANX, 2013 WL 3803612, at *2 (C.D. Cal. May 7, 2013) (dismissing failure-to-warn claim because the plaintiff failed to connect the alleged knowledge of a risk to any injury).

Third, the only harms Plaintiffs identify are out-of-pocket losses in the form of labor and repair charges.  Apart from being damages unrecoverable in tort, *see supra* at 5-6, they also were not incurred as a result of any alleged failure to warn.

## C.   The Strict Liability–Manufacturing Defect Claim Fails for Additional Reasons.

Plaintiffs' manufacturing-defect claim fares no better.  Under California law, "a manufacturer may be strictly liable when a flaw in the manufacturing process results in a product that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Trabakoolas v. Watts Water Techs., Inc*., No. 12-CV-01172-YGR, 2012 WL 2792441, at *3 (N.D. Cal. July 9, 2012) (internal quotation marks omitted).  This theory of liability presumes, accordingly, that "a suitable design is in place" and "that the manufacturing process has in some way deviated from that design." *In re Coordinated Latex Glove Litig*., 99 Cal. App. 4th 594, 613, 121 Cal. Rptr. 2d 301, 315 (2002).  Although "plaintiffs need not offer an extensive explanation of the manufacturing process, plaintiffs nonetheless must '*identify/explain how* the [product] either deviated from [defendant's] intended result/design or *how* the [product] deviated from other

seemingly identical [product] models." SAC Order at 22 (quoting *Trabakoolas*, 2012 WL 2792441, at *4).

Although Plaintiffs now allege that "[t]he Daikin Coils suffer from a manufacturing defect because *certain Daikin Coils* are different from Defendant's intended design in that aluminum fins are attached to the copper tubing in a manner that differs from other seemingly identical Daikin Coils," Compl. ¶ 35 (emphasis added), Plaintiffs do not allege that *their particular units* suffered from this supposed defect. *See* SAC Order at 22 (noting that Plaintiffs must allege a manufacturing defect "with respect to [P]laintiffs' particular units"). Moreover, Plaintiffs' statements on this point amount to little more than a "bare allegation that the [product] had 'a manufacturing defect,'" which "is an insufficient legal conclusion." *Dilley v. C.R. Bard, Inc.*, No. 14-cv-01795, 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014) (a plaintiff "must *identify/explain how* the [product] either deviated from [the manufacturer's] intended result/design or *how* the [product] deviated from other seemingly identical [products]."). At bottom, "the gravamen of [P]laintiffs' action" is that "the Daikin Coils' *design* itself is inherently faulty, irrespective of any manufacturing defect that may have occurred with respect to [P]laintiffs' particular units." SAC Order at 22. Accordingly, the Third Amended Complaint, like the ones before, does not adequately allege a manufacturing-defect claim.

**D.    The Strict Liability–Design Defect Claim Fails for Additional Reasons.**

To state a design-defect claim, Plaintiffs must either (1) "*describe how* the [product] failed to meet the minimum safety expectations of an ordinary consumer" or (2) "allege that the risks of the design outweigh the benefits, and then *explain how* the particular design of the [product] caused [plaintiff] harm." *Mountain Club Owner's Ass'n v. Graybar Elec. Co.*, No. Civ. 2:13-1835 WBS KJN, 2014 WL 130767, at *1 (E.D. Cal. Jan. 14, 2014). The Third Amended Complaint includes

some additional legal conclusions related to the design-defect claim, but Plaintiffs still fail to plead sufficient *facts* to support their claim. The conclusory allegation that "the manner in which [Daikin Coils] are designed, including the manner in which the aluminum fins are attached to the copper tubing, does not meet the expectations of the reasonable consumer," Compl. ¶ 35, for instance, is not enough.[5] *See* SAC Order at 23 (holding that Plaintiffs must allege "*facts* indicating an ordinary consumer's minimum safety expectations") (emphasis added). And, again, Plaintiffs do not allege any non-economic harm caused by the allegedly defective design. *See supra* at 5-6.

