UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Graham LippSmith | Rick McKnight |
| | Theodore Grossman |
| | Sharyl Reisman |

**Proceedings:**       DEFENDANT'S MOTION TO DISMISS (Filed October 3, 2016, Dkt. 63)

## I.    INTRODUCTION

On November 6, 2015, plaintiff Joanna Park-Kim filed a class action complaint in the Los Angeles County Superior Court against defendants Daikin Industries, Ltd. ("DIL"); Daikin Applied Americas Inc. (formerly known as "McQuay International"); and Daikin North America, LLC ("Daikin NA").  Dkt. 1.  In brief, plaintiff alleges injury arising from defective evaporator coils in defendants' heating, ventilation, and air conditioning units ("HVAC units"), which purportedly are susceptible to refrigerant leaks due to corrosion in the units' evaporator coils.

On December 9, 2015, defendants removed this action to federal court, asserting diversity jurisdiction, as well as original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Id. (Notice of Removal).  On December 16, 2015, defendants Daikin Applied Americas Inc. and Daikin NA filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On January 6, 2016, Park-Kim filed a first amended complaint ("FAC," dkt. 24) as a matter of course, pursuant to Federal Rule of Civil Procedure 15.  See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

On January 25, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a Rule 12(b)(6) motion to dismiss Park-Kim's FAC. Dkt. 28. In an order dated March 17, 2016, the Court dismissed plaintiff's FAC without prejudice, emphasizing that the pleadings must provide "factual enhancement[s]" in place of "generalized assertions, 'legal conclusions,' and 'threadbare recitals of a cause of action.'" Dkt. 39 (Order on Motion to Dismiss FAC), at 10 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

On April 15, 2016, plaintiff Maria Cecilia Ramos was added as a party in this action and, along with plaintiff Joanna Park-Kim, filed a second amended complaint ("SAC"). Dkt. 40. On May 16, 2016, defendant DIL, who had not joined the previously-filed Rule 12(b)(6) motions to dismiss, filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction on the grounds that this Court lacks both general jurisdiction and specific jurisdiction over DIL. Dkt. 45. Also on May 16, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a Rule 12(b)(6) motion to dismiss plaintiffs' SAC for failure to state a claim in which Daikin NA also argued that the SAC should be dismissed for lack of personal jurisdiction. Dkt. 44.

On August 3, 2016, the Court granted DIL's and Daikin NA's motions to dismiss for lack of personal jurisdiction. Dkt. 55. The Court also granted Daikin Applied Americas Inc.'s (hereinafter "Daikin" or "defendant"[1]) motion to dismiss the SAC for failure to state a claim. Dkt. 55.

On August 24, 2016, plaintiffs filed the operative Third Amended Complaint ("TAC"). Dkt. 56. The TAC asserts the following claims, the final three of which were not in the SAC: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. ("MMWA"); (2) strict liability – failure to warn; (3) strict liability – manufacturing defect; (4) strict liability – design defect; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty of fitness; (8) breach of implied warranty of merchantability; (9) violation of California's unfair competition law ("UCL"), California Business and Professions Code § 17200, et seq.; and (10) violations of California Civil Code § 896(g)(5); (11) violations of California Civil Code § 896(g)(4); (12) violation of

---

[1] Because all claims against DIL and Daikin NA have been dismissed for lack of personal jurisdiction over those parties, for purposes of this order, the Court refers to Daikin Applied Americas Inc. as defendant or Daikin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

California Civil Code § 897; (13) violations of the California Consumer Legal Remedies Act, California Civil Code § 1750, et seq. (the "CLRA").  See id.

On October 3, 2016, Daikin filed a motion to dismiss the TAC for failure to state a claim.  Dkt. 63.  On October 24, 2016, plaintiffs filed an opposition.  Dkt. 64.  On October 31, 2016, Daikin filed a reply.  Dkt. 65.

Having carefully considered the parties' arguments, the Court rules as follows.

## II.    BACKGROUND

The TAC alleges the following facts.

Daikin designs, manufactures, and sells heating, ventilation, and air conditioning ("HVAC") units.  TAC ¶ 5.  Daikin's HVAC units have a component called an evaporator coil that is manufactured with "aluminum-finned" copper tubing ("Daikin Coils"[2]).  Id.  Aluminum fins are attached to the copper tubing in Daikin Coils by aluminum bands that wrap around the tubes.  Id. ¶ 29.  The Daikin Coils contain a gaseous refrigerant that absorbs heat from air, enabling the HVAC to perform its heating and cooling function by either drawing heat from outside a building and directing it into the building's interior, or absorbing heat from inside a building and directing it out.  Id. ¶6.  Plaintiffs allege that the Daikin Coils fail to operate properly under normal conditions.  Id. ¶ 7.  Specifically, plaintiffs allege that:

> Instead of performing their intended purpose of extracting heat from air, Daikin Coils corrode and leak refrigerant, leading to inefficient performance and complete failure of the Daikin Coils and affected HVAC units . . . long before the expiration of their useful lives. These leaks render the Daikin Coils and Class HVAC units useless for their intended purposes, resulting in

[2] Plaintiffs have labeled the HVAC evaporator coils at issue as "Daikin Coils" throughout this action.  Defendant avers that said label is not a term used in the industry.  For purposes of this order, the Court adopts plaintiff's terminology.  The Court does not intend said terminology to imply a conclusion that the evaporator coils at issue are unique to Daikin's HVAC products as compared with others in the industry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

costly service and repairs, including but not limited to recharging of refrigerant and replacement of the Daikin Coils with new Daikin Coils.

Id. Plaintiffs further allege that the failure of Daikin Coils is "an unavoidable consequence of their design and/or manufacture" because they are prone to localized corrosion, development of microscopic holes, and ultimately refrigerant leaks. Id. ¶ 8. Plaintiffs attribute localized corrosion to the accumulation of corrosive materials in crevices between the copper tubes and the aluminum rings surrounding them. Id. ¶ 32.

Daikin Coils start to corrode "as soon as they are put to use under normal environmental conditions. However, the Daikin Coils do not manifest obvious signs of the defect until the corrosion results in refrigerant leaking. . . ." Id. ¶ 33. Plaintiffs allege that an "adequately designed or manufactured evaporator coil would not exhibit the corrosion and resulting issues." Id.¶ 34.

Plaintiffs aver that Daikin Coils expose consumers to health and safety risks because of leaked refrigerant and that leaked refrigerant can cause damage to surrounding property, including walls, floors, or other components of an HVAC. Id. ¶¶ 36-37. Plaintiffs further allege that refrigerant leaks damage the environment because they contribute to global climate change. Id. ¶ 38.

