UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Deborah Gackle | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jaclyn Anderson | Rick McKnight |
| | Sharyl Reisman |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Filed December 12, 2016, Dkt. 70)

## I. INTRODUCTION

On November 6, 2015, plaintiff Joanna Park-Kim filed a class action complaint in the Los Angeles County Superior Court against defendants Daikin Industries, Ltd. ("DIL"); Daikin Applied Americas Inc. (formerly known as "McQuay International"); and Daikin North America, LLC ("Daikin NA"). Dkt. 1. In brief, Park-Kim alleges injury arising from defective evaporator coils in defendants' heating, ventilation, and air conditioning units ("HVAC units"), which purportedly are susceptible to refrigerant leaks due to corrosion in the units' evaporator coils.

On December 9, 2015, defendants removed this action to federal court, asserting diversity jurisdiction, as well as original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Id. (Notice of Removal). On January 6, 2016, Park-Kim filed a First Amended Complaint. Dkt. 24

On January 25, 2016, defendants Daikin Applied Americas Inc. and Daikin NA filed a motion to dismiss the First Amended Complaint. Dkt. 28. On March 17, 2016, the Court dismissed the First Amended Complaint without prejudice, emphasizing that the pleadings must provide "factual enhancement[s]" in place of "generalized assertions, 'legal conclusions,' and 'threadbare recitals of a cause of action.'" Dkt. 39 (Order on Motion to Dismiss FAC), at 10 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

    On April 15, 2016, plaintiff Maria Cecilia Ramos was added as a party in this action and, along with Park-Kim, filed a Second Amended Complaint ("SAC"). Dkt. 40. On May 16, 2016, defendants separately filed two motions to dismiss. Dkts. 44-5. On August 3, 2016, the Court granted DIL's and Daikin NA's motions to dismiss for lack of personal jurisdiction. Dkt. 55. The Court also granted Daikin Applied Americas Inc.'s (hereinafter "Daikin" or "defendant") motion to dismiss the SAC for failure to state a claim. Dkt. 55.

    On August 24, 2016, plaintiffs filed a Third Amended Complaint ("TAC"). Dkt. 56. On November 14, 2016, the Court dismissed the TAC for failure to state a claim. All but four of plaintiffs' claims were dismissed with prejudice. Plaintiffs were granted leave to amend four claims, namely claims for violations of the California Right of Repair Act, California Civil Code sections 896(g)(4)-(5) & 897 (the "RORA"), and claim for violation of the California Consumer Legal Remedies Act, California Civil Code § 1750, et seq. (the "CLRA").

    On November 28, 2016, plaintiffs filed the operative Fourth Amended Complaint ("FAC"), alleging three claims for violation of the RORA and one claim for violation of the CLRA. On December 12, 2016, defendant filed a motion to dismiss the FAC. Dkt. 70. On December 30, 2016, the plaintiffs' filed an opposition. Dkt. 73. On January 9, 2017, the defendant filed a reply. Dkt. 74.

    Having carefully considered the parties' arguments, the Court rules as follows.

**II.    BACKGROUND**

    The FAC alleges the following facts.

    Daikin designs, manufactures, and sells heating, ventilation, and air conditioning ("HVAC") units. FAC ¶ 5. Daikin's HVAC units have a component called an evaporator coil that is manufactured with "aluminum-finned" copper tubing ("Daikin Coils"[1]). Id. Aluminum fins are attached to the copper tubing in Daikin Coils by

---

[1] Plaintiffs have labeled the HVAC evaporator coils at issue as "Daikin Coils" throughout this action. For purposes of this order, the Court adopts plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

aluminum bands that wrap around the tubes. Id. ¶ 29. The Daikin Coils contain a gaseous refrigerant that absorbs heat from air, enabling the HVAC to perform its heating and cooling function by either drawing heat from outside a building and directing it into the building's interior, or absorbing heat from inside a building and directing it out. Id. ¶6. Plaintiffs allege that the Daikin Coils fail to operate properly under normal conditions. Id. ¶ 7. Specifically, plaintiffs allege that:

> Instead of performing their intended purpose of extracting heat from air, Daikin Coils corrode and leak refrigerant, leading to inefficient performance and complete failure of the Daikin Coils and affected HVAC units . . . long before the expiration of their useful lives. These leaks render the Daikin Coils and Class HVAC units useless for their intended purposes, resulting in costly service and repairs, including but not limited to recharging of refrigerant and replacement of the Daikin Coils with new Daikin Coils.