## E.   The Negligence Claim Fails for Additional Reasons.

To state a claim for negligence, Plaintiffs must allege the breach of a legal duty and proximate causation between that breach and their injury. *See Griffith v. Bank of Am., N.A.*, No. CV 11-5867 PA FFMx, 2011 WL 6849048, at *4 (C.D. Cal. Dec. 13, 2011). Plaintiffs, however, still fail to allege that Defendant owed them any duty in the first place. Just as before, Plaintiffs allege only that Defendant "had a duty to exercise reasonable care in designing, manufacturing, inspecting, testing, labeling, marketing, and selling and/or distributing the Daikin Coils." Compl. ¶ 142. However, "recognizing a duty of care like that articulated by [P]laintiffs here would mean that 'every product-purchasing consumer would have a negligence-based claim against a manufacturer based on [the manufacturer's] so-called duty to use reasonable care in making consumer products.' " SAC Order at 24 (quoting *Vavak v. Abbott Labs., Inc.*, 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011)). For that reason, California courts have consistently reaffirmed that no such duty exists.

---

[5] Plaintiffs attach as Exhibit A an *Evaluation of a Failed Heat Exchanger*, the relevance of which is not readily apparent. Nowhere does Exhibit A (or the Third Amended Complaint) identify the heat exchanger under evaluation as a Daikin Water Source Heat Pump, let alone as one of Plaintiffs' units. It also gives no information as to the history of the heat exchanger or any chain of custody prior to the evaluation.

In any event, Plaintiffs also fail to plead *facts* establishing that Defendant breached that supposed duty (which, again, is not a duty at all), alleging only that Defendant "failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use." Compl. ¶ 144. And nowhere do they allege any actual injury caused by the alleged absence of warnings or instructions. *See* SAC Order at 24. Moreover, any such injuries would be solely economic and barred by the economic-loss rule. *See supra* at 5-6.

## II.   PLAINTIFFS FAIL TO STATE A WARRANTY CLAIM.

This Court held in dismissing Plaintiffs' Second Amended Complaint that all warranty claims were untimely. *See* SAC Order at 33-34. If anything, the Third Amended Complaint only underscores this fatal defect. Accordingly, Plaintiffs' warranty claims (Claims VI-VIII and I) are all subject to dismissal on timeliness grounds. And that is not all: Even if the warranty claims were timely (and they are not), this Court has already recognized several independent bases for their dismissal, none of which is cured in the Third of Amended Complaint.

### A.   The Warranty Claims Are Untimely.

"Plaintiffs' warranty claims . . . are subject to a four-year statute of limitations." SAC Order at 33 (citing Cal. Com. Code § 2725(1) and *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1157 (C.D. Cal. 2009)). The limitations period begins "when tender of delivery is made," unless the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," in which case "the cause of action accrues when the breach is or should have been discovered." Cal. Com. Code § 2725.

Plaintiffs do not plausibly identify the terms of a warranty that "explicitly extends to future performance." The limitations period therefore began upon delivery of their units. Although Plaintiffs do not specify the purchaser of the HVAC units, or when delivery to the purchaser occurred, they allege that their units

were manufactured in 2006 and that the EVO condominiums opened their doors in 2008. Compl. ¶¶ 44, 50. Thus, delivery, at latest (though likely it was much earlier), was in 2008, which means the statute of limitations expired in 2012—three years before the first complaint was filed in this matter. Even considering Plaintiffs' condominium purchase dates—September 2010 (Park-Kim) and June 2009 (Ramos), *id.* ¶¶ 50, 57—and the unlikely scenario that the units were delivered and installed the *very same day* Plaintiffs purchased their condos, the limitations period would have run by September 2014 (for Ms. Park-Kim) and June 2013 (for Ms. Ramos). Ms. Park-Kim did not file suit until November 2015, ECF No. 1, and Ms. Ramos did not file until April 2016, ECF No. 40. Under any and all scenarios, Plaintiffs' claims are barred by the statute of limitations.

Insomuch as Plaintiffs may suggest that the statute of limitations began to run only upon discovery of the alleged breach because their units were covered by a warranty that extended to future performance (as they have attempted previously), they would be mistaken. The warranty that covered Plaintiffs' units is attached to this motion ("Form 29Y") as Exhibit A to the Declaration of Philip Johnston ("Johnston Decl."). Plaintiffs suggest that a different warranty—what they call "Form 85Y"—may have applied.[6] *See* Compl. ¶¶ 65-70. That warranty is attached to this motion as Exhibit B to the Declaration of Philip Johnston. Although the Johnston Declaration makes clear that Form 29Y, rather than Form 85Y covered Plaintiffs' units, this Court need not get into that question because *neither limited repair-and-replace warranty* extends to future performance. *See* Exh. A to Johnston Decl. ("Any part…which becomes defective under normal use during the period of this warranty will be repaired or replaced…."); Exh. B to Johnston Decl.