Plaintiffs allege that defendant knew or were negligent in not knowing about the corrosion risks posed by aluminum-finned copper-tube evaporator coils because it "has been the subject of academic papers for decades." Id. ¶ 40. Furthermore, according to plaintiffs, defendant received "a substantial number of customer complaints," "almost immediately" after introducing HVAC units with Daikin Coils into the marketplace. Id. ¶ 41. Defendant allegedly hired "Vantage Air Inc. ("Vantage Air") to conduct maintenance, repairs, and leak testing in connection with defective Daikin Coils in plaintiffs' condominium building. Id. ¶ 43. Plaintiffs allegedly paid to have their Daikin Coils recharged with refrigerant by Vantage Air in 2015. Id. Plaintiffs allege that because the Daikin Coils are defective, each time they fail plaintiffs are forced to purchase new Daikin Coils because plaintiffs are unable to replace their HVAC systems in their entirety. Id. ¶ 48. Accordingly, plaintiffs allege, Daikin continues to profit from its defective product's failure. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|-------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Park-Kim is the owner of a condominium.  Id. ¶ 50.  Park-Kim purchased the condominium in 2010 with a Daikin Coil HVAC already installed.  Id.  The HVAC installed in Park-Kim's condominium was manufactured in November 2006.  Id.  Park-Kim allegedly suffers harm as a result of the Daikin Coils' failure because it has caused her HVAC unit to fail, forcing her to pay for costly repairs, tests, and replacement Daikin Coils.  Id. ¶ 53.

Ramos's HVAC unit was manufactured in December 2006.  Id. ¶ 57.  Ramos purchased a condominium in June 2009 with the HVAC already installed.  Id.  Ramos allegedly discovered the defect in the HVAC in June 2015, when her HVAC stopped cooling air.  Id. ¶ 58.  Ramos alleges that she has spent hundreds of dollars attempting to repair the HVAC and recharge the Daikin Coils with refrigerant.  Id. ¶ 60.  Ramos further alleges that the leak caused her HVAC to fail.  Id.

Plaintiffs allege that defendant intentionally suppressed the terms of the warranty which applies to plaintiffs' HVACs.  Id. ¶ 64.  A product catalog, allegedly published in 2007, provides:

> All McQuay equipment is sold pursuant to its standard terms and conditions of sale, including Limited Product Warranty. Consult your local McQuay Representative for warranty details. **Refer to form 933-43285Y.** To find your local McQuay Representative, go to www.mcquay.com.

Id. ¶ 65.[3]  Plaintiffs allege that they have diligently searched but have been unable to find the aforementioned document – form 933-43285Y ("Form 85Y"). Plaintiffs allege that defendant has produced a different warranty (933-476529Y ("Form 29Y")), but that there is reason to "call into question whether Form 29Y is actually the express warranty that applies to plaintiffs' HVAC."  Id. ¶ 67. Plaintiffs allege that Daikin operates numerous "Daikin-brand websites" that share a common aesthetic and ultimately cause confusion regarding which warranties apply to which products.  Id. ¶¶ 72-77.

---

[3] Daikin was formerly known as McQuay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

## III.  LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.    DISCUSSION

### A.    Plaintiffs' Strict Liability and Negligence Claims

"The elements of a strict products liability cause of action are [i] a defect in the manufacture or design of the product or a failure to warn, [ii] causation, and [iii] injury." Cnty. of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 318 (2006). Here plaintiffs assert three separate strict liability claims: a claim based upon an alleged *manufacturing defect*; a claim based upon an alleged *design defect*, and a claim based upon defendant's alleged *failure to warn*. Separately, plaintiffs also assert a claim for negligence which, under California law, requires plaintiffs to allege that defendant "owed [plaintiffs] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [plaintiffs'] injury." Gonzalez v. Autoliv ASP, Inc., 154 Cal. App. 4th 780, 793 (2007).

In its order on defendant's motion to dismiss the SAC, the Court dismissed these claims in light of several defects. Common to all of them was that they are barred by the economic loss doctrine. Plaintiffs have failed to cure this defect in the TAC.

### 1.    Economic Loss Doctrine

"Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort. The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property. The economic loss doctrine provides that certain economic losses are properly remediable only in contract." Giles v. General Motors Acceptance Corp., 494 F.3d 865, 873 (9th Cir. 2007); Jimenez v. Superior Court, 29 Cal. 4th 473, 482 (2002 ("Damages available under strict product liability do not include economic loss, which includes 'damages for inadequate value, costs of repair and replacement of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

defective product or consequent loss of profits—without any claim of personal injury or damages to other property.'") (citations omitted).

As it relates to product liability cases, "[t]he economic loss doctrine . . . can be easily stated[:]"

> If a plaintiff is in a contractual relationship with the manufacturer of a product, the plaintiff can sue in contract for the normal panoply of contract damages, including foreseeable lost profits and other economic losses. Whether or not the plaintiff is in a contractual relationship with the manufacturer, *the plaintiff can sue the manufacturer in tort only for damages resulting from physical injury to persons or to property other than the product itself.*

Id. at 874 (emphasis added).

Defendant argues that the economic loss doctrine precludes plaintiffs' strict liability and negligence claims. The Court agrees and concludes that plaintiffs' strict liability and negligence claims are all barred by the economic loss doctrine because plaintiffs allege only economic losses resulting from the alleged failures of their McQuay-branded HVAC units and therefore fail to plead any harm to person or property. Specifically, while plaintiffs allege that their Daikin Coils "have corroded and leaked refrigerant such that [their . . . ] HVAC unit[s] failed" and "ceas[ed] to adequately cool air," TAC at ¶ 53, plaintiffs only allege that economic harm has resulted from any such failures. See id. ("As a direct result of her defective Daikin Coils, Plaintiff Park-Kim spent thousands of dollars in costs to pay HVAC professionals, Vantage Air, to test her HVAC unit for refrigerant leaks, replenish her HVAC with refrigerant, and ultimately replace her original Daikin Coils"); see also Id. ¶ ("Ramos spent hundreds of dollars in costs to pay Vantage Air to recharge her Daikin Coils with refrigerant and to test the coils for leaks").

In response to this argument, plaintiffs reassert an argument this Court rejected in its prior order. Plaintiffs argue that the Daikin Coils are not fully integrated into the HVAC and that, therefore, plaintiffs may bring an action to recover for damages to other property, namely other HVAC components.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. |

Plaintiffs' argument fails for two reasons.  First, plaintiffs do not allege that other HVAC components have been damaged by Daikin Coil refrigerant leaks.  Plaintiffs only allege that their HVAC units cease heating and cooling air when the Daikin Coils fail, requiring repairs to the Dakin Coils.  See TAC ¶¶ 53, 60.  Plaintiffs allege that, after the Daikin Coils fail, their HVAC units are unable to heat or cool their condominiums and they are "forc[ed]" to buy new Daikin Coils in order for their HVACs to function.  TAC ¶ 48.  The allegations that plaintiffs' HVACs do not function without functional evaporator coils is not equivalent to an allegation that other components of the HVACs have been *damaged* by dysfunctional evaporator coils.