Id. Plaintiffs further allege that the failure of Daikin Coils is "an unavoidable consequence of their design and/or manufacture" because they are prone to localized corrosion, development of microscopic holes, and ultimately refrigerant leaks. Id. ¶ 8. Plaintiffs attribute localized corrosion to the accumulation of corrosive materials in crevices between the copper tubes and the aluminum rings surrounding them. Id. ¶ 34.

Daikin Coil defect "begins to manifest . . . as soon as the Daikin Coils are put to use under normal environmental conditions. However, the corrosion and leaking of the Daikin Coils is not discoverable until . . . the corrosion results in a leak." Id. ¶ 35. Plaintiffs allege that an "adequately designed or manufactured evaporator coil would not exhibit the corrosion and resulting issues." Id.¶ 36.

Plaintiffs allege that defendant knew the corrosion risks posed by aluminum-finned copper-tube evaporator coils because it "has been the subject of academic papers for decades." Id. ¶ 66. Furthermore, according to plaintiffs, defendant received "a substantial number of customer complaints," "almost immediately" after introducing

---

terminology. The Court does not intend said terminology to imply a conclusion that the evaporator coils at issue are unique to Daikin's HVAC products as compared with others in the industry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

HVAC units with Daikin Coils into the marketplace. Id. ¶ 67. Defendant allegedly hired "Vantage Air Inc. ("Vantage Air")" to conduct maintenance, repairs, and leak testing in connection with defective Daikin Coils in plaintiffs' condominium building. Id. ¶ 69. Plaintiffs allegedly paid to have their Daikin Coils recharged with refrigerant by Vantage Air in 2015. Id. ¶ 7.

Park-Kim is the owner of a condominium. Id. ¶ 40. Park-Kim purchased the condominium in 2010 with a Daikin Coil HVAC already installed. Id. The HVAC installed in Park-Kim's condominium was manufactured in November 2006. Id. Park-Kim allegedly suffers harm as a result of the Daikin Coils' failure because it has caused her HVAC unit to fail, forcing her to pay for costly repairs, tests, and replacement Daikin Coils. Id. ¶ 44.

Ramos's HVAC unit was manufactured in December 2006. Id. ¶ 48. Ramos purchased a condominium in June 2009 with the HVAC already installed. Id. Ramos allegedly discovered the defect in the HVAC in June 2015, when her HVAC stopped cooling air. Id. ¶ 49. Ramos alleges that she has spent hundreds of dollars attempting to repair the HVAC and recharge the Daikin Coils with refrigerant. Id. ¶ 52. Ramos further alleges that the leak caused her HVAC to fail. Id. ¶ 55.

### III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

### A. Plaintiffs' Right of Repair Act Claims

Plaintiffs allege that defendant violated three provisions of the RORA, California Civil Code sections 896(g)(4), 896(g)(5), and 897.

#### 1. Section 896 Violations

Plaintiffs allege separate claims against Daikin for violations of California Civil Code § 896(g)(4) and § 896(g)(5). Sections 896(g)(4) and (5) provide:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

(4) Heating shall be installed so as to be capable of maintaining a room temperature of 70 degrees Fahrenheit at a point three feet above the floor in any living space if the heating was installed pursuant to a building permit application submitted prior to January 1, 2008, or capable of maintaining a room temperature of 68 degrees Fahrenheit at a point three feet above the floor and two feet from exterior walls in all habitable rooms at the design temperature if the heating was installed pursuant to a building permit application submitted on or before January 1, 2008.