---

[6] Plaintiffs' allegations that Defendants have "intentionally suppressed the terms of the applicable warranty," Compl. ¶ 64, fall flat. Plaintiffs do not and cannot allege that the purchaser of the HVAC units did not receive the warranty. Further, nowhere do Plaintiffs allege they asked anyone—Defendants, building owners or managers, or anyone else—for a copy of the applicable warranty.

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

11

(providing that Defendant "will repair or replace defective parts in the event any product manufactured by [it]…proves defective" during the warranty period).  A warranty does not extend to future performance where "the language concerning time [of performance] focuses on the remedy to be given by the warrantor, rather than the future performance of the goods themselves." 2 The Law of Prod. Warranties § 11:4; *see also Young v. Carrier Corp.,* No. 14-cv-0974, 2014 WL 6617650, at *5 (N.D. Ohio Nov. 21, 2014) ("Repair-and-replace clauses, like the one in [the air conditioner manufacturer's] warranty, are routinely held not to constitute promises of future performance." (collecting cases)).

But even if the warranties could be said to extend to future performance (they cannot), *both warranties* are of limited duration and both expired years before Plaintiffs allege that their units failed.  The applicable warranty—Form 29Y—has a one-year duration, with an outside warranty period of eighteen months from the date of factory shipment, *see* Exh. A to Johnston Decl.; Form 85Y is limited to "twelve (12) months from initial startup or eighteen (18) months from the date shipped by Company, whichever occurs first," Exh. B to Johnston Decl.  Under either Form, with EVO having opened its doors in 2008, the warranties expired by 2009.  And even (wrongly) using Plaintiffs' purchase dates as the trigger or "startup" date, the limited warranty—under both Forms—expired in September 2011 (Park-Kim) and June 2010 (Ramos).  Again, Plaintiffs do not allege that their units failed until June 2015.  Accordingly, even giving Plaintiffs every benefit of the doubt, the Third Amended Complaint does not allege that their units failed within any period conceivably covered by either warranty form.  As a result,  Plaintiffs' express and implied warranty claims are all "untimely and therefore barred by the relevant four-year statute of limitations."  SAC Order at 34.

### B.   <u>Plaintiffs' Warranty Claims Fail For Lack of Notice.</u>

Plaintiffs' warranty claims independently fail because Plaintiffs do not allege that they provided pre-suit notice and an opportunity to cure, as required under

California law, Cal. Com. Code § 2607(3)(A), or notice as required by the MMWA, 15 U.S.C. § 2310(e).  *See* SAC Order at 35-36 (holding these notice requirements apply to all of Plaintiffs' warranty claims).  This Court previously held that such failure required dismissal of the warranty claims in Plaintiffs' Second Amended Complaint.  *Id.* at 34-36 ("[A]ll of plaintiffs' warranty claims, including their MMWA claim, fail for failure to plead sufficient notice.").  And still, Plaintiffs do not allege that they ever submitted a warranty claim (let alone that Defendant refused to honor such claim).

Conclusory allegations that Defendant was on notice of the allege defect because of a contractor's work servicing Plaintiffs' units in no way suffice.  *See* Compl. ¶ 155.  For one thing, this supposed notice would have been in 2015, when Plaintiffs allege their units first began to fail and were first leak tested by the contractor.  *Id.* ¶¶ 43, 51, 58.  By this time, both Plaintiffs' warranties had long since expired.  Further, Plaintiffs plead no facts establishing that the contractor was operating as Defendant's agent.  More importantly, what is required is notice "of [the] breach," not notice of the alleged defect.  Cal. Com. Code § 2607(3)(A).  And because Plaintiffs "fail[] to plead that [they] provided this notice within a reasonable time of discovering the breach"—even to a contractor—their "warranty claims must be dismissed."  *Minkler v. Apple, Inc*., 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014).

**C.      The Express-Warranty Claim Is Deficient for Additional Reasons.**

To state a claim for breach of express warranty, a plaintiff must plausibly allege, among other things, (1) that such warranty formed part of the basis of the bargain and (2) that such warranty was actually breached.  *See Tietsworth v. Sears, Roebuck & Co*., No. 09-cv-0288, 2009 WL 1363548, at *2 (N.D. Cal. May 14, 2009); *Rice v. Sunbeam Prods., Inc*., No. CV 12-7923, 2013 WL 146270, at *11-12 (C.D. Cal. Jan. 7, 2013) (Snyder, J.); SAC Order at 25.  The Third Amended Complaint, like the prior iterations, misses both of these marks.