Second, even if plaintiffs alleged damage to components of their HVAC, these claims would still be barred by the economic loss rule because plaintiffs' HVACs are integrated products.  "When a component of an *integrated* product is defective and damages other components of the *integrated* product, there is no damage to 'other property,' and the economic loss rule bars recovery." Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC, 2015 WL 1548872, at *7 (N.D. Cal. Apr. 7, 2015) (emphasis added) (citing East River S.S. Corp. v. Transam. Delaval, Inc., 476 U.S. 858, 876 (1986)).  Accordingly, as the California Supreme Court explained in Jimenez, the Court here "must first determine what the product at issue is.  Only then [may the Court] find out whether the injury is to the product itself (for which recovery is barred by the economic loss rule) or to property other than the defective product (for which plaintiffs may recover in tort)." Jimenez, 29 Cal. 4th at 483.

While the California Supreme Court in Jimenez "did not provide any direct guidance as to how that crucial evaluation was to be made," KB Home v. Superior Court, 112 Cal. App. 4th 1076, 1086 (2003), the California Court of Appeal in KB Home identified certain factors that should be considered in determining whether the damaged property is "other property" or merely part of the defective product: (1) whether the defective component performs an integral function in the operation of the larger product; (2) whether the component has an independent use to the consumer; (3) whether the property damage is inherently related to the nature of the defect in the component; (4) whether the component itself was placed into the stream of commerce; (5) whether the component was purchased from a different manufacturer; (6) whether the damaged property is sold separately from the defective product in some markets; (7) whether the defective product can be readily removed from the damaged property; and (8) whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

the defective product has been used in other applications, or has been listed as a separate part in the product's parts catalog. Digby, 2015 WL 1548872, at *7 (citing KB Home, 112 Cal. App. 4th at 1086-87).

　　Some federal district courts have applied the KB Home factors in dismissing claims pursuant to a Rule 12(b)(6) motion to dismiss. See, e.g., Pershing Pacific West, LLC v. Ferretti Grp., USA, Inc., 2013 WL 275676, at *11 (S.D. Cal. Jan. 24, 2013) (Lorenz, J.) ("[Plaintiff] fails to allege facts that show any component-to-component damage in the [complaint]. Therefore, [plaintiff] inadequately pleads its [tort] cause of action.") (citation omitted); In re Sony Vaio Computer Notebook Trackpad Litigation, 2010 WL 4262191, at *7 (S.D. Cal. Oct. 28, 2010) (Benitez, J.) ("Because Plaintiffs['] allegations indicate that the notebook, rather than the trackpad is the product at issue, Plaintiffs' negligence and strict liability claims cannot survive Sony's motion to dismiss.").

　　In the instant case, as in Pershing, application of the KB Home factors supports a finding that the relevant product here is *not* the Daikin Coils themselves, but the larger HVAC units. It is clear from the TAC that the Daikin Coils "perform an integral function in the operation of the [HVAC unit]," KB Home, 112 Cal. App. 4th at 1086, such that the alleged failure of the HVAC units here—i.e., their failure properly to cool the air—was closely related to the nature of the alleged defect in the Daikin Coils. There is no allegation in the TAC that the Daikin Coils would have any use to consumers outside of their intended use in the HVAC units, that Daikin Coils have an application outside of HVACs, that HVACs are sold separately and without evaporator coils in certain markets, or that the coils were manufactured by an entity other than defendant. Furthermore, plaintiffs allege that their HVACs are sold with Daikin Coils already installed. TAC ¶¶ 5-8. Plaintiffs argue that Daikin sells evaporator coils separately from its HVAC units online. Opp'n at 2 (citing LippSmith Decl. ¶¶ 2-3 Exs. 1-2). Even if the Court were to consider plaintiffs' evidentiary submissions outside the TAC, the exhibits offered by plaintiffs appear to refer to general "coil" sales by defendant rather than separate sales of the aluminum finned Daikin Coils used in plaintiffs HVACs. Nor would the sale of Daikin Coils apart from HVAC units preclude a finding that the HVAC is an integrated unit where every other KB Home factor weighs in favor of treating the HVAC as the relevant product.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. |

Accordingly, because plaintiffs have not sufficiently alleged that portions of the HVAC unit may properly be considered "other property" damaged as a result of the Daikin Coils, the Court concludes that plaintiffs have failed to allege component-to-component damage that might limit application of the economic loss doctrine here. Therefore, plaintiffs' strict liability and negligence claims are barred by the economic loss doctrine and are appropriately dismissed on this ground alone.

The Court previously identified other deficiencies in plaintiffs' design defect and manufacturing defect claims such that they required dismissal. Setting aside the economic loss rule, it appears that plaintiffs' amendments to the design and manufacturing defect allegations now present a closer question. While it appears that plaintiffs' amendment *may* allege a design or manufacturing defect in the Daikin Coils, that amendment does not overcome the bar of the economic loss rule. In the interest of judicial economy, the Court declines to determine whether plaintiffs have adequately stated a design or manufacturing defect claim were they not barred by the economic loss rule.

In contrast, plaintiffs' failure to warn and negligence claims have not changed such that the Court need reconsider its prior reasoning. Both the failure to warn and negligence claims would be dismissed even in the absence of the economic loss rule.

### 2.      Failure to Warn

"[U]nder California law, [courts] hold manufacturers strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product." Johnson v. Am. Standard, Inc., 43 Cal. 4th 56, 64 (2008). To state a failure-to-warn claim, plaintiffs must allege, among other things, (1) that defendant failed to warn plaintiffs of the alleged substantial risks, (2) causation, and (3) damages. Altman v. HO Sports Co., 2009 WL 4163512, at *9 (E.D. Cal. Nov. 23, 2009) (citation omitted).

Upon a review of the allegations in the TAC, the Court finds that even if plaintiffs sufficiently allege that defendant failed to warn of certain health and safety risks, risks to property, and risks to the environment, plaintiffs' claim would nonetheless fail because the TAC fails adequately to plead causation. Plaintiffs do not plausibly allege that "but for" defendant's failure to warn, the alleged injury to plaintiffs would not have occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|-------------------------|------|-------------------|
| Title    | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Instead, plaintiffs, in conclusory fashion allege that defendant "failed to adequately warn," TAC ¶ 115, and that defendant's "failure to provide adequate instructions and warnings was a substantial factor in causing and proximately caused Plaintiffs', the Class's and the Subclass's harm, damages and economic losses," id. ¶ 118. However, according to the TAC, "[t]he failure of Daikin Coils to perform as intended is an *unavoidable consequence* of their design and/or manufacture." Id. ¶ 8 (emphasis added). Plaintiffs do not allege that they examined the HVACs connected to their condominiums prior to purchasing the properties or how they would have avoided any alleged injuries but for defendant's alleged failure to warn of the risk that the Daikin Coils would leak. Thus, because plaintiffs have failed properly to allege that the failure to warn was the proximate cause of their injuries (to the extent such injuries have been sufficiently alleged at all), plaintiffs' failure to warn claim must fail.