(5) Living space air-conditioning, if any, shall be provided in a manner consistent with the size and efficiency design criteria specified in Title 24 of the California Code of Regulations or its successor.

Cal. Civ. Code § 896(g)(4)-(5) (emphasis added).

On November 14, 2016, the Court ruled that subdivisions 896(g)(4) and 896(g)(5) are standards governing the installation and provision of HVAC units. In its prior decision, the Court relied upon the plain language of the RORA standards (e.g. "[h]eating shall be installed" and "air-conditioning, if any, shall be provided in a manner consistent with [appropriate design criteria]"), a comparison of subdivisions (g)(4) and (g)(5) to other RORA standards clearly applying to installation rather than manufacturers, and the primary purpose of the statute in creating a mechanism for streamlined dispute resolution between homeowners and builders. The Court concluded that the section 896 claims in the TAC should be dismissed because plaintiffs' allege only a product defect, "unconnected to the installation or provision of appropriate HVAC units to plaintiffs' condominiums." Dkt. 67 at 19.

Plaintiffs have amended their pleadings to include a conclusory allegation that defendant's negligence "caused the installation" of the HVAC units at issue. FAC ¶¶ 60, 64. However, plaintiffs' conclusory allegation lacks sufficient factual content to state a claim. See Moss, 572 F.3d at 969. Plaintiffs do not allege that defendant played any direct or indirect role in the installation or selection of the HVAC units in their respective condominiums.

Much of plaintiffs' opposition to the instant motion is in the nature of a motion for reconsideration of the Court's prior ruling. Plaintiffs argue that subdivisions (g)(4) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

(g)(5) should not be construed to apply only to the installation and provision of HVAC units. Plaintiffs argue that the legislative history of the RORA supports its construction of subdivisions (g)(4) and (g)(5) because the legislature considered "how long various systems within a home can be expected to last" when it determined the appropriate statutes of limitations for different claims. Opp'n at 10 (quoting Liberty Mutual v. Brookfield Crystal Cove, 219 Cal. App. 4th 98, 107 (2013)). According to plaintiffs, the legislature considered the useful life of home components because it intended to permit product defect suits based upon violations of all of section 896's standards. However, plaintiffs incorrectly conflate two separate issues: how long after construction can a homeowner bring suit for violations and who did the legislature intend to be liable for specific construction defects. The fact that the legislature considered the useful life of a home's components in determining the statutes of limitations for certain violations does not mean that the legislature intended subdivisions (g)(4) and (g)(5) to permit product defect suits unrelated to the installation of HVAC units. For instance, in subdivision (g)(14) the legislature set a statute of limitations of two years, apparently based upon the useful life of dryer ducts. However, subdivision (g)(14) unambiguously applies only to the installation of dryer ducts, rather than to the manufacture of dryer ducts. See Cal. Civ. Code § 896(g)(14) ("Dryer ducts shall be installed and terminated pursuant to manufacturer installation requirements"). Accordingly, although the legislature considered the useful lives of products in setting statutes of limitations, that does not mean that subdivisions (g)(4) and (g)(5) govern more than the installation or selection of heating and cooling equipment.

With respect to plaintiffs' claim for violation of subdivision (g)(5), plaintiffs argue that subdivision (g)(5) is broader than subdivision (g)(4) because subdivision (g)(5) incorporates Title 24 efficiency standards that can be applied to a manufacturer. According to plaintiffs, the foregoing language permits a claim against defendant because Title 24 of the California Code of Regulations sets efficiency standards for air-conditioners that cannot be satisfied by an HVAC unit which has broken down entirely. However, plaintiffs ignore the language of subdivision (g)(5) requiring that air-conditioning "be provided" in compliance with certain standards. Said phrase limits the standard's application to how air-conditioning is provided. Plaintiffs do not allege that defendant caused air-conditioning "to be provided" to their condominiums. Additionally, though creatively framed as an issue with the HVACs' energy efficiency, plaintiffs' allege that their HVACs leak refrigerant and stop functioning entirely. Plaintiffs do not demonstrate that housing agencies, by drafting the Building Code, or the legislature, by

Case 2:15-cv-09523-CAS-KK   Document 75   Filed 01/23/17   Page 8 of 11   Page ID #:1182

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

enacting subdivision (g)(5), contemplated a claim for violation of energy efficiency standards where an air-conditioner has broken entirely but has not been unplugged. In fact, subdivision (g)(5) appears to contemplate that some new homes or condominiums may have no air-conditioning at all without having run afoul of the RORA. See § 896(g)(5) (governing the provision of air-conditioning, "if any" is provided).