1.     **Plaintiffs do not identify a warranty that formed the basis of their bargain.**

"For a statement to form the basis of the bargain," a plaintiff must at the very least "allege facts showing that she was exposed to the alleged statement prior to making the decision to purchase the product." *Smith v. LG Electronics U.S.A.*, No. C 13-4361 PJH, 2014 WL 989742, at *4 (N.D. Cal. Mar. 11, 2014).  On its last pass, this Court held that Plaintiffs' express-warranty claims failed because the Second Amended Complaint did "not sufficiently allege that any express warranty actually formed the basis of the bargain between plaintiffs and defendants—that is, plaintiffs [did] not assert that they read or relied upon any warranty . . . before purchasing the condominium with the HVAC unit in it." SAC Order at 28.  Nothing has changed.  As before, Plaintiffs do not allege that they read or relied upon any warranty terms prior to purchasing their HVAC units.  To the contrary, Plaintiffs allege that they purchased condominiums with those units *already installed*.  *Id*. ¶¶ 50, 57.[7]

2.     **Plaintiffs do not identify an enforceable express warranty that was breached.**

In addition, Plaintiffs' do not allege that Defendant actually breached the terms of any such warranty.  They cannot.  As already explained, the warranty that Plaintiffs' contend covered their units, Form 85Y—similar to the warranty that actually covered their units, Form 29Y—had a 12- to 18-month duration.  *See supra* at 12; Johnston Decl., Exhs. A & B.  Plaintiffs do not allege that their units failed within that time period, and "Plaintiffs cannot establish a breach of express warranty where there are no allegations that Plaintiffs actually experienced a

---

[7] Plaintiffs argue that they cannot identify the applicable warranty terms because Defendant "intentionally suppressed the terms of the applicable warranty." Compl. ¶ 64.  Plaintiffs, of course, do not come close to pleading sufficient facts to support this new theory—particularly given the heightened standards of Federal Rule of Civil Procedure 9(b).  But these allegations actually only underscore the key weakness of their express-warranty claim:  If Plaintiffs were not aware of the applicable warranty prior to purchasing their condominiums, such warranty certainly did not form part of the basis of their bargain.

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

14

1   problem with the [product] and sought a repair during the express warranty period."

2   *Lee v. Toyota Motor Sales, USA, Inc.*, 992 F. Supp. 2d 962, 978 (C.D. Cal. 2014).

3   More fundamentally, Plaintiffs fail to allege that they ever made a warranty claim

4   that was not satisfied.[8]  And where there is no warranty claim, there is no warranty

5   breach, so Plaintiffs' express-warranty claim must be dismissed.  *See Clark v. LG*

6   *Elecs., U.S.A., Inc.*, No. 13-cv-0485, 2013 WL 2476145, at *5 (S.D. Cal. June 7,

7   2013).

8       **D.**    **Plaintiffs' Implied-Warranty-of-Fitness Claim Fails for Additional**

9           **Reasons.**

10       The implied-warranty-of-fitness claim also fails for additional reasons,

11   familiar to the Court and Plaintiffs.

12       First, both express warranties at issue disclaim all implied warranties,

13   including the implied warranty of fitness.  Johnston Decl., Exh. A ("**This**

14   **warranty . . . is given in lieu of all other warranties.  There is no implied**

15   **warranty of merchantability or fitness for a particular purpose.**" (emphasis in

16   original)); *id.* Exh. B ("**THIS WARRANTY . . . IS GIVEN IN LIEU OF ALL**

17   **OTHER WARRANTIES. THERE IS NO IMPLIED WARRANTY OF**

18   **MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**"

19   (emphasis in original).   These disclaimers are unambiguous and appear in boldface.

20   Such disclaimers are valid under California law, *see* Cal. Com. Code § 2316(2), and

21   this Court has already held that Plaintiffs' conclusory allegations of

22   unconscionability do not suffice.  *See* SAC Order at 30.  At the very least, these

23   disclaimers operate to limit the duration of any implied warranties to the duration of

24   the written warranties.  *Id.* at 31; *see also* 15 U.S.C. § 2308(b) ("implied warranties

25   may be limited . . . to the duration of a written warranty").