### 3.    Negligence

"A negligence claim under California law requires plaintiff to allege that defendant 'owed [plaintiff] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [plaintiff's] injury.'" In re Toyota, 754 F. Supp. 2d at 1223 (quoting Gonzalez v. Autoliv ASP, Inc., 154 Cal. App. 4th 780, 793 (2007)). "In the context of a products liability lawsuit, under a negligence theory, a plaintiff must also prove that the defect in the product was due to negligence of the defendant." Id. (internal quotations and citations omitted).

Defendant contends that plaintiffs have not adequately alleged a duty to plaintiffs. Defendant further assert, citing to the decision of a federal district court in Vavak v. Abbott Labs., Inc., 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011) (Selna, J.), that plaintiffs cannot rely upon a supposed duty in the manufacturing and sale of Daikin Coils because such a "duty" is not legally recognized for purposes of a negligence claim. The court in Vavak explained, and this Court agrees, that recognizing a duty of care like that articulated by plaintiffs here would mean that "every product-purchasing consumer would have a negligence-based claim against a manufacturer based on Plaintiff's so-called duty to use reasonable care in making consumer products." Id. Doing so "would obliterate the [economic loss] rule because every consumer purchase could potentially give rise to contract-based claims as well as tort-based claims for negligence." Id.; cf. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 141 (1986) ("A manufacturer/seller of a product is under a duty to exercise reasonable care in its design

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

so that it can be safely used as intended by its buyer/consumer"). Accordingly, plaintiffs' negligence claim must be dismissed.

B.    **Plaintiffs' Warranty Claims**

Under California law, "[t]he general rule is that 'privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.' " Arnold v. Dow Chem. Co., 91 Cal. App. 4th 698, 720 (2001) (citing Burr v. Sherwin Williams Co., 42 Cal.2d 682, 695 (1954)). There are exceptions, however, to this general rule requiring privity. For example, "when a consumer relies on representations made by a manufacturer in labels or advertising material, recovery is allowable on the theory of express warranty without a showing of privity." Fundin v. Chicago Pneumatic Tool Co., 152 Cal. App. 3d 951, 957 (Ct. App. 1984) (finding that "plaintiff's cause of action based on breach of express warranty [under the California Commercial Code] does not require privity of contract . . . ."); see also Keegan v. Am. Honda Motor Co., 284 F.R.D. 504, 546 (C.D. Cal. 2012) (Morrow, J.) ("[I]n the absence of privity, California law [regarding claims for breach of express warranty] requires a showing that a plaintiff relied on an alleged omission or misrepresentation").

The same exception to the requirement of privity applies to breach of implied warranty claims.

> Under California Commercial Code section 2314, . . . a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. A buyer and seller stand in privity if they are in adjoining links of the distribution chain. Thus, [for example,] an end consumer . . . who buys from a retailer is not in privity with a manufacturer.

Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023-24 (9th Cir. 2008). It is true that "[s]ome particularized exceptions to the rule exist," such as "when the plaintiff relies on written labels or advertisements of a manufacturer." Clemens, 534 F.3d at 1023 (noting that "California courts have painstakingly established the scope of the privity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|-------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it").[4]

 

In the instant case, there is no allegation that plaintiffs were in privity with the manufacturer of the HVAC units.  Plaintiffs do not allege that they purchased their HVAC units from Daikin.  Thus, plaintiffs "typically would not be entitled to sue [defendant here] under the California Uniform Commercial Code for breach of an implied warranty because the . . . parties are not in privity with regard to the [HVAC units]." Mega RV Corp. v. HWH Corp., 225 Cal. App. 4th 1318, 1333 n.11 (2014).  Nor do plaintiffs allege that they relied upon certain marketing or other labeling in their decision to purchase an HVAC (or a condominium with an HVAC).

Plaintiffs argue that they are not required to show reliance upon advertising, labeling, or any warranty pursuant to Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213 (2010), which permitted a warranty claim by product purchasers based upon product instructions that the purchasers had not seen until after their purchase.  However, as other courts have observed, the plaintiffs in Weinstat had privity of contract with the defendant.  Plaintiffs who are not in privity with the defendant must allege reliance.  See Keegan, 284 F.R.D. at 546 (explicitly distinguishing Weinstat on this basis).

Because plaintiffs have failed to allege privity with defendant and have failed to allege an exception to the requirement of privity, plaintiffs' warranty claims must be dismissed.[5]

---

[4] The foregoing is based upon California law, however, plaintiffs' first claim for relief pursuant to the MMWA also turns upon resolution of plaintiffs' state-law warranty claims.  As plaintiffs acknowledge, "the MMWA does not provide an independent cause of action, but rather 'borrows state law causes of action.'" Opp'n at 18 (quoting Clemens, 534 F.3d at 1022 n.3 (dismissing MMWA claim predicated upon state warranty claims)).

[5] The importance of privity or reliance is illustrated by plaintiffs' failure to allege any express warranty terms at any stage in this action.  Plaintiffs initiated this action, including a claim for breach of express warranty, without alleging or incorporating any express warranty terms that had allegedly been violated.  The Court dismissed their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

express warranty claim on that basis, among others, in its previous orders.  In support of Daikin's motion to dismiss the SAC, Daikin submitted Form 29Y with a declaration that it was the appropriate warranty and arguing that it had not been breached.  The Court took judicial notice of Form 29Y because plaintiffs did not dispute its application to their action.  The Court then relied upon Form 29Y in its reasoning.  In the TAC plaintiffs now allege that form 29Y is not the appropriate warranty because it should be, according to the TAC, an unidentified form 85Y instead.

In support of its motion here, Daikin has submitted a declaration from Philip Johnston, a Product General Manager.  In his declaration, Johnston states that 27Y is the appropriate and applicable warranty to plaintiffs' HVACs and that he has attached a true and correct copy of form 27Y.  Johnston also attached a form labeled with the number 933-430285Y, which Johnston states is the form 933-43285Y (form 85Y) despite the minor numeric difference and which Johnston states is not the correct warranty.  In response, plaintiffs argue that the Court should not take judicial notice of anything in Johnston's declaration, Opp'n at 7, but nonetheless proceed to rely upon the language in the alleged form 85Y attached to Johnston's declaration rather than upon their own pleadings.

As explained in the Court's previous order, plaintiffs' failure to allege any express warranty terms provides an independent basis for dismissal of the warranty claims because, absent express terms to the contrary, plaintiffs' claims are time-barred.  See Cal. Com. Code § 2725(2) (the four-year limitations period begins "when tender of delivery is made," unless the "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance").