It is not immediately clear what is meant by the phrase "size and efficiency design criteria specified in Title 24" in subdivision (g)(5). Title 24 includes *many* standards for buildings, ventilation, and air-conditioning. Nonetheless, subdivision (g)(5)'s incorporation of Title 24 (the "Building Code") lends support to the Court's reading of the statute. The Building Code does not impose obligations upon manufacturers. Instead, the Building Code governs which types of air conditioning units may "be installed" in a building. Cal. Code Regs., tit. 24, § 110.2 (requiring that only air-conditioners meeting certification and efficiency requirements be installed in certain buildings). Elsewhere, the Building Code requires that residential buildings be *designed* with a "space-conditioning" system "*constructed* and *installed*" to satisfy a number of standards for selection of air-conditioners, including, for example, that air-conditioning units be appropriately sized for the needs of a building pursuant to specific building-design methodologies. Cal. Code Regs., tit. 24, § 140.4 (emphasis added). In light of the foregoing, it appears that the Building Code is intended to impose requirements upon the parties involved in the design and construction of buildings as well as the decisions about which air-conditioners to install. Neither Title 24 nor section 896(g)(5) of the RORA appear to contemplate air-conditioner manufacturer liability unless the manufacturer is alleged to have played some role in the design or construction of a building and the decision to provide air-conditioning therein. Plaintiffs make no such allegation here.[2]

---

[2] Plaintiffs request that the Court refrain from ruling on their RORA claims until after the California Supreme Court issues a decision in McMillin Albany LLC v. Superior Court, 239 Cal. App. 4th 1132 (2015), cert. granted, 360 P.3d 1022 (Nov. 24, 2015). The Court declines to do so.

Although, in McMillin, the California Supreme Court may address general questions relating to the interpretation of the RORA, McMillin does not appear to present analogous interpretive questions as those presented here. The two issues on appeal in McMillin relate to: (1) whether the RORA is a homeowner's exclusive remedy for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

In light of the foregoing, plaintiffs' claims for violation of California Civil Code section 896 are **DISMISSED**.

### 2. Section 897 Violation

Plaintiffs have not amended their allegations relating to section 897. Instead, plaintiffs argue that the Court should reconsider its dismissal of analogous allegations in the TAC.

Section 897 provides that:

> The standards set forth in this chapter are intended to address every function or component of a structure. To the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage.

Cal. Civ. Code § 897. However, liability for manufacturers pursuant to section 897 is limited by the provisions of section 896(g)(3)(E). California Civil Code section 896(g)(3)(E) provides that, "[t]his title does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure." Because section 896 clearly contemplates manufacturer liability for some product defects, see Cal. Civ. Code § 896 ("[an] individual product manufacturer, or design professional, shall . . . be liable for . . . violation of, the following standards"), section 896(g)(3)(E) has been interpreted as precluding defective product claims unless the defect violates a specific standard set forth in section 896, see Greystone, 168 Cal. App. 4th at 1220 ("section 896, subdivision (g)(3)(E) is intended to bar actions in which the claimant seeks to recover for a defect in a product that does not violate one of the standards set forth in section 896").