26

27         [8] Indeed, Exhibit C to Plaintiffs' Complaint states that the contractor charged

28   Plaintiff Park-Kim for a replacement coil.  That charge to Plaintiff strongly suggests
that no warranty claim was made.

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

15

Second, Plaintiffs still fail to allege any "particular" purpose of their air-conditioning systems beyond the ordinary purpose of cooling air.  Notably, "[a] 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those . . . which are customarily made of the goods in question."  UCC § 2-315, Official Comment ¶ 2; *see also NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1044 (E.D. Cal. 2013) (dismissing an implied warranty of fitness claim when party bringing the claim "does not allege . . . that [intended purpose of the product] is 'peculiar to the nature' of its business").  It goes without saying that the ordinary purpose of an HVAC unit is to cool air.  Because "plaintiffs have failed to allege, as they must in order to sustain an implied warranty of fitness claim, any 'particular' purpose of their air-conditioning systems beyond the ordinary purpose of cooling," SAC Order at 31, their implied-warranty-of-fitness claims must be dismissed.

## E.    The Implied-Warranty-of-Merchantability Claim Fails for Additional Reasons.

In addition to the statute-of-limitations and notice issues, Plaintiffs' implied-warranty-of-merchantability claim suffers from many of the same defects as the implied-warranty-of-fitness claim.  In particular, implied warranties have been disclaimed, and, to the extent any implied warranty applies, it was limited in duration.  These deficiencies mandate dismissal of both implied-warranty claims.

## F.    The MMWA Claim Fails for Additional Reasons.

The MMWA does not provide an independent cause of action, instead, it merely "borrows state law causes of action" and provides additional remedies for violations of state substantive law.  *Clemens v. Daimler-Chrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008).  Because Plaintiffs' state-law warranty claims claims fail, the MMWA claim must go the same way.  *See Clark v. LG Elecs., U.S.A., Inc.*, No. 13-cv-0485, 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013)

1    ("Dismissal of the state law express and implied warranty claims requires the same
2    disposition with respect to an associated MMWA claim.").

3    **III.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE RIGHT TO**
4    **REPAIR ACT.**

5          Plaintiffs' Right to Repair Act claims (Counts X through XII) also suffer
6    from the same flaws that led the Court to dismiss them the last time around—plus
7    some new ones.

8          First, Plaintiffs cannot state a claim under § 896(g)(5) of the Act, which
9    provides that "[l]iving space air-conditioning, if any, shall be provided in a manner
10   consistent with the size and efficiency design criteria specified in Title 24 of the
11   California Code of Regulations or its successor." Cal. Civ. Code § 896(g)(5).
12   Defendant does not size or select air-conditioning systems for residential
13   construction; contractors and builders do that. And Plaintiffs have not alleged
14   otherwise. Accordingly, § 896(g)(5) is facially inapplicable to Defendant. In any
15   event, Plaintiffs' complaint is about an alleged defect that purportedly causes
16   corrosion and premature refrigerant leaks; they do not assert that the wrong size
17   unit was installed in their condominiums, which is the harm § 896(g)(5) addresses.

18         *A fortiori*, Plaintiffs cannot state a claim under § 896(g)(4) of the Act. By
19   contrast with § 896(g)(5), which at least relates to air conditioning, § 896(g)(4)
20   provides only that "*[h]eating* shall be installed so as to be capable of maintaining a
21   [particular] room temperature." Cal. Civ. Code § 896(g)(4) (emphasis added). But
22   Plaintiffs' complaints relate exclusively to cooling failures. *See, e.g.,* Compl.
23   ¶ 51(alleging that the "unit was no longer adequately cooling"); *id.* ¶ 52
24   (complaining about "excessive heat"); *id.* ¶ 59 (same). Because neither Plaintiff
25   has alleged a heating failure, § 896(g)(4) is plainly inapplicable. In any event, this
26   provision, too, relates to the "install[ation]" of heating units—something Defendant
27   does not do.

28         Finally, Plaintiffs cannot state a claim under § 897. That section provides

that "[t]he standards set forth in this chapter are intended to address every function or component of a structure. To the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage."  Cal. Civ. Code § 897.  But HVAC units *are* covered by the chapter—*e.g.*, by § 896(g)(5)—so § 897 does not apply.  Moreover, claims under § 897 are subject to the economic-loss rule.  *See Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1212 n.9 (2008) (interpreting § 897 to provide that "[c]onstruction defects that do not violate the standards remain actionable, subject to the economic loss rule").  Plaintiffs have alleged nothing other than economic losses, *see supra* at 5-6, so § 897 affords no remedy.  Finally, § 896(g)(3)(E) provides that the Act "does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure."  Cal. Civ. Code § 896(g)(3)(E).  And the California courts have held that that provision "is intended to bar actions in which the claimant seeks to recover for a defect in a product that *does not* violate one of the standards set forth in section 896." *Greystone Homes, Inc.*, 168 Cal. App. 4th at 1222.[9]

## IV.  PLAINTIFFS FAIL TO STATE A UCL CLAIM.

California's unfair competition law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  This Court has already held, however, that Plaintiffs' UCL claims are deficient in numerous respects, and the Third Amended Complaint redresses none of the issues the Court identified. Plaintiffs' UCL claim (Count IX) should thus be dismissed.

---

[9] In addition, Right to Repair Act claims cannot be brought as class actions. *See Boyko v. Terveno, LP*, No. 15CV2088 JM(JLB), 2016 WL 308592, at *4 (S.D. Cal. Jan. 26, 2016) (holding that "RORA [(Right to Repair Act)] claims may not be brought as class claims").  So even if Plaintiffs could make out individual claims under the Act (they cannot), they cannot pursue class claims.

### A.   Plaintiffs' UCL Claim Is Facially Deficient Under Rule 8 and Rule 9(b).

To satisfy Rule 8 in the context of a UCL claim, a plaintiff must "provide adequate notice of which of [the alleged] practices is unfair, which is unlawful, and which is fraudulent." *Vaccarino v. Midland Nat'l Life Ins., Co*., No. CV 11-05858 CAS MANx, 2011 WL 5593883, at *8 (C.D. Cal. Nov. 14, 2011). This Court has already held that the bare allegation that "Defendants engaged in unlawful, fraudulent and unfair business practices," Compl. ¶ 186, does not suffice. SAC Order at 38-39. Plaintiffs have done nothing to buttress this allegation, so dismissal is again in order.

What is more, insomuch Plaintiffs attempt to rely on the "fraudulent" conduct prong, they must satisfy the heightened pleading requirements of Rule 9(b). *See Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010) ("[T]o the extent Plaintiff asserts a UCL claim that is based on or grounded in fraud, it must meet the requirements of Rule 9(b) . . . ."). Rule 9(b) provides that allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged, and must be specific enough to give a defendant notice of the particular misconduct that is alleged to constitute the fraud charged. *Vess*, 317 F.3d at 1106. Plaintiffs' conclusory allegations fall well short of that mark.

### B.   Plaintiffs Lack Standing To Assert UCL Claims Based On Misrepresentations Or Omissions.

Furthermore, to state a UCL claim based on an alleged misrepresentation or omission, Plaintiffs must establish standing—*i.e.*, Plaintiffs must allege that they "suffered injury in fact and . . . lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Plaintiffs fail to allege reliance on any particular representation or an injury that resulted from such reliance. Accordingly, their UCL claim is "properly dismissed for lack of standing" insomuch as it is "based upon . . . alleged misrepresentations or omissions." SAC

Order at 39; *see also McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014).

### C.   The UCL Claim Is Time-Barred.

Plaintiffs' UCL claim is also time-barred.  The statute of limitations for a UCL claim is four years and "accrues when a defendant misrepresents or omits material information regarding a product or service and a consumer makes a purchase as a result of such deceptive practices." *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 695024, at *7 (N.D. Cal. Feb. 21, 2014); Cal. Bus. & Prof. Code § 17208; *see also Mazonas v. Nationstar Mortg. LLC*, No. 16-CV-00660-RS, 2016 WL 2344196, at *6 n.3 (N.D. Cal. May 4, 2016) ("Plaintiffs seeking to vindicate violations of the UCL have four years to file claims . . . ."). Here, assuming facts not even alleged, Plaintiffs' cause of action (which they do not have) accrued, at the latest, when Ms. Park-Kim and Ms. Ramos purchased the condominiums containing their systems, in September 2010 and June 2009, respectively.  Compl. ¶¶ 50, 57.  The limitations period thus expired well before Plaintiffs filed suit.[10]

### D.   Plaintiffs In Any Event Are Not Entitled To Any UCL Remedy.

Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.9 (9th Cir. 2011).  To show entitlement to restitution, "a plaintiff must demonstrate that the defendant is in possession of money or property taken from" her. *Warner v. Tinder, Inc.*, 105 F. Supp. 3d 1083, 1093 (C.D. Cal. 2015).  Plaintiffs have not made that showing, as any labor costs they allegedly incurred were paid to third-party

---

[10] "UCL claims do not benefit from the discovery rule." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1322 (C.D. Cal. 2013).  But even were such a rule available for UCL claims, Plaintiffs' failure to "plead facts that demonstrate . . . that Plaintiff[s], despite reasonable diligence, w[ere] incapable of making an earlier discovery" would prevent them from invoking it. *Hameed v. IHOP Franchising, LLC*, No. 2:10-CV-02276, 2011 WL 590905, at *3 (E.D. Cal. Feb. 10, 2011).

contractors, not Defendant. *Warner*, 105 F. Supp. 3d at 1093; *see also* Compl., Exh. C (showing payments to a contractor). To establish entitlement to an injunction, a plaintiff must allege "a real or immediate threat of irreparable injury" in the future. *Delodder v. Aerotek, Inc.*, No. CV 08-6044 CAS AGR, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) (Snyder, J.). Each Plaintiff alleges a single evaporator-coil failure—Park Kim has replaced her coil and does not allege further problems, and Ramos has not yet replaced her unit—and certainly cannot allege irreparable injury. Accordingly, nothing in the Third Amended Complaint undermines this Court's prior conclusion that Plaintiffs do not plausibly allege entitlement to a UCL remedy. *See* SAC Order at 40-41.

## V.   PLAINTIFFS FAIL TO STATE A CLRA CLAIM.

Perhaps seeing the writing on the wall with respect to their previously asserted (and previously dismissed) claims, Plaintiffs try a new claim under the California Consumers Legal Remedies Act ("CLRA"). But Plaintiffs fare no better under this late-breaking theory than under their original ones. The CLRA claim (Count XIII) should be dismissed for many of the same reasons as the UCL claim, as well as for an additional reason.

### A.   Plaintiffs' CLRA Claim Is Facially Deficient Under Rule 8 and Rule 9(b).

In relevant part, the CLRA prohibits certain enumerated "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Plaintiffs argue, specifically, that Defendants violated § 1770(a)(5), (a)(7), and (a)(9), which, respectively, prohibit "(5) [r]epresenting that goods or services have . . . characteristics. . . uses, benefits, or quantities which they do not have . . . (7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . , [and] (9) [a]dvertising goods or services with intent not to sell them as advertised." Instead of pointing to

any specific representations, Plaintiffs' theory appears to be that Defendant violated these provisions by failing to disclose that its products are susceptible to corrosion and by failing to disclose the terms of its warranties.  *See* Compl. ¶ 228.

But Plaintiffs do not state a claim under any of these subsections.  First, although omissions can sometimes give rise to liability under the CRLA, courts have "expressly rejected the notion that a manufacturer can be liable under the CLRA for failure to disclose a defect that manifests itself after expiration of the warranty period." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009).  The only exception to that rule is for "defects that create unreasonable safety risks after the warranty period has ended." *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 941 n. 41 (C.D.Cal. 2012); *see also Wilson v. Hewlett–Packard Co.*, No. 09–cv–2253–RMW, 2009 WL 3021240, at *1 (N.D.Cal. Sept. 17, 2009) (dismissing a CLRA claim where the omission did not implicate safety concerns).  But Plaintiffs have never alleged that they have suffered any health harms, and their conclusory allegations that they may be subject to such risks in the future do not suffice.  In any event, "CLRA claims are governed by the 'reasonable consumer' test, under which a plaintiff must [plausibly] allege that members of the public are likely to be deceived." *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 920 (9th Cir. 2014).  And Plaintiffs' fail to allege plausible facts establishing that any reasonable consumer would have been deceived by Defendant's warranty or any other practice.

Moreover, "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Again, Rule 9(b) provides that allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged, and must be specific enough to give a defendant notice of the particular misconduct that is alleged to constitute fraud. *Vess*, 317 F.3d at 1106.  Plaintiffs' CLRA claim hinges on conclusory allegations of fraud that come nowhere close to satisfying the

1  requirements of Rule 9(b).

2  **B.    Plaintiffs Lack Standing To Assert CLRA Claims.**

3  In addition, "[u]nder the CLRA," just like under the UCL, "plaintiffs must

4  show actual reliance on the misrepresentation and harm" in order to establish

5  standing.  *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1022 (2010).

6  Although Plaintiffs' make conclusory allegations that they "suffered injury-in-fact

7  and actual damages resulting from Defendants' material omissions," Compl. ¶ 230,

8  they do not plead *facts* supporting those allegations.  And particularly given that

9  Plaintiffs purchased condominiums that came equipped with HVAC units—very

10 possibly already-out-of-warranty HVAC units—without even investigating whether

11 any warranty applied, it would be implausible to suggest that Plaintiffs relied on

12 any representation or omission of Defendants in making those purchases.

13 **C.    The CLRA Claim Is Time-Barred.**

14 Plaintiffs' CLRA claim is also time-barred.  The statute of limitations for

15 CLRA claims is three years—one year shorter than that for UCL claims—and, like

16 the limitations period for UCL claims, "begins to run on the date the improper

17 consumer practice was committed." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F.

18 Supp. 3d 1306, 1319 (C.D. Cal. 2013).  Plaintiffs' CLRA claim is thus time-barred

19 for the same reasons as the UCL claims, and given that the limitations period is

20 one-year shorter, the CLRA claim is only more untimely.

21 **D.    Plaintiffs Failed to Satisfy CLRA's Notice Requirement.**

22 Plaintiffs' CLRA claim must also be dismissed because they failed to satisfy

23 the affidavit requirement set forth in Cal. Civ. Code § 1780(d).  That section

24 provides that, before filing a CLRA claim, plaintiffs must "concurrently with the

25 filing of the complaint, . . . file an affidavit stating facts showing that the action has

26 been commenced in a county described in this section as a proper place for the trial

27 of the action." Cal. Civ. Code § 1780(d).  This requirement applies in federal court,

28 and failure to file the requisite affidavit mandates dismissal.  *See McVicar v.*

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

23

1   *Goodman Glob., Inc.*, 1 F. Supp. 3d at 1055-56; *Rideout v. Similasan Corp.*, No.

2   12–CV–0376, 2013 WL 2120825, at *3–4,(S.D. Cal. May 14, 2013) (dismissing for

3   failure to file the affidavit); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*,

4   802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (same).  Plaintiffs nowhere allege that

5   they filed this affidavit, which constitutes an independent ground for dismissal of

6   their CLRA claim.  *See McVicar*, 1 F. Supp. 3d at 1056 (dismissing CLRA claim

7   for failure to file the affidavit).

8   **VI.   THE COURT SHOULD DISMISS WITH PREJUDICE.**

9           Plaintiffs have now had *four* chances to state a claim.  They persist, however,

10  in reasserting the same arguments this Court has rejected.  That Plaintiffs have

11  failed to address the deficiencies identified in Defendant's prior motions and this

12  Court's prior opinions makes more than clear that further amendment would be

13  futile.  And this case has already consumed more than its fair share of the Court's

14  time.  For these reasons, the Court should dismiss Plaintiffs' claims with prejudice.

15  *See Ortiz v. America's Servicing Co.,* No. EDCV 12-191 CAS SPX, 2012 WL

16  2160953, at *8 (C.D. Cal. June 11, 2012) (finding leave to amend claims would be

17  futile and dismissing with prejudice); *Villalvazo v. Am.'s Servicing Co*., No. CV 11-

18  4868 CAS (MANx), 2012 WL 3018059, at *6 (C.D. Cal. July 23, 2012) (Snyder,

19  J.) (finding further amendment would be futile and dismissing first amended

20  complaint with prejudice); *Tyson v. Wells Fargo Bank*, No. CV 12-5757-CAS

21  (MANx), 2012 WL 4107877, at *4 (C.D. Cal. Sept. 18, 2012) (Snyder, J.) (same).

22                                      **CONCLUSION**

23          For the foregoing reasons, Defendants respectfully request that the Court

24  dismiss Plaintiffs' complaint in its entirety, and with prejudice.

25

26

27

28

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.

24

Dated:  October 3, 2016          JONES DAY


By: */s/ Rick L. McKnight*
    Rick L. McKnight

*Attorney for Defendant Daikin Applied
Americas Inc.*

25

MEMO. IN SUPP. OF MOT. TO DISMISS
THIRD AM. COMPL.
2:15-CV-09523-CAS-KK.