Even if the Court were to consider the language of the alleged Form 85Y, as submitted by defendant, and assume it applies to plaintiffs' claims, plaintiffs would not have alleged a violation of Form 85Y's terms.  Exhibit B to the Johnston Declaration appears to provide that Daikin will "repair or replace defective parts in the event any product manufactured by [defendant] . . . proves defective in material or workmanship within twelve (12) months from initial startup or eighteen (18) months from the date shipped by [defendant], whichever occurs first."  Johnston Decl. Ex. B.  During oral argument, plaintiffs' counsel argued that the warranty allegedly set forth in Form 85Y had not expired prior to this action because Daikin's HVACs were defective as soon as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL             'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. |

### C.    Plaintiffs' Right of Repair Act Claims

Plaintiffs allege that defendant violated California's Right of Repair Act ("RORA"), California Civil Code §§ 896(g)(4); 896(g)(5); & 897.  TAC at ¶¶ 192-222.[6]

As others have observed, the RORA "turns out to be a very byzantine statute," about which "very few California courts have published opinions illuminating the provisions."  Kingsbury v. U.S. Greenfiber, LLC, 2009 WL 2997389, at *4 (C.D. Cal. Sept. 14, 2009).  Little has changed since 2009.  During the California Legislature's consideration of the RORA, the California Assembly Judiciary Committee stated that:

---

they shipped and therefore within the 12 or 18-month coverage period.  However, the California Supreme Court and Ninth Circuit have rejected plaintiffs' argument regarding the warranty's use of the word "defective."  See Clemens, 534 F.3d at 1023 (rejecting the same argument and observing that "[e]very manufactured item is defective at the time of sale in the sense that it will not last forever") (citing Daugherty v. Am. Honda Motor Co., 144 Cal.App.4th 824, 830 (2006)).

---

[6] Plaintiffs' purported claims pursuant to § 896(g)(4) and § 897 were not contained in the SAC.  In regard to the motion to dismiss the SAC, plaintiffs' argued that they had alleged a violation of § 897.  The Court rejected that argument because "plaintiffs did not allege a violation of [§ 897] in their SAC or in the previous two iterations of their complaint."  Dkt. 55.  Plaintiffs' were granted 21 days leave to file a TAC "addressing the deficiencies identified" in the Court's prior order.  Id.  The aforementioned leave was granted to give plaintiffs an opportunity to amend their existing claims.  At no time did the Court grant plaintiffs leave to add new claims for relief.  Accordingly, plaintiffs eleventh through thirteenth claims for relief are appropriately dismissed.  The Court addresses their merits here to explain their deficiencies.  Ultimately, the Court dismisses all plaintiffs' claims in the TAC and grants plaintiffs leave to amend only their RORA claims because plaintiffs have not previously had an opportunity to correct them and they present an issue of first impression.  However, plaintiffs are admonished that, should plaintiffs choose to file a fourth amended complaint attempting to cure the deficiencies in their RORA claims, plaintiffs may not attempt add any additional claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|--------------------------|------|---------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

the problem of construction defects and associated litigation have vexed the Legislature for a number of years, with substantial consequences for the development of safe and affordable housing. This bill reflects extensive and serious negotiations between builder groups, insurers and the Consumer Attorneys of California, with the substantial assistance of key legislative leaders over the past year, leading to consensus on ways to resolve these issues.

The bill seeks to respond to concerns expressed by a number of parties. The bill responds to concerns from homeowners and the Consumer Attorneys of California over the consequences of [Aas v. Superior Court, 24 Cal. 4th 627 (2000)], which held that defects must cause actual damage or personal injury prior to being actionable in tort [(the economic loss rule)]. The bill also responds to concerns expressed by builders, subcontractors, and insurers over the costs of construction defect litigation their impact on housing costs in the state.

California Bill Analysis, S.B. 800 Sen. (August 29, 2002). California Civil Code sections 896 and 897 establish baseline home construction standards and make violations actionable without being subject to the economic loss rule. The RORA's baseline construction standards are set forth in section 896. Section 897 provides that, "[t]o the extent that a function or component of a structure is not addressed by [the standards set forth in section 896], it shall be actionable if it causes damage." Builders are strictly liable under the RORA for violations of the Act's baseline home construction standards. To avoid costly litigation over RORA's baseline home construction standards, the RORA sets out detailed pre-litigation procedures between homeowners and builders, through which the parties must attempt to address deficiencies before filing suit. Cal. Civ. Code §§ 910, et seq. The RORA's pre-litigation procedures only apply to claims against a builder, which is defined under RORA to be "any entity or individual . . . who, at the time of sale, was also in the business of selling residential units to the public for the property that is the subject of the homeowner's claim." Cal. Civ. Code § 911(a). Plaintiffs do not allege that defendant is a "builder."

Although much of the RORA is addressed to builders' liabilities and a detailed pre-litigation procedure applies to claims against builders, the RORA also permits suit against "individual product manufacturer[s] . . . to the extent that . . . [they] caused, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. |

whole or in part, a violation of a particular standard as a result of a negligent act or omission or a breach of contract." Cal. Civ. Code § 936. Plaintiffs' claims arise out of two specific standards in section 896 and an alleged violation of the catchall provision in section 897.

### 1.    Section 896 Violations

Plaintiffs allege separate claims against Daikin for violations of California Civil Code § 896(g)(4) and § 896(g)(5).

Sections 896(g)(4) and (5) provide:

(4) *Heating shall be installed* so as to be capable of maintaining a room temperature of 70 degrees Fahrenheit at a point three feet above the floor in any living space if the heating was installed pursuant to a building permit application submitted prior to January 1, 2008, or capable of maintaining a room temperature of 68 degrees Fahrenheit at a point three feet above the floor and two feet from exterior walls in all habitable rooms at the design temperature if the heating was installed pursuant to a building permit application submitted on or before January 1, 2008.

(5) Living space air-conditioning, if any, *shall be provided* in a manner consistent with the size and efficiency design criteria specified in Title 24 of the California Code of Regulations or its successor.

Cal. Civ. Code § 896(g)(4)-(5) (emphasis added).

Plaintiffs argue that defendant has caused a violation of each of these provisions because Daikin's HVACs decline in capabilities as refrigerant leaks from Daikin Coils until they cease to function entirely. Plaintiffs argue that the failure of the Daikin Coils means that the HVAC is not "capable of maintaining" any room temperature and therefore violates section (g)(4). Furthermore, plaintiffs argue that, once an HVAC ceases to function, its efficiency is zero and it is no longer "consistent with the size and efficiency design criteria" required by section (g)(5). In response, defendant avers that it cannot be liable for violations of sections (g)(4) and (g)(5) because defendant does not install HVAC units or decide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

which unit is appropriate for a building based on the size and efficiency criteria in Title 24.

Plaintiffs' fail to state a claim pursuant to either of these sections because plaintiffs do not allege that defendant's "negligent act or omission or a breach of contract," Cal. Civ. Code § 936, caused inadequate heating to "be installed," Cal. Civ. Code § 896(g)(4), or to "be provided" in an improper manner, Cal. Civ. Code § 896(g)(5). Although plaintiffs allege that defendant "failed to exercise reasonable care in designing, manufacturing, inspecting, testing, labeling, marketing, and selling and/or distributing the Daikin Coils," TAC ¶ 143, plaintiffs' conclusory allegation is unconnected to the installation or provision of appropriate HVAC units to plaintiffs' condominiums. Accordingly, plaintiffs do not allege that defendant's negligence caused a violation of California Civil Code section 896 such that defendant may be liable.

Plaintiffs rely on Greystone Homes, Inc. v. Midtec, Inc., 168 Cal. App. 4th 1194, 1213 (2008), for their argument that sections (g)(4) and (g)(5) are not limited to claims for faulty HVAC installation or air-conditioner efficiency planning. In Greystone, the plaintiff's RORA claims were based upon allegedly defective plastic plumbing fittings that caused leaks in new homes. Id. at 1204. The court acknowledged that while "a builder is *strictly liable* for any violation of the Act's standards, pursuant to the first sentence of section 936, a product manufacturer is liable only where its '*negligent* act or omission or a breach of contract,' caused a violation of the Act's standards." Id. at 1216 (emphasis in original). The manufacturer of the plumbing fittings argued that it could not be liable because the applicable "standards for plumbing systems outlined in section 896 refer only to installation of plumbing products." Id. at 1220. The California Court of Appeal rejected the manufacturer's argument by examining the language of the specific section 896 standards at issue in Greystone, which provide:

[(a)(14)] The lines and components of the plumbing system, sewer system, and utility systems *shall not* leak.

[(a)(15)] Plumbing lines, sewer lines, and utility lines *shall not* corrode so as to impede the useful life of the systems.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|-------------------------|------|-------------------|
| Title    | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

[(e)] Plumbing and sewer systems ... *shall not* materially impair the use of the structure by its inhabitants.

Id. (emphasis added). The Greystone court concluded that the standards' plain language permitted a claim against a manufacturer because they were not limited to installation. Id. at 1221.

Adopting the reasoning of the Greystone court and scrutinizing the language of the standards at issue, the Court reaches a different result here. Neither Greystone nor any other published decision in California court or federal court has interpreted the two heating and cooling standards at issue in this case. However, neither standard at issue here includes the broad language of those at issue in Greystone, which simply said that plumbing "shall not" corrode, leak, or impair use of the structure.

Section 896(g)(3) indicates that the California Legislature did not intend the RORA to supplant existing warranty law governing suits against manufacturers. As the Greystone court observed, and is discussed more below with respect to plaintiffs' section 897 claim, "section 896, subdivision (g)(3)(E) is intended to bar actions in which the claimant seeks to recover for a defect in a product that does not violate one of the standards set forth in section 896." Greystone, 168 Cal. App. 4th at 1222 (interpreting subdivision (g)(3)(E), which provides, "This title does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure"). Accordingly, suits against manufacturers, unlike those against builders or other parties, are limited to defects that violate a specific standard set forth in 896.

Specific language in each of the standards at issue here indicates that each is intended to apply to HVAC installation or provision rather than the functioning of the HVAC generally. Section 896(g)(4) only requires a heating unit capable of maintaining certain temperatures if the heating "was installed" pursuant to a "building permit application submitted prior to January 1, 2008." Cal Civ. Code § 896(g)(4). Plaintiffs do not allege that Daikin played any role in the submission of a building permit.[7] The plain

---

[7] Additionally, plaintiffs do not allege when the applicable building permit application for their condominiums was filed. Park-Kim purchased her "new" condominium in September 2010. TAC ¶ 1. Ramos purchased hers in April 2009. Id. ¶ 2. Although, it is unclear when the applicable building application was submitted in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

language of section 896(g)(4) is addressed to the standard for installation of heating systems rather than the capabilities of a heating system years later.  Similarly, section 896(g)(5) is limited insofar is it acknowledges that the provision of air-conditioning is not *required* in new home construction.  Section 896(g)(5) provides that "air-conditioning, *if any*, shall be provided" consistent with the State's energy efficiency guidelines for air-conditioners of different sizes.  Id. § 896(g)(5) (emphasis added).  The quoted language of section 896(g)(5) places the section's emphasis upon the decision to provide air conditioning at all, and permits a suit against builders or other parties who select and provide an air-conditioning system that does not comply with the State's energy efficiency standards.

If the Legislature intended for subdivisions (g)(4) and (g)(5) to create product liability for HVAC manufacturers, the Legislature would have used plainer language indicating as much.  The plain language of many of the section 896 standards permit manufacturer liability for defective products, whereas others clearly do not.  For instance, subdivision (f), which provides, "[e]lectrical systems shall operate properly and shall not materially impair the use of the structure by its inhabitants," clearly contemplates liability for manufacturers where their negligent design or manufacturing causes the electrical system not to operate properly.  In contrast, subdivision (g)(14) provides, "[d]ryer ducts shall be installed and terminated pursuant to manufacturer installation requirements."  Accordingly, defective dryer duct manufacturers are not liable under subdivision (g)(14) unless the manufacturer installs the ducts or otherwise causes their installation.  Subdivisions (g)(4) and (g)(5) fall into the latter category of standards that relate to installation and provision of certain home features.[8]

case, and, if given leave, plaintiffs may be able to cure this deficiency, plaintiffs section 896(g)(4) claim must be dismissed on this basis alone for failure to state a claim.

[8] The foregoing is not intended to preclude an HVAC manufacturer from being held liable for the installation or provision of a defective HVAC system pursuant to sections 896(g)(4) or (g)(5).  However, plaintiffs must allege how the manufacturer's breach of its limited duties under the act (negligence, omission, or breach of contract) caused the installation or provision of an HVAC that does not meet the applicable standards.  Plaintiffs here do not allege that Daikin played any role in the installation of the heating system or the decision to install their HVAC system in plaintiffs' condominiums.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| --- | --- | --- | --- |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Such a conclusion is consistent with the purposes of the RORA.  The RORA sought to avoid costly litigation over construction defects by directing suits against builders to a pre-litigation procedure.  Accordingly, although manufacturers can theoretically be sued for a violation of any provision in section 896, it was reasonable for the Legislature to set forth certain standards that principally apply to builders, who are strictly liable for violations but are protected by the Act's pre-litigation procedures.  The balance between the pre-litigation procedure and strict liability for certain defects was the balance struck by the Legislature.  Homeowners who are unable to heat their homes are permitted, pursuant to section 896(g)(4), to bring a claim against their builder or other parties who caused a faulty heating unit to be installed.  Similarly, new-home owners with air-conditioners may sue builders who install inefficient cooling appliances pursuant to section 896(g)(5).  However, in bringing a case against a builder, plaintiffs are required to follow the pre-litigation procedures set out to protect builders and permit builders to remedy installation and construction defects without litigation like this action.

Considering the foregoing, plaintiffs' claims pursuant to section 896(g)(4) and section 896(g)(5) must be dismissed for failure to state a claim.

**2.    Section 897 Violation**

Plaintiffs' section 897 claim fares no better.  Section 897 provides that:

The standards set forth in this chapter are intended to address every function or component of a structure. To the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage.

Cal. Civ. Code § 897.  However, liability for manufacturers pursuant to section 897 is limited by the provisions of section 896(g)(3)(E).  California Civil Code section 896(g)(3)(E) provides that, "[t]his title does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure."  Because section 896 clearly contemplates manufacturer liability for defective products, see Cal. Civ. Code § 896 ("[an] individual product manufacturer, or design professional, shall . . . be liable for . . . violation of, the following standards"), courts have interpreted section 896(g)(3)(E) to preclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                              'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

defective product claims under the RORA unless the defect violates a specific standard set forth in section 896, see Greystone, 168 Cal. App. 4th at 1220 ("section 896, subdivision (g)(3)(E) is intended to bar actions in which the claimant seeks to recover for a defect in a product that does not violate one of the standards set forth in section 896").

Plaintiffs' claim pursuant to section 897 arises solely out of an alleged defect in the Daikin Coils and the economic losses suffered because of refrigerant leaks. Accordingly, plaintiffs claim pursuant to section 897 is barred by section 896, subdivision (g)(3)(E).

### D.    Plaintiffs' UCL Claim

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute is phrased in the "disjunctive" and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). Ultimately, plaintiffs have failed to correct the deficiencies identified in the Court's previous order. Plaintiffs have failed to plead a violation of any prong of the UCL or that plaintiffs would be entitled to any remedy pursuant to the UCL.

### 1.    Unlawful Prong

Plaintiffs do not allege that defendant has engaged in unlawful conduct. As discussed in this order, plaintiffs have failed to state a claim for a violation of any law. Accordingly, plaintiffs have failed to establish violations of the UCL through unlawful conduct and they have failed to state a claim for violation of the UCL's "unlawful" prong. See Clark v. Countrywide Home Loans, Inc., 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010) (holding that because "[plaintiff's] complaint fails to state a claim for a violation of law . . . to the extent the UCL claim is predicated on the violation of other law, it is insufficiently pled").[9]

---

[9] Although the Court grants plaintiffs leave to amend their RORA claims, discussed above, no amendment to plaintiffs' RORA claims could revive plaintiff's UCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. |

### 2.    Unfair Prong

A business practice is "unfair" if it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (1984). California courts have long applied a balancing test wherein "the determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court . . . weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victims." Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980).

As the Court observed in its prior order, plaintiffs cannot state a claim pursuant to the UCL's unfairness prong merely by making conclusory allegations. Plaintiffs continue to rely upon conclusory allegations. See TAC ¶ 186 ("Defendants engaged in unlawful, fraudulent and unfair business practices"). In opposition to the instant motion, plaintiffs argue that "[t]he Court would be hard-pressed to find any fairness in [d]efendant's failure to honor its warranties and sales of additional coils that contain the same defects as the original defective coils." Opp'n at 22. The Court rejected an analogous, conclusory argument in its prior order dismissing plaintiffs' UCL claim. Dkt. 55. There is no reason to reconsider the Court's prior reasoning. Plaintiffs do not specifically plead which alleged acts were unfair, let alone that the utility of the defendant's conduct is outweighed by its harm. Accordingly, plaintiffs fail to state a claim for violation of the UCL through unfair conduct. See, e.g., Williams v. Oberon Media, Inc., 2010 WL 1644888, at *5 (C.D. Cal. Mar. 4, 2010) (dismissing UCL claim to the extent that it is based on unfair conduct because "[p]laintiffs fail to specify . . . which acts or practices they contend are unfair"); Clark, 732 F. Supp. 2d at 1050 (dismissing a UCL claim for its

claim under the unlawful prong because "although UCL claims generally can be based upon violations of other statutes, this is not the rule with respect to RORA claims." Kingsbury v. U.S. Greenfiber, LLC, 2009 WL 2997389, at *9 (C.D. Cal. Sept. 14, 2009) (citing Cal Civ. Code § 943, which provides "Except as provided in [the RORA], no other cause of action for a claim covered by [the RORA] or for damages recoverable under [the RORA] is allowed").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

failure to "state, with reasonable particularity, the facts supporting the statutory elements of the violation").

### 3.    Fraudulent Prong

To succeed under the "fraudulent" prong, "'it is necessary only to show that members of the public are likely to be deceived' by the business practice or advertising at issue." Kowalsky v. Hewlett-Packard Co., 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011) (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009). Much like plaintiffs' allegations of unfair conduct, plaintiffs' allegations of fraudulent conduct under the UCL fail for lack of specificity. See, e.g., Williams, 2010 WL 1644888, at *5 (dismissing a UCL claim to the extent that it is based on fraudulent conduct because "[p]laintiffs fail to specify . . . which acts or practices they contend are deceptive"). Furthermore, plaintiffs claims pursuant to the "fraudulent" prong of the UCL are subject to Federal Rule of Civil Procedure 9's heighten pleading standard. See Clark, 732 F. Supp. 2d at 1050 ("[T]o the extent Plaintiff asserts a UCL claim that is based on or grounded in fraud, it must meet the requirements of Rule 9(b) . . . ."). Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010)).

Plaintiffs argue that they:

allege deceptive business practices by [d]efendant, including intentional suppression of the applicable express warranty (TAC ¶¶ 64-70), gating access to the terms of the applicable warranty (TAC ¶ 71), misleading consumers about the warranty on the internet (TAC ¶¶ 72-77), and failing to disclose and recall or retrofit the defect so as to 'run the clock' on Plaintiffs' warranty coverage (TAC ¶¶ 46, 230).

However, plaintiffs lack standing to bring such a claim because plaintiffs do not allege that they relied upon any of defendant's alleged deceptive warranty websites or omissions. See Cal. Bus. & Prof. Code § 17204 (stating that relief under the UCL must be for "a person who has suffered injury in fact and has lost money or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

property as a result of the unfair competition"); McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (dismissing UCL claim because the plaintiffs "make absolutely no allegation that either they or their contractor checked Goodman's website or saw any Goodman advertisement. Indeed, they do not even allege that when purchasing the product, the contractor looked at any packaging or labeling that would have contained the omitted information."); Backhaut v. Apple, Inc., 74 F. Supp. 3d 1033, 1048 (N.D. Cal. 2014) ("[T]he Court has consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL where such claims are premised on misrepresentations"). Plaintiffs do not allege that they took any action in reliance upon specific warranty claims by defendant or that they reviewed defendant's websites prior to purchasing their condominiums. Accordingly, plaintiffs fail to state a claim pursuant to the UCL.

### 4.   Remedies Available Under the UCL

Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." Alvarez v. Chevron Corp., 656 F.3d 925, 933 n.9 (9th Cir. 2011).

To "show that she is entitled to restitution, a plaintiff must demonstrate that the defendant is in possession of money or property taken from her." Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) (Morrow, J.). Plaintiffs argue that they have standing to bring a UCL claim because they own HVAC units that are less valuable than they bargained for when purchasing their condominiums and that they "would not have purchased, or would have paid less for, the HVAC units" had defendant disclosed the alleged defect. Opp'n at 21. However, plaintiffs do not allege that they paid any money to defendant, or that defendant is in possession of plaintiffs' property. Plaintiffs do not allege that they bought their HVAC units or condominiums from Daikin. Accordingly, plaintiffs are not entitled to restitution. See Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1268 (1992) (holding that with restitution, "defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct"). Plaintiffs "are essentially seeking damages, not the return of money in which they have an identifiable property interest." Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1082 (C.D. Cal. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

With respect to "injunctive relief, . . . plaintiff[s] must demonstrate a real or immediate threat of an irreparable injury." Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001).  To the extent that plaintiffs rely on future claims for damages arising out of repair costs, plaintiffs are not eligible for injunctive relief.  See Pom Wonderful LLC v. Pur Beverages LLC, 2015 WL 10433693, at *3 (C.D. Cal. Aug. 6, 2015) ("If the harm to the plaintiff is merely monetary, it 'will not usually support injunctive relief.' ").  Furthermore, although plaintiffs allege that they will be exposed to toxic refrigerant as a result of the continuing alleged failures, plaintiffs do not plausibly allege that this threat is "real or immediate"—indeed, the named plaintiffs here do not plausibly allege that they or their property were injured by exposure to leaked refrigerant, despite more than four years of living with the allegedly defective HVAC units.

In light of the foregoing, the Court concludes that plaintiffs have failed to state a claim pursuant to the UCL.

### E.    CLRA Claim

Plaintiffs argue that they have adequately alleged a CLRA violation because of defendant's failure to disclose a defect in the Daikin Coils.

 "The CLRA prohibits 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of . . . goods or services to any consumer.' . . . [W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.2009).  In order to establish standing to bring a CLRA claim, plaintiffs must demonstrate that they suffered an injury in fact "as a result" of defendant's unfair or deceptive acts.  Cal. Civ. Code § 1780(a).   The phrase "as a result of" requires that plaintiffs plead a causal connection between their injury and defendant's omission or reliance upon defendant's representations.  Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326, 246 P.3d 877, 887 (2011).  In order to show reliance upon an omission, "[o]ne need only prove that, had the omitted information been disclosed one would have been aware of it and behaved differently." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1093 (1993); see also Keegan v. Am. Honda Motor Co., 838 F. Supp. 2d 929, 940 (C.D. Cal. 2012) (Morrow, J.) (noting that a CLRA claim based upon a duty to disclose must satisfy the reliance standard from Mirkin).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Plaintiffs allege that defendant violated the CLRA because:

Defendants represented that the Class HVACs, including their component Daikin Coils, have characteristics, uses, and benefits which they do not have; . . .

Defendants represented that the Class HVACs, including their component Daikin Coils, were of a particular standard, quality or grade, when they are of another; and . . .

Defendants advertised the Class HVACs, including their component Daikin Coils, with intent not to sell them as advertised.

TAC ¶ 229.

Not only do these allegations lack sufficient particularity to satisfy Rule 9(b), but plaintiffs do not allege that they relied upon any of the aforementioned representations when they purchased their condominiums, of which an HVAC was one component. Plaintiffs allege that they purchased condominiums with HVAC units already installed. Plaintiffs do not allege that they were in privity with defendant, directly purchased the HVACs from defendant, met an agent from defendant, visited a website of defendant's, saw HVAC packaging created by defendant, or otherwise were exposed to a claim by defendant about the HVACs prior to their purchase of each condominium.  Although plaintiffs allege that "*had they known* [about] . . . the defective Daikin Coils, they would not have purchased the [HVACs] or would have paid less for them," Id. ¶ 230 (emphasis added), such conclusory allegations are insufficient to establish standing where plaintiffs do not allege that they *would have known* about the alleged defect if it had somehow been disclosed by Daikin.  Plaintiffs' fail to state a CLRA claim for much the same reason that their failure to warn claim is deficient, namely, plaintiffs do not allege how their injury would have been avoided if defendant had disclosed, in some fashion, the alleged deficiency.

Plaintiffs argue that they "overpaid for condominiums equipped with defective HVAC units," which they "would not have done had [d]efendant disclosed the defect in its Daikin Coils."  Opp'n at 24.  However, plaintiffs allege that their HVAC units are "integrated into a build-wide HVAC system."  Id. ¶ 48 n. 3.  Plaintiffs do not allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

they purchased their condominiums, with an integrated HVAC system, in reliance upon any claim, representation, or omission by the manufacturer of their HVAC systems, let alone how particular disclosures by Daikin would have prevented their alleged injury. Accordingly, plaintiffs' CLRA claim is appropriately dismissed for lack of standing and for failure to satisfy the heightened pleading standards of Rule 9(b).[10]

## V.    CONCLUSION

Daikin's motion to dismiss is **GRANTED**.  Plaintiffs' first through ninth claims are **DISMISSED with prejudice**.  Plaintiffs' tenth through thirteenth claims are **DISMISSED without prejudice**.

If plaintiffs intend to attempt to correct the deficiencies herein by filing an amended complaint, they are granted **14 days from the issuance of this order** in which to file a Fourth Amended Complaint.  Plaintiffs are admonished that they may not add any new claims in a subsequent amended complaint and may only file a Fourth Amended

---

[10] Cal. Civ. Code § 1780(d) further requires that a claim pursuant to the CLRA be dismissed without prejudice if the plaintiffs fail to file an affidavit with the complaint setting out why the county in which the action was commenced is appropriate. Plaintiffs concede that they have not filed said affidavit here, but request leave to do so.  Should plaintiffs seek to amend their CLRA claim, plaintiffs are ordered to comply with section 1780(d)'s requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

Complaint to the extent they may attempt to correct the deficiencies identified herein with respect to their tenth through thirteenth claims.[11]

IT IS SO ORDERED.

|  | 00 | 23 |
|---|---|---|
| Initials of Preparer | CMJ | |

---

[11] The Court also notes that, should plaintiffs seek to amend their RORA claims, they likely cannot pursue their RORA claims as a Class Action.  California Civil Code section 931 precludes class actions based upon RORA violations.  See Cal. Civ. Code § 931 (entitled "Causes of action or damages exceeding scope of actionable defects" and providing that class actions are "not covered by" the RORA); see also Boyko v. Terveno, LP, 2016 WL 308592, at *4 (S.D. Cal. Jan. 26, 2016) (concluding that § 931 requires dismissal of class action RORA claims); Harry D. Miller & Marvin S. Starr, Miller and Starr California Real Estate 4th Ed. § 33:2 (2016) ("The Right to Repair Act do[es] not apply" to class actions"); and Kingsbury v. U.S. Greenfiber, LLC, 2009 WL 2997389, at *7 n. 9 (C.D. Cal. Sept. 14, 2009) (noting that "[i]t is questionable" whether the RORA permits class actions).  However, having concluded that plaintiffs fail to state a claim, the Court declines at this time to dismiss or strike any of plaintiffs' class allegations on this basis.