---

residential construction defects such that it preempts other causes of action and (2) whether the RORA requires a homeowner to comply with the RORA prelitigation procedure prior to bringing a any claims against a builder. Neither question in McMillin appears to turn upon or relate to the question presented here, namely, what must be alleged to state a claim for violation of subdivisions 896(g)(4) and 896(g)(5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 | |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | | |

Plaintiffs argue that subdivision (g)(3)(E) is inapplicable to their claims because HVAC units are not products "located within or adjacent to a structure." Instead, plaintiffs urge, HVAC units are "incorporated into the structure" of their condominiums. Opp'n at 15. Plaintiffs argument is without merit. Plaintiffs draw upon a theoretical distinction which has no basis in the language of the RORA or its legislative history. Additionally, plaintiffs concede that the defective HVAC units and Daikin Coils were "installed *in*" their condominiums. FAC ¶¶ 40; 44; 48; 52; 56 (emphasis added). Accordingly, plaintiffs' argument that they allege a defect "not merely located in or next to a structure," Opp'n at 15, is inapposite. Subdivision (g)(3)(E) precludes product defect claims based on products in the home unless said claims are for violation of section 896. Plaintiffs do not contest the location of their HVACs. Accordingly, plaintiffs claim pursuant to section 897 is barred by section 896(g)(3)(E) and appropriately **DISMISSED**.

### B.     CLRA Claim

Plaintiffs have not substantially amended their CLRA claim. Accordingly, the CLRA claim is appropriately dismissed with prejudice for the same reasons previously identified by the Court.

In order to establish standing to bring a CLRA claim, plaintiffs must demonstrate that they suffered an injury in fact "as a result" of defendant's unfair or deceptive acts. Cal. Civ. Code § 1780(a).   The phrase "as a result of" requires that plaintiffs plead a causal connection between their injury and defendant's omission or reliance upon defendant's representations. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326, 246 P.3d 877, 887 (2011). In order to show reliance upon an omission, "[o]ne need only prove that, had the omitted information been disclosed one would have been aware of it and behaved differently." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1093 (1993); see also Keegan v. Am. Honda Motor Co., 838 F. Supp. 2d 929, 940 (C.D. Cal. 2012) (Morrow, J.) (noting that a CLRA claim based upon a duty to disclose must satisfy the reliance standard from Mirkin). Although plaintiffs allege that "*had they known* [about] . . . the defective Daikin Coils, they would not have purchased the [HVACs] or would have paid less for them," id. ¶ 126 (emphasis added), such conclusory allegations are insufficient to establish standing where plaintiffs do not allege that they *would have known* about the alleged defect if it had somehow been disclosed by Daikin. Plaintiffs do not allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09523-CAS (KKx) | Date | January 23, 2017 |
| Title | JOANNA PARK-KIM V. DAIKIN INDUSTRIES, LTD, ET AL. | | |

they purchased their condominiums, with an integrated HVAC system, in reliance upon any claim, representation, or omission by the manufacturer of their HVAC systems.[3]

      Additionally, CLRA claims are also subject to Rule 9(b)'s heightened pleading standard. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.2009). Plaintiffs have failed to satisfy said standard because they have failed to allege when, where, or how they were deceived in regard to their HVAC units. Plaintiffs' allegation that they would have paid less if they had known about the HVAC units installed is insufficient to established when, where, and how defendant's conduct constituted fraud. Accordingly, plaintiffs have failed to satisfy the heightened pleading standards of Rule 9(b).

      Accordingly, plaintiffs' CLRA claim is appropriately **DISMISSED** for lack of standing and for failure to satisfy the heightened pleading standards of Rule 9(b).

## V.    CONCLUSION

      Daikin's motion to dismiss is **GRANTED**. Plaintiffs' FAC is **DISMISSED with prejudice**.

      IT IS SO ORDERED.

|  | 00 | 08 |
|---|---|---|
| Initials of Preparer | | CMJ |

---

[3] Furthermore, plaintiffs allege that they purchased condominiums, of which an HVAC was one component. Plaintiffs do not allege that they considered, examined, knew about, or negotiated over the type of HVAC installed in their condominiums or that the HVAC was discussed while negotiating each condominium's price. Accordingly, "drawing upon judicial experience and common sense," the Court concludes that plaintiffs have not alleged a plausible claim for relief. See Iqbal, 556 U.S. at 